1
2
3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

4
5
6
7
8
9
10
11

THE DANIELS FAMILY 2001
REVOCABLE TRUST, Individually and
on Behalf of All Others Similarly
Situated,

          Plaintiffs,

v.

LAS VEGAS SANDS CORP., SHELDON G.
ADELSON, and PATRICK DUMONT,

          Defendants.

Case No. 2:20-cv-01958-GMN-EJY


**ORDER**

12
13
14
15
16
17

    Before the Court is Carl S. Ciaccio ("Ciaccio") and Donald M. Desalvo's ("Desalvo") Motion for Appointment as Co-Lead Plaintiffs and Approval of Selection of Counsel. ECF No. 11. The Employees' Retirement System of the City of Providence also moved to be named lead plaintiff (ECF No. 12), but subsequently filed a Notice of Non-Opposition (ECF No. 17) to Ciaccio and Desalvo's Motion. In light of The Employees' Retirement System of the City of Providence's Non-Opposition, the Court denies its Motion (ECF No. 12) as moot. The Court finds as follows.

18

**I.     DISCUSSION**

19
20
21
22
23

    This matter concerns a federal securities class action by purchasers of Defendant Las Vegas Sands Corp.'s securities between February 27, 2016 and September 15, 2020 (the "Class Period"). ECF No. 1 ¶ 1. Plaintiffs claim Defendants made false and misleading statements regarding Las Vegas Sands Corp.'s business, operational, and compliance policies, which caused Las Vegas Sands Corp.'s share prices to decline and result in financial loss to class members. *Id*. ¶¶ 4-9.

24

    **A.     Appointment as Lead Plaintiffs**

25
26
27
28

    The Private Securities Litigation Reform Act (the "PSLRA") establishes the procedure for the appointment of lead plaintiffs in class actions under the Securities and Exchange Act of 1934. 15 U.S.C. § 78u-4(a)(1), (a)(3)(B)(i). First, the plaintiff who initiated the action must publish notice to the purported class members, informing them of their right to file a motion for appointment of

lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A).  Second, within sixty days of the notice publication, a member of the proposed class may move for the appointment of lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Within ninety days after the publication of the notice, the Court shall consider any motion from a purported class member and shall appoint as lead plaintiff a member of the purported class that the court deems capable of adequately representing the class.  15 U.S.C. § 78u-4(a)(3)(A)(B).  The Court must then determine the most adequate plaintiff.  The PSLRA:

> shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (the most capable plaintiff is the one with the greatest financial stake in the outcome of the case and meets the requirements of Rule 23).  The presumption may be rebutted upon proof that the "presumptively most adequate plaintiff . . . will not fairly or adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

Ciaccio and Desalvo move to be named as co-lead plaintiffs in this securities class action.  ECF No. 11.  Ciaccio and Desalvo are presumed to be the most adequate plaintiffs as they "reviewed the complaint filed in the pending Action and have timely filed their motion pursuant to the Notice." *Id*. at 11 (internal citation omitted).  Further, Ciaccio and Desalvo represent that "there are no applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23."[1]  *Id*.  The Court must now address whether Ciaccio and Desalvo satisfy the requirements of Rule 23.

---

[1]     After reviewing Ciaccio and Desalvo's competing Motion, The Employees' Retirement System of the City of Providence concedes that it "does not appear to have the largest financial interest in this litigation."  ECF No. 17 at 2.

Under Fed. R. Civ. P. 23, a party may serve as a class representative if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and,
(4) the representative parties will fairly and adequately protect the interests of the class.

When selecting lead plaintiffs and approving selection of counsel, the Court focuses on whether the movants seeking to be named as lead plaintiffs satisfy the "typicality" and "adequacy" prerequisites to class certification. *In re Cavanaugh*, 306 F.3d at 730. "Although the inquiry at this stage of the litigation is not as searching as the one triggered by a motion for class certification, the proposed lead plaintiff must make at least a preliminary showing that it meets the typicality and adequacy factor[s]." *Zhu v. UCBH Holdings, Inc.*, 682 F.Supp.2d 1049, 1053 (N.D. Cal. 2010) (internal citation omitted). For the reasons below, the Court finds Ciaccio and Desalvo make the preliminary showings necessary to satisfy the typicality and adequacy requirements of Rule 23.

### 1.    *Typicality*

Typicality is determined by "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal citation and quotation marks omitted). Under Rule 23's "permissive standards, representative claims are typical if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Castillo v. Bank of Am., NA*, 980 F.3d 723, 729 (9th Cir. 2020) (internal citation and quotation marks omitted).

Here, Ciaccio and Desalvo's claims are typical of the class. That is, Ciaccio and Desalvo, "like the other members of the Class, acquired Las Vegas Sands securities during the Class Period and were damaged thereby. Thus, Movants' claims are typical, if not identical, to those of the other members of the Class because the losses Movants seek to recover are similar to those of other Class members and their losses result from the defendants' common course of conduct." ECF No. 11 at 13. Accordingly, Ciaccio and Desalvo satisfy Rule 23's typicality requirement.

2.      *Adequacy*

Class representatives must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "The determination of adequate representation focuses around two questions: (1) whether the interests of the class representative coincide with those of the class, and (2) whether the class representative has the ability to prosecute the action vigorously."  *Stocke v. Shuffle Master, Inc.*, Case No. 2:07-CV-00715-KJD-RJJ, 2007 WL 4262723, at *3 (D. Nev. Nov. 30, 2007) (internal citations omitted).

Ciaccio and Desalvo's interests coincide with those of the other class members as these Movants seek to hold Defendants liable for allege violations of federal securities laws.  Further, Ciaccio and Desalvo claim they will prosecute this action vigorously on behalf of the class and, to that end, they have submitted a "Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of their strength of this case, the responsibilities and duties of serving as lead plaintiffs, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation."  ECF No. 11 at 14, *citing* ECF No. 11-1 at 16-23.  Thus, Ciaccio and Desalvo satisfy Rule 23's adequacy requirement.

Considering the above, and the fact no other class member has moved to rebut the presumption that Ciaccio and Desalvo are the most adequate members to represent the class, the Court grants Ciaccio and Desalvo's request to be appointed as co-lead plaintiffs on behalf of the class.

**B.      Approval of Counsel**

The PSLRA provides that once the Court selects a lead plaintiff, that plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. ¶ 78u-4(a)(3)(B)(v).  The decision to approve counsel selected by the lead plaintiff is entrusted to the discretion of the district court.  *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 587 (N.D. Cal. 1999).

At present, Ciaccio and Desalvo move to select Levi & Korinsky, LLP as lead counsel, and the Aldrich Law Firm, Ltd. as liaison counsel.  *Id*. at 7.  Having reviewed the Motion, the Court finds these firms appear capable of serving in their respective roles as they have extensive experience in

complex securities class actions.  *Id*. at 15-16.  The Court therefore grants Ciaccio and Desalvo's request for approval of counsel.

## II.    ORDER

IT IS HEREBY ORDERED that Carl S. Ciaccio and Donald M. Desalvo's Motion for Appointment as Co-Lead Plaintiffs and Approval of Selection of Counsel (ECF No. 11) is GRANTED.

IT IS FURTHER ORDERED that The Employees' Retirement System of the City of Providence's Motion for Appointment as Lead Plaintiff and Approval of Counsel (ECF No. 12) is DENIED as moot.

DATED THIS 5th day of January, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE