# EXHIBIT 26

Statement of Claim and Writ of Summons filed in Case No. HC/S 706/2017 between Marina Bay Sands Pte. Ltd. and Luo Shandong, dated 8/2/2017 (High Court of the Republic of Singapore)

# EXHIBIT 26

# IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Case No.: HC/S 706/2017

Filed: 02-August-2017 05:42 PM

Hearing Date : 14-September-2017
Hearing Time : 10:30 AM
Hearing Type : Pre-Trial Conference
Attend Before: Registrar

Between

MARINA BAY SANDS PTE LTD
(Singapore UEN No.  )

...Plaintiff(s)

And

LUO SHANDONG
(China Passport No. )

...Defendant(s)



## WRIT OF SUMMONS

To:

**LUO SHANDONG**
1.  **NO.8, SOUTH RENMIN RD, CHENGDU, CHINA;**
2.  **NEW HOPE BUILDING, NO.45, SECTION 4, RENMIN SOUTH ROAD, CHENGDU, CHINA.**

THIS WRIT OF SUMMONS has been issued against you in respect of the claim endorsed herein.

You must:
      1. satisfy the claim; or
      2. enter an appearance,

Within eight (8) days after the service of this Writ on you, and within twenty-one (21) days after the service of this Writ on you, if the Writ is to be served outside the jurisdiction, failing which, the Plaintiff(s) may proceed with the action and enter judgment against you without further notice.

THIS WRIT OF SUMMONS is issued by the solicitors for the Plaintiff(s) whose particulars are as below. The address(es) of the Plaintiff(s) is/are 10 Bayfront Avenue Singapore 018956.

Solicitor(s) for the Plaintiff(s)

Drew & Napier LLC
10 Collyer Quay #10-01 Ocean Financial Centre
Singapore 049315
Tel No.: 65350733

001108

Fax No.: 65354906
Email: mail@drewnapier.com
File Ref No.: KVT/CHP/DCTK/452036
Solicitor in charge: 1. TAN TECK SAN KELVIN,
2. CHNG HU PING (ZHUANG HUPING),
3. CHNG TECK KIAN, DESMOND (ZHUANG DEQIANG).



<span style="font-size:xx-small">HC/S706/2017:HC/S706/2017:HC/S706/2017:HC/S706/2017:HC/S706/2017:HC/S706/2017</span>

VINCENT HOONG

REGISTRAR

SUPREME COURT

SINGAPORE

## STATEMENT OF CLAIM

Please see attached Statement of Claim.

Note:

1. This Writ may not be served more than (a) 6 months after the above date, or (b) 12 months after the above date where leave to serve out of jurisdiction has been obtained, unless renewed by order of the Court.

2. To satisfy the claim, the Defendant(s) will pay the amount claimed and costs of $ 2000[(inclusive of the sum of $350.00 if the plaintiff obtains an order for substituted service)] to the Plaintiff or his solicitor within 21 days after service hereof (inclusive of the day of service) and further proceedings will be stayed.

3. To defend the claim, the Defendant(s) must enter an appearance(s) using the electronic filing service either personally or by a solicitor at the Registry of the SUPREME COURT and notify the (Plaintiff(s) / Plaintiff's solicitors) accordingly within 21 days after service hereof, otherwise judgment may be entered against him without further notice.

4. Where the Defendant enters an appearance, he must also serve a defence on the solicitor for the Plaintiff within 14 days after the last day of the time limited for entering an appearance; otherwise judgment may be entered against him without further notice.

001109

## STATEMENT OF CLAIM

1.      The Plaintiff is a company incorporated on 27 May 2005 under the laws of Singapore, having its principal place of business at 10 Bayfront Avenue, Singapore 018956 and carrying on the business of operating hotels, restaurants and a licensed casino.

2.      The Defendant supplied his address to the Plaintiff as being at No.8, South Renmin Rd, Chengdu, China. The Defendant also supplied his employer's address to the Plaintiff as being at New Hope Building, No.45, Section 4, Renmin South Road, Chengdu, China.

**Circumstances giving rise to debt owed by the Defendant**

3.      Where dates referred to in this Statement of Claim appear in the Plaintiff's records and documents, these dates may be gaming dates rather than calendar dates. A "gaming date" is a 24-hour period which is the normal business day of the casino, which may traverse two calendar days.

4.      The Defendant submitted a Credit Application dated 19 July 2014, under which he requested credit of S$5,000,000.00 from the Plaintiff ("**Credit Application**").

