Patrick G. Byrne (Nevada Bar #7636)
Morgan Petrelli (Nevada Bar #13221)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone:  702.784.5200
Facsimile:  702.784.5252
Email: pbyrne@swlaw.com
        mpetrelli@swlaw.com

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
Martha C. Clarke (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: 312.853.6892
Email: wcarlson@sidley.com
        lawrence.fogel@sidley.com
        mclarke@sidley.com

*Attorneys for Defendants*

Snell & Wilmer
————— L.L.P. —————
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| THE DANIELS FAMILY 2001 REVOCABLE TRUST, Individually and On Behalf of All Others Similarly Situated, | Case No.: 2:20-cv-01958-GMN-EJY |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY** |
| v. | |
| LAS VEGAS SANDS CORP., DR. MIRIAM ADELSON, in her capacity as Special Administrator of the estate of SHELDON G. ADELSON, PATRICK DUMONT, and ROBERT G. GOLDSTEIN, | |
| Defendants. | |

Defendants respectfully submit this response to Plaintiffs' Motion for Leave to File Supplemental Authority (ECF No. 71),[1] which argues that the out-of-circuit decision in *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131 (2d Cir. 2021) supports Plaintiffs' arguments in

---

[1] Plaintiffs cite Federal Rule of Civil Procedure 15(d) as one of the bases for submitting the motion. ECF No. 71 ¶ 7. Rule 15(d) concerns service of supplemental pleadings and is not relevant to the submission of additional legal authority in support of a brief.

- 1 -

their opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint (ECF No. 52, the "Motion"). Defendants do not oppose Plaintiffs' Motion for Leave. The *Hain* decision, however, provides no support for Plaintiffs' arguments.

The Second Circuit's decision in *Hain* primarily focused on whether the plaintiffs' allegations of falsity were premised on the illegality of the defendants' alleged "channel stuffing" practices. 20 F.4th at 136-37. The district court had held that the plaintiffs' falsity claim failed because the channel stuffing practices were not fraudulent or otherwise illegal, and the defendants had no obligation to disclose legal sales practices. *Id.* at 137. The Second Circuit reversed, holding that the plaintiffs' claim did "not depend on whether the alleged channel stuffing practices themselves were fraudulent or otherwise illegal." *Id.* Rather, the plaintiffs' theory was that the defendants' statements regarding "strong consumer demand" were materially misleading because they omitted mention of the channel stuffing practices. *Id.*

This ruling is inapposite. Unlike in *Hain*, Plaintiffs' claim of falsity is premised on allegedly illegal conduct. Specifically, Plaintiffs allege that Marina Bay Sands ("MBS") engaged in a widespread and "illegal" scheme of "unauthorized" transfers that allegedly inflated MBS's gaming revenue, and that Defendants' alleged failure to disclose this illegal scheme rendered their statements false and misleading. ECF No. 36 ¶¶ 12, 100, 144; ECF No. 66 at 5-6. Indeed, in their Motion for Leave, Plaintiffs themselves label the alleged scheme, "Las Vegas Sands' *illegal* 'premium player' scheme." ECF No. 71 ¶ 2 (emphasis added).

In stark contrast to *Hain*, Plaintiffs have failed to support the existence of any such scheme with particularized factual allegations. In *Hain*, the alleged channel stuffing scheme was supported with particularized allegations, including a Securities and Exchange Commission investigation and settlement that determined the defendant company had engaged in channel stuffing practices and violated certain sections of the Securities Exchange Act of 1934. 20 F.4th at 135. In addition, the defendant company determined and disclosed that it had material weaknesses in its internal controls over financial reporting and restated its financials. *Id.* at 134-35.

No such allegations, or any other particularized allegations supporting the existence of Plaintiffs' alleged illegal scheme, are present here. There has been no disclosure of any material

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

weakness, much less any restatement. Moreover, the sole claim of unauthorized transfers—which was made by a single MBS patron—was reviewed by Singapore's Casino Regulatory Authority and found not to involve any regulatory breach by MBS. ECF No. 36 ¶ 237.

Defendants respectfully submit that their Motion to Dismiss should be granted.

Dated: January 20, 2022

SNELL & WILMER, L.L.P.

By: */s/ Patrick Byrne*
Patrick G. Byrne, Esq.
Morgan Petrelli, Esq.
3883 Howard Hughes Parkway, Ste. 1100
Las Vegas, NV 89169

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
Martha C. Clarke (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On January 20, 2022, I served the foregoing document on all parties appearing in this case when filing said document through the court's PACER system with automatic e-service on all persons who have registered for e-service on PACER for this case.


/s/ Lyndsey Luxford
An employee of SNELL & WILMER L.L.P.

4877-9196-9290

- 4 -