John P. Aldrich, Esq.
NV Bar No. 6877
**Aldrich Law Firm, Ltd.**
7866 West Sahara Ave.
Las Vegas, NV 89117
Tel: (702) 853-5490
jaldrich@johnaldrichlawfirm.com

Shannon L. Hopkins (*Pro Hac Vice*)
**Levi & Korsinsky, LLP**
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE DANIELS FAMILY 2001 REVOCABLE TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS SANDS CORP., DR. MIRIAM ADELSON, in her capacity as Special Administrator of the estate of SHELDON G. ADELSON, PATRICK DUMONT, and ROBERT G. GOLDSTEIN,<br><br>Defendants. | Case No. 2:20-cv-01958-GMN-EJY<br><br>**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT** |

The Second Circuit's decision in *In re Hain Celestial Grp., Inc. Securities Litigation*, ___ F.4th ___, 2021 U.S. App. LEXIS 37364 (2d Cir. Dec. 17, 2021), is not an "inapposite" ruling, as Defendants contend. ECF No. 72 at 2. It involves facts and legal issues analogous to the ones at bar; specifically, whether the omission of a material adverse business practice could give rise to liability under the federal securities laws. The Second Circuit concluded that such an omission could in fact give rise to liability and remanded the case back to the district court for further proceedings. Plaintiffs respectfully submit that this Court should follow the Second Circuit's reasoning in *Hain Celestial* and deny Defendants' motion to dismiss.

Defendants incorrectly describe *Hain Celestial* as being narrowly focused on the issue of whether "channel stuffing" is illegal. ECF No. 72 at 2 ("The Second Circuit's decision in Hain primarily focused on whether the plaintiffs' allegations of falsity were premised on the illegality of the defendants' alleged 'channel stuffing' practices."). The Second Circuit's consideration of this issue was limited only to whether "channel stuffing" needed to be "fraudulent or illegal" to support a claim for securities fraud under Section 10(b) of the Exchange Act and, in particular, SEC Rule 10b-5(b). That consideration was separate and apart from the court's analysis of "clause (b)" of SEC Rule 10b-5, which "does not require that conduct underlying a purportedly misleading statement or omission amount to a fraudulent scheme or practice." *Hain Celestial*, 2021 U.S. App. LEXIS 37364, at *15-16. When analyzing the plaintiff's theory under "clause (b)," which is the type of claim alleged by Plaintiffs, the Second Circuit held that: "Defendants made statements attributing Hain's high sales volume to strong consumer demand, while omitting to state that increased competition had weakened consumer demand and that Hain's high sales volume was achieved in significant part by the offer of unsustainable channel stuffing incentives. The success of such a complaint in alleging a violation of clause (b) does not depend on whether the alleged channel stuffing practices themselves were fraudulent or otherwise illegal." *Id*. at *16.

Defendants' "premium player" scheme is analogous to the defendants' "channel stuffing" in *Hain Celestial* in so far as its legality (or illegality) is secondary to the fact that it was concealed from investors and, as a result, led Plaintiffs to believe falsely that Las Vegas Sands' financial earnings and operations were stronger than they truly were. Plaintiffs make this point in their opposition to Defendants' motion to dismiss, arguing that Defendants concealed the detrimental effects of increased regulatory security by illegally providing credit to their "premium players" to generate additional revenue. *See*, *e.g.*, ECF No. 66 at 1, 5-6 (citing Plaintiffs' Amended Complaint, ¶¶94-95, ¶¶98-99, ¶¶104-08). The fact that in this case the "premium player" scheme was illegal only strengthens the materiality of the alleged omissions. *See* ECF No. 66 at 12-13 (citing numerous cases "recogniz[ing] a duty to disclose any conduct where a failure to do so would be misleading, particularly where a corporation engages in conduct that is potentially illegal or subjects the corporation to risks associated with government investigation and/or prosecution"). That Plaintiffs rightly referred to the "premium player" scheme as "illegal" or "fraudulent" does not, as Defendants contend, distinguish *Hain Celestial* as "inapposite" authority.

Defendants also incorrectly distinguish *Hain Celestial* on the basis that "no disclosure of any material weakness" occurred in the case at bar. ECF No. 72 at 2-3. Plaintiffs' allegations clearly establish the existence of the "premium player" scheme; indeed, Hogan Lovells conducted an investigation into the scheme and identified millions of dollars of illicit transfers. *See* ECF No. 66 at 6-7 (citing Plaintiffs' Amended Complaint, ¶¶110-11, ¶¶149-50, ¶159). Defendants have no basis for disregarding these allegations simply because Las Vegas Sands did not "restate[]" their earnings. ECF No. 72 at 2-3. This is especially true considering the extent of alternative remedial measures it undertook in the wake of Hogan Lovells' investigation, including the write-off of more than $700 million in bad debt attributable to the Marina Bay Sands casino (Plaintiffs' Amended Complaint, ¶¶116, 149-50) and changing its compliance policies to require "wet ink" signatures on transfer requests (*id*. at ¶¶118-19, 160).

Dated this 27th day of January 2022.

**ALDRICH LAW FIRM, LTD.**

/s/ John P. Aldrich
John P. Aldrich, Esq.
NV Bar No. 6877
7866 West Sahara Ave.
Las Vegas, NV 89117
Tel.  702.853.5490
Fax.  702.227.1975
Email:  jaldrich@johnaldrichlawfirm.com

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (*Pro Hac Vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2022, I electronically filed the foregoing document using the CM/ECF system which will send notifications of such filings to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

**ALDRICH LAW FIRM, LTD.**

/s/ John P. Aldrich
John P. Aldrich, Esq.

*Counsel for Plaintiffs*

Case No. 2:20-cv-01958-GMN-EJY