5.      The Defendant's credit was approved by the Plaintiff up to the amount of S$5,000,000.00. The Defendant executed a Credit Agreement dated 19 July

2

2014 ("**Credit Agreement**"). The terms and conditions of the credit is subject to the Credit Agreement.

6.      Pursuant to the Credit Agreement, on 28 October 2015, the Plaintiff advanced credit to the Defendant in the total sum of S$3,000,000.00 ("**Credit Amount**").

7.      The Defendant signed 3 markers ("**Markers**") evidencing the Credit Amount, as follows:

| Marker no. | Date | Amount of Marker (S$) |
|---|---|---|
| 1362199 | 28 October 2015 | 1,000,000.00 |
| 1362201 | 28 October 2015 | 1,000,000.00 |
| 1362382 | 28 October 2015 | 1,000,000.00 |
| Total amount of credit | | 3,000,000.00 |

8.      Clause 6 of the Credit Agreement provides that the Credit Amount would be due and payable to the Plaintiff as follows:

> "*Borrower shall pay to Lender the amount of the casino chips transferred to him/her on the maturity date, which is the date(s) of any negotiable instrument or issued in clause 3 above ("Maturity Date")…*"

9.      Clause 3 of the Credit Agreement, in turn, provides as follows:

> "*Credit issued by Lender to Borrower shall be granted only by transferring casino chips of Lender to Borrower solely for gaming by Borrower at the casino of Lender.  If Borrower has*

3

> *a deposit account with Lender, these funds will be used before any credit drawdown is permitted… Each time Lender either grants or makes available to Borrower credit, Borrower agrees to execute any negotiable instrument(s) requested by Lender…"*

10.     Pursuant to the Credit Agreement, the Credit Amount should have been repaid by 28 October 2015 ("**Maturity Date**").

11.     The Defendant has also paid the Plaintiff an amount of S$20,000.00. This amount was set off against the outstanding credit amount which was due and payable to the Plaintiff.

12.     Therefore, the Defendant continues to owe the sum of S$2,980,000.00 ("**Outstanding Credit Amount**") to the Plaintiff.

13.     The Defendant failed and/or refused to make payment of the Outstanding Credit Amount.

**Interest and costs**

14.     In addition, the Plaintiff is entitled to interest on the Outstanding Credit Amount at the rate of 12% per annum, beginning 90 days after the Maturity Date, pursuant to the terms of the Markers, which state as follows:

> *"In the event I do not pay in full to the [Plaintiff] the Principal Amount 90 days after the Maturity Date (the "Interest Grace Period"), I also promise to pay to the [Plaintiff] default interest thereon at the annual rate of twelve per cent (12%) beginning on the day after the expiration of the Interest Grace Period and ending on the date of the receipt by the [Plaintiff] of cleared*

4

*funds ("Interest Payable") and costs of collection including attorney's fees incurred by the [Plaintiff] in undertaking any action to collect the Principal Amount and any Interest Payable."*

15.    Further, the Plaintiff is entitled to be indemnified by the Defendant for all costs of collection, pursuant to clause 10 of the Credit Agreement, which states as follows:

*"In the event Borrower does not pay in full to Lender any amount loaned by the Maturity Date, Borrower shall indemnify and pay Lender all legal costs, fees, charges, disbursements and expenses, incurred by Lender in relation to or incidental to the recovery of sums due under this Agreement, and any other steps taken in connection with the enforcement of the Borrower's obligations under this Agreement. …"*

**Demands**

16.    Despite the repeated requests by the Plaintiff for payment, the Defendant has to-date failed and/or refused to respond or to make any payment of the Outstanding Credit Amount or any part thereof.

And the Plaintiff claims:

(i)    the Outstanding Credit Amount in the sum of S$2,980,000.00;

(ii)    interest on the Outstanding Credit Amount at the rate of 12% per annum from 27 January 2016 to the date of repayment;

(iii)    a declaration that the Plaintiff be indemnified by the Defendant for all legal costs, fees, charges, disbursements and expenses incurred by the

5

Plaintiff in relation to or incidental to the recovery of the Plaintiff's claim in this action;

(iv)     an indemnity for item (iii) prayed for above; and

(v)     such further or other relief as this Honourable Court deems fit.

Dated this 2nd day of August 2017.

**SOLICITORS FOR THE PLAINTIFF
DREW & NAPIER LLC**

001114