Patrick G. Byrne (Nevada Bar #7636)
Morgan Petrelli (Nevada Bar #13221)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone:  702.784.5200
Facsimile:  702.784.5252
Email: pbyrne@swlaw.com
       mpetrelli@swlaw.com

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
Martha C. Clarke (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: 312.853.6892
Email: wcarlson@sidley.com
       lawrence.fogel@sidley.com
       mclarke@sidley.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| THE DANIELS FAMILY 2001 REVOCABLE TRUST, Individually and On Behalf of All Others Similarly Situated, | Case No.: 2:20-cv-01958-CDS-EJY |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION AND TO EXTEND TIME TO FILE THE AMENDED COMPLAINT** |
| v. | |
| LAS VEGAS SANDS CORP., DR. MIRIAM ADELSON, in her capacity as Special Administrator of the estate of SHELDON G. ADELSON, PATRICK DUMONT, and ROBERT G. GOLDSTEIN, | |
| Defendants. | |

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

1

**TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 2

      A.    Plaintiffs' Allegations Regarding the "Alleged Scheme." ...................................... 2

      B.    The Court's March 28, 2022 Order and Plaintiffs' Second Amended
           Complaint. ............................................................................................................. 3

ARGUMENT ....................................................................................................................... 4

I.     This Court Properly Found that Plaintiffs Alleged an Omissions-Based Theory of
       Liability and Correctly Dismissed the Amended Complaint. ............................................. 6

      A.    This Court Did Not Commit "Clear Error" in Analyzing the Alleged
           Misstatements Under an Omissions-Based Theory of Liability. ........................... 6

      B.    Plaintiffs' Claim of Falsity Fails For Additional Reasons Not Addressed by
           Judge Navarro. ..................................................................................................... 9

II.    The Court Properly Found That Plaintiffs Failed to Substantively Respond to
       Defendants' Arguments Regarding the Company's Disclosure Controls and
       Procedures. ...................................................................................................................... 10

III.   Plaintiffs' Request For Additional Time to Amend the Complaint is Moot. ..................... 11

CONCLUSION .................................................................................................................. 11

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*389 Orange St. Partners v. Arnold*,
179 F.3d 656 (9th Cir. 1999)...................................................................................... 5

*Basic Inc. v. Levinson*,
485 U.S. 224 (1988) .................................................................................................... 4

*Berson v. Applied Signal Tech., Inc.*,
527 F.3d 982 (9th Cir. 2008).................................................................................... 8

*Carroll v. Nakatani*,
342 F.3d 934 (9th Cir. 2003).............................................................................. 1, 4

*Duensing v. Gilbert*,
2013 WL 1316890 (D. Nev. Mar. 1, 2013)........................................................ 10

*Ferris v. Wynn Resorts Ltd.*,
462 F. Supp. 3d 1101 (D. Nev. 2020) .................................................................. 11

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018)................................................................................... 8

*Kwasniewski v. Sanofi-Aventis U.S., LLC*,
2013 WL 2443834 (D. Nev. June 4, 2013)...................................................... 5, 7

*Lambert v. Nutraceutical Corp.*,
2015 WL 12655392 (C.D. Cal. June 24, 2015) .............................................. 5, 8

*Lindquist v. Farmers Ins. Co. of Arizona*,
2008 WL 926553 (D. Ariz. Apr. 7, 2008)........................................................... 7

*McKay v. BMO Harris Bank, N.A.*,
2017 WL 6209094 (D. Ariz. June 19, 2017) ...................................................... 5

*In re NVIDIA Corp. Sec. Litig.*,
768 F.3d 1046 (9th Cir. 2014)............................................................................ 2, 7

*Reno v. W. Cab Co.*,
2020 WL 2462900 (D. Nev. May 1, 2020)........................................................... 7

*RG Abrams Ins. v. L. Off. of CR Abrams*,
2021 WL 6752000 (C.D. Cal. Oct. 13, 2021)..................................................... 8

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

*Roadhouse v. Las Vegas Metro. Police Dep't*,
    2013 WL 3297164 (D. Nev. June 28, 2013)........................................................................ 5

*Sohol v. Yan*,
    2016 WL 1704290 (N.D. Ohio Apr. 27, 2016)................................................................... 9

*Stiener v. Apple Computer, Inc.*,
    556 F. Supp. 2d 1016 (N.D. Cal. 2008) .......................................................................... 10

*United States v. Lloyd*,
    807 F.3d 1128 (9th Cir. 2015)............................................................................................ 7

*Venice PI, LLC v. Doe 1*,
    2019 WL 7493522 (D. Haw. Oct. 30, 2019)..................................................................... 8

*Walsh v. Nevada Dep't of Hum. Res.*,
    471 F.3d 1033 (9th Cir. 2006)......................................................................................... 10

*Winkler v. Baca*,
    2019 WL 5596397 (D. Nev. Oct. 30, 2019) ............................................................ 1, 2, 9

*Wochos v. Tesla, Inc.*,
    985 F.3d 1180 (9th Cir. 2021)........................................................................................... 4

**Statutes**

15 U.S.C. § 78u-4(b)(1)(B) ................................................................................................. 9

**Other Authorities**

17 C.F.R. § 240.10b-5(b) .................................................................................................... 4

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Defendants respectfully submit this Opposition to Plaintiffs' Motion for Reconsideration and to Extend Time to File the Amended Complaint, ("Motion"), ECF No. 75, which (1) moves for reconsideration, in part, of the Court's March 28, 2022 Order, ECF No. 74 (the "Order"), granting Defendants' Motion to Dismiss the Amended Complaint (the "Amended Complaint" or "AC"), and (2) requested an extension of time to file a second amended complaint.

**INTRODUCTION**

Motions for reconsideration are an "extraordinary remedy," *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003), and are "disfavored" in this District. Local R. 59-1. They are granted only in highly unusual circumstances, and are not intended to allow unhappy litigants to "make arguments [they] should have raised in the first instance." *Winkler v. Baca*, 2019 WL 5596397, at *2 (D. Nev. Oct. 30, 2019). Plaintiffs argue that the Court committed two "clear errors" in its March 28, 2022 Order. Both arguments are wrong and fall well short of the high standard Plaintiffs must meet to receive this "extraordinary remedy."

First, Judge Navarro did not err in analyzing Plaintiffs' falsity claim under an omissions-based theory of liability. Plaintiffs argue that the Court "incorrectly analyzed" all of the Amended Complaint's approximately 70 alleged misstatements as omissions because it "overlooked" that a few of these statements—which Plaintiffs categorize for the first time as the "Credit and Compliance Misstatements"—were supposedly alleged to be affirmatively false rather than false by omission. To the contrary, Judge Navarro engaged in a methodical review of the various alleged misstatements and found that Plaintiffs had alleged each of these statements were false by omission. Moreover, Plaintiffs' assertion that they never alleged these statements to be false by omission is undermined by their own Amended Complaint and prior briefing.

Second, Judge Navarro did not commit "clear error" in dismissing with prejudice the alleged misstatements regarding Las Vegas Sands' ("LVS") disclosure controls and procedures. Consistent with this District's Local Rules and relevant case law, the Court properly found that Plaintiffs had "consented" to dismissal with prejudice because Plaintiffs failed to respond to Defendants' arguments regarding these statements. Plaintiffs' Motion concedes that their only

1

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

response to Defendants' arguments was a conclusory footnote that included no substantive argument and no citation to authority. Plaintiffs' perfunctory approach was insufficient to salvage these statements.

At bottom, Plaintiffs' Motion is an improper attempt to take "a second bite at the apple" and recast their allegations in light of the Court's Order. *Winkler*, 2019 WL 5596397, at *2. But this is not a proper basis for reconsideration.

Finally, Plaintiffs' request to toll their deadline to file a second amended complaint is moot. Plaintiffs have already filed their Second Amended Complaint. ECF No. 77. Defendants will be filing a comprehensive Motion to Dismiss the Second Amended Complaint which will address all the grounds demonstrating the inadequacy of the Second Amended Complaint.

## BACKGROUND

### A.    Plaintiffs' Allegations Regarding the "Alleged Scheme."

Plaintiffs' Amended Complaint sought to assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. To allege a viable claim under Section 10(b), Plaintiffs must plead: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014) (citation and quotation marks omitted).

The crux of Plaintiffs' claim is that employees at LVS's Singapore property, Marina Bay Sands ("MBS"), allegedly used "unauthorized transfers" to move money from the casino accounts of wealthy patrons in order to extend credit to subprime patrons who otherwise would not qualify for such credit. AC ¶¶ 4-5, 10-13, 99-129, 312. The Amended Complaint alleged that Defendants failed to disclose this alleged scheme, thus rendering approximately 70 statements, made over the course of roughly five years, false and misleading. The Amended Complaint grouped the alleged misstatements into four categories: (1) statements regarding "LVS's Issuance of Credit and the Collectability of Receivables," AC ¶¶ 167, 170, 172, 174, 176 178, 180, 182, 184, 186, 188, 190-92, 194, 196-97, 199, 201, 203, 205; (2) statements regarding the "Use of Junkets at MBS," *id.*

2

¶¶ 208-09, 211, 213; (3) statements about the "Wang Xi Lawsuit and the Unauthorized Transfer Claim," a lawsuit brought by a single MBS patron, Wang Xi, *id.* ¶ 215; and (4) statements relating to LVS's "Disclosure Controls and Procedures," *id.* ¶ 217, 219. At no point in their Amended Complaint or Opposition to Defendants' Motion to Dismiss (the "Opposition"), ECF No. 66, did Plaintiffs separate out the few alleged misstatements which in their Motion for Reconsideration they, for the first time, refer to as the "Credit and Compliance Misstatements."

In support of their allegations, Plaintiffs' Amended Complaint pointed to an internal investigation initiated by MBS, and a subsequent review conducted by the outside law firm Hogan Lovells in late 2019, which examined third-party transfers by patrons at MBS between 2013 and 2017. AC ¶ 159. Contrary to Plaintiffs' present argument, Mot. at 4, the Amended Complaint did not allege that the Hogan Lovells investigation found that any of these transfers were unauthorized. Rather, Plaintiffs alleged that Hogan Lovells found that over the five-year period from 2013 through 2017, 26% of third-party transfers at MBS, in an amount totaling SGD$365 million, were "effectuated through the use of letters of authorization bearing signatures that appeared similar and were likely photocopied." AC ¶ 110. In fact, as reported in news reports incorporated into the Amended Complaint, the "review concluded that no patron funds were transferred in a manner that was contrary to a patron's intent." *Id.* ¶ 230. Furthermore, as Plaintiffs conceded, Singapore's casino regulatory body, the Casino Regulatory Authority ("CRA"), investigated the only claim of unauthorized transfers of funds made by Wang Xi, *id.* ¶ 158, and concluded that MBS "did not breach [regulatory] requirements related to Wang [Xi's] claims," *id.* ¶ 237.

**B.    The Court's March 28, 2022 Order and Plaintiffs' Second Amended Complaint.**

On May 7, 2021, Defendants filed a Motion to Dismiss the Amended Complaint, ("Defs.' MTD"), arguing that Plaintiffs failed to adequately plead three independent elements of their claim: (1) that Defendants made any false and misleading statements ("falsity"), (2) that Defendants acted with intent to defraud or "scienter," and (3) that Plaintiffs' alleged loss was caused by the alleged false statements ("loss causation"). ECF No. 52.

3

With regard to pleading falsity, under Rule 10b-5, plaintiffs may rely on either an affirmative misrepresentation theory or an omission theory. *See* 17 C.F.R. § 240.10b-5(b). The Ninth Circuit has explained that an "affirmative misrepresentation is an 'untrue statement of a material fact,' and a fraudulent omission is a failure to 'state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.'" *Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1188 (9th Cir. 2021). With regard to alleged omissions, an omission is not actionable under the federal securities laws unless there was a legal duty to disclose. *See Basic Inc. v. Levinson*, 485 U.S. 224, 239 & n.17 (1988).

On March 28, 2022, Judge Navarro granted Defendants' Motion to Dismiss in its entirety. Although the Court found that Plaintiffs had plausibly alleged the existence of a scheme involving letters authorizing transfers for SGD$365 million that bore signatures that appeared similar, Order at 17-18, the Court concluded that Plaintiffs had not plausibly alleged false and misleading statements by omission because Plaintiffs failed to allege Defendants had a duty to disclose the alleged unauthorized transfers. *Id.* at 20-21. The Court also dismissed Plaintiffs' statements regarding the use of junkets at MBS and LVS's disclosure controls and procedures with prejudice because Plaintiffs failed to respond to Defendants' arguments on these points. *Id.* at 21-22.

Because Judge Navarro found the Plaintiffs failed to allege a duty to disclose, the Court did not reach Defendants' additional arguments regarding Plaintiffs' failure to adequately plead falsity. Nor did the Court reach Defendants' additional independent grounds for dismissal based on Plaintiffs' failure to adequately plead scienter and loss causation.

The Court granted Plaintiffs 21 days to file an amended complaint for those allegations it did not dismiss with prejudice. Plaintiffs filed their amended complaint—the Second Amended Complaint—on April 18, 2022, ten days after filing this Motion. ECF No. 77.

## ARGUMENT

A motion for reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll*, 342 F.3d at 945. Motions for

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

reconsideration are "disfavored" in this District. Local R. 59-1. "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "[A] motion for reconsideration is not a mechanism for re-arguing issues presented in the original filings or advancing theories of the case that could have been presented earlier." *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 2013 WL 2443834, at *2 (D. Nev. June 4, 2013) (citation omitted). Nor are motions for reconsideration "intended to give an unhappy litigant one additional chance to sway the judge." *Id.* (citations omitted). In other words, "this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Roadhouse v. Las Vegas Metro. Police Dep't*, 2013 WL 3297164, at *2 (D. Nev. June 28, 2013) (citation omitted).

Here, Plaintiffs do not argue newly discovered evidence or an intervening change in controlling law. The only arguments for reconsideration set forth by Plaintiffs are that the Court engaged in two "clear errors." "Clearly erroneous" for purposes of reconsideration is a "very exacting standard." *Lambert v. Nutraceutical Corp.*, 2015 WL 12655392, at *2 (C.D. Cal. June 24, 2015) (citation omitted). "Mere doubts or disagreement about the wisdom of a prior decision will not suffice for this exception. To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must be dead wrong." *Id.* (citation omitted). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *McKay v. BMO Harris Bank, N.A.*, 2017 WL 6209094, at *1 (D. Ariz. June 19, 2017) (quoting *Smith v. Clark Cty. School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).

**I.    THIS COURT PROPERLY FOUND THAT PLAINTIFFS ALLEGED AN OMISSIONS-BASED THEORY OF LIABILITY AND CORRECTLY DISMISSED THE AMENDED COMPLAINT.**

**A.    This Court Did Not Commit "Clear Error" in Analyzing the Alleged Misstatements Under an Omissions-Based Theory of Liability.**

Plaintiffs first argue that the Court committed "clear error" by analyzing the misstatements alleged in the Amended Complaint under an omissions-based theory of liability. Mot. at 10. According to Plaintiffs, the Court "overlooked" that statements alleged in four paragraphs of the 367-paragraph Amended Complaint—the newly-called "Credit and Compliance Misstatements" (AC ¶¶ 167, 170, 178, 180)—were actually alleged to be affirmatively misleading and not false by omission.[1]

Contrary to Plaintiffs' argument, the Court did not "overlook" Plaintiffs' allegations. Rather, Judge Navarro engaged in a careful review of Plaintiffs' allegations, first dedicating several pages to discussion of the Amended Complaint's allegations, Order at 3-8, and then addressing each of the four categories of alleged misstatements in turn—categories that correspond exactly to how Plaintiffs presented the alleged misstatements in their Amended Complaint. *Compare* Order at 8-12 *with* AC VII A-D. Following this careful review, the Court appropriately found all of the alleged misstatements to be omissions-based and went on to find that Plaintiffs had not alleged a duty to disclose and therefore did not adequately plead any false and misleading statements.

Plaintiffs' Motion is an improper attempt to recast the "Credit and Compliance Misstatements" as affirmatively misleading in light of the Court's Order. Given the Court's finding that Plaintiffs failed to plausibly allege a duty to disclose, Plaintiffs seek to sidestep that requirement, claiming that the Amended Complaint actually alleged the "Credit and Compliance Misstatements" as affirmative misrepresentations and therefore Plaintiffs did not need to meet the separate hurdle of alleging a duty to disclose.

---

[1] Plaintiffs erroneously claim that ¶ 163 of the Amended Complaint alleged an affirmative misstatement. Mot. at 7, 9. Paragraph 163 is not an alleged misstatement but instead merely sets forth the dates of the Form 10-Ks filed by LVS.

6

But this is not the argument that Plaintiffs made in their Amended Complaint or Opposition. Tellingly, Plaintiffs did not use the "Credit and Compliance Misstatements" label at any point in either filing, or otherwise attempt to set these few statements apart from the dozens of other alleged misstatements that they alleged were false by omission. Moreover, the cases Plaintiffs rely upon are new: Plaintiffs cite two cases in their Motion to set forth the legal framework around affirmative misrepresentations, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014) and *United States v. Lloyd*, 807 F.3d 1128, 1153 (9th Cir. 2015), Mot. at 6-7. But neither of these cases were cited in Plaintiffs' Opposition. If Plaintiffs had alleged that these statements were false by way of affirmative misrepresentation, it begs the question as to why this legal theory was not articulated in their Opposition. Case law is clear that "a motion for reconsideration is not a mechanism for … advancing theories of the case that could have been presented earlier." *Kwasniewski*, 2013 WL 2443834 at *2 (citation omitted). *See also Reno v. W. Cab Co.*, 2020 WL 2462900, at *3 (D. Nev. May 1, 2020) (motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation") (quoting *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)) (emphasis in original); *Lindquist v. Farmers Ins. Co. of Arizona*, 2008 WL 926553, at *1 (D. Ariz. Apr. 7, 2008) (motion for reconsideration "improper" where new cases cited "were readily available before they filed their Opposition" thus forcing "both the Court and the parties to expend additional time and resources revisiting issues that should have been addressed previously").

Indeed, Plaintiffs' new argument is belied by their own Amended Complaint and Opposition. Plaintiffs argue that they "nowhere" previously asserted that the "Credit and Compliance Misstatements" were false by omission. Mot. at 7-9. But Plaintiffs *did* allege and argue just that. For example, with regard to the "Credit and Compliance Misstatements" alleged at ¶ 178, the Amended Complaint specifically set forth an omissions-based theory, arguing that they "were materially false and misleading because Defendants *failed to disclose*" the alleged scheme of unauthorized transfers. AC ¶ 179 (emphasis added). Moreover, in their Opposition,

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Plaintiffs repeatedly grouped the "Credit and Compliance Misstatements" with the other alleged misstatements, and asserted they were all false and misleading because Defendants had failed to disclose the alleged scheme. *See e.g.*, Opp. at 10-12 (discussing alleged misstatements, *inter alia*, AC ¶¶ 170, 178, and 180, and arguing that "Plaintiffs' allegations easily establish falsity for the purposes of stating a claim" because "[c]ourts have consistently recognized a duty to disclose any conduct where a failure to do so would be misleading."); Opp. at 11 n.3 (noting that the alleged misstatements in ¶¶ 170 and 178 were false and misleading for reasons "similar" to other statements Plaintiffs alleged were "false and misleading by omission," *see, e.g.*, AC ¶ 177); Opp. at 12 (immediately after discussing one of the alleged "Credit and Compliance Misstatements," AC ¶ 180, noting that various statements about LVS's revenues were "*likewise*" false and misleading because these statements "omitted the existence of 'premium player' scheme").[2] It was thus eminently appropriate for the Court to conclude that Plaintiffs were relying on an omissions-based theory for each of these statements.

While Plaintiffs fault the Court for "overlooking" their theory, Mot. at 10, the Court did not commit clear error by supposedly overlooking an argument that was not made or was buried in Plaintiffs' Amended Complaint or Opposition. Courts are expected to "review only issues which are argued specifically and distinctly." *RG Abrams Ins. v. L. Off. of CR Abrams*, 2021 WL 6752000, at *2 (C.D. Cal. Oct. 13, 2021) (quoting *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)). It is not the Court's job to make arguments for Plaintiffs or to scour their pleadings and briefing for arguments not clearly made. *See Venice PI, LLC v. Doe 1*, 2019 WL 7493522, at *3 (D. Haw. Oct. 30, 2019) ("[T]he burden of representation lies upon [the parties], and not upon the Court."); *see also Lambert*, 2015 WL 12655392, at *3 (citing *Indep. Towers of Wash.*, 350 F.3d at 929 ("Judges are not like pigs, hunting for truffles buried in briefs")

---

[2] Even the cases cited by Plaintiffs in support of their new argument appear to fall into an omissions-based theory rather than an affirmative misrepresentation theory. *See Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 985–87 (9th Cir. 2008) ("backlog reports" were misleading because they failed to disclose that they included, as backlog, work that had been halted due to stop-work orders); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008-09 (9th Cir. 2018) (noting that statement could be misleading "if it omits material information").

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

(citation omitted)). This is particularly true on a claim for securities fraud, as Plaintiffs sought to bring here. Plaintiffs are required under the Private Securities Litigation Reform Act to meet heightened pleading requirements, including specifying "each statement alleged to have been misleading," and explaining, with particularity, "the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1)(B). Plaintiffs should not be excused for their failure to adequately articulate their arguments and given a "second bite at the apple." *Winkler*, 2019 WL 5596397, at *2.[3]

**B.      Plaintiffs' Claim of Falsity Fails For Additional Reasons Not Addressed by Judge Navarro.**

Because Judge Navarro dismissed the entirety of the Amended Complaint as a result of Plaintiffs' failure to allege a duty to disclose, her opinion did not reach Defendants' additional grounds for dismissal of Plaintiffs' falsity claim. These additional grounds included: (1) that no reasonable investor would have understood the "Credit and Compliance Misstatements" to be misstatements about the extension of credit at MBS given the scope and context of the statements, Defs.' MTD at 24-27; (2) that statements about LVS's record of compliance are inactionable puffery, Defs.' MTD at 26; and (3) that the alleged scheme was immaterial, Defs.' Reply MTD, ECF No. 68 at 7 n.6.

Defendants will set forth these grounds fully in their Motion to Dismiss Plaintiff's Second Amended Complaint. Each of these additional grounds regarding the alleged falsity of the "Credit and Compliance Misstatements," along with Defendants' independent grounds regarding scienter and loss causation which the Court also did not reach, provide independent grounds to dismiss Plaintiffs' claims.

---

[3] Plaintiffs' arguments for reconsideration stand in stark contrast to the cases cited in their Motion. Mot. at 10. In *Sohol v. Yan*, for example, the court both overlooked a key factual allegation and also disregarded an entire claim brought by the plaintiffs. 2016 WL 1704290, at *8 (N.D. Ohio Apr. 27, 2016). Here, the Court considered all of Plaintiffs' allegations, and concluded they failed to adequately plead a claim.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

## II. THE COURT PROPERLY FOUND THAT PLAINTIFFS FAILED TO SUBSTANTIVELY RESPOND TO DEFENDANTS' ARGUMENTS REGARDING THE COMPANY'S DISCLOSURE CONTROLS AND PROCEDURES.

Plaintiffs briefly argue that reconsideration is also appropriate because the Court supposedly committed clear error in dismissing with prejudice the alleged misstatements about LVS's disclosure controls and procedures. Mot. at 10-11 (discussing AC ¶¶ 217-20). However, as Judge Navarro correctly held, Plaintiffs offered no substantive response to Defendants' arguments, and thus waived these claims. Order at 21-22.

In their Motion to Dismiss, Defendants argued that the statements about LVS's disclosure controls and procedures were inactionable for multiple reasons. Defs.' MTD at 26-28, 27 n.18. Plaintiffs do not dispute that their only response to these arguments was a conclusory footnote in their Opposition that LVS's "representations about the effectiveness and adequacy of its 'disclosure controls and procedures' were also materially misleading." Mot. at 11 (citing Opp. at 12 n.5).

Arguments raised in such a perfunctory manner, without supporting argument or citation to relevant authorities, are deemed abandoned. *See Duensing v. Gilbert*, 2013 WL 1316890, at *5 n.3 (D. Nev. Mar. 1, 2013) (failing to substantively respond to defendant's arguments on the issue constitutes consent to the granting of the motion to dismiss); *Stiener v. Apple Computer, Inc.*, 556 F. Supp. 2d 1016, 1035 (N.D. Cal. 2008) (declining to consider argument raised only briefly in a footnote, and finding "[b]ecause AT&T did not consider the issue sufficiently meritorious or pertinent to invest any time in developing it, the Court invests none of its time in addressing it."); *see also Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (where opposition to motion to dismiss failed to address argument in motion to dismiss, plaintiff "effectively abandoned" the claim because to avoid waiver, "the issue must be raised sufficiently for the trial court to rule on it").

Nor could Plaintiffs show that any of these statements are actionable. Plaintiffs argue that these statements were false and misleading because they purportedly "assured" investors that LVS's disclosure controls and procedures were "effective" and did not "disclose" the

10

"unauthorized transfers." Mot. 10-11; AC ¶¶ 217-220.[4] But this argument divorces these statements from their context and attempts to distort them into meaning something altogether different. These are cautionary statements that appeared in the "Controls and Procedures" section of LVS's annual filing and, among other things, "warn[ed] investors of the limitations of any system of controls." AC ¶ 219. Further, they do not say anything about MBS. No reasonable investor would have read these statements as ensuring the absence of any issues, and certainly not as saying anything about third-party fund transfers at MBS. *See Ferris v. Wynn Resorts Ltd.*, 462 F. Supp. 3d 1101, 1124 (D. Nev. 2020) (holding statements were not false and misleading where they did not address subject of alleged misconduct but instead "provided a general discussion of applicable gaming regulations, suitability, etc.").[5]

## III.   PLAINTIFFS' REQUEST FOR ADDITIONAL TIME TO AMEND THE COMPLAINT IS MOOT.

Plaintiffs originally requested additional time to file a second amended complaint. Mot. at 11. That request is now moot as Plaintiffs have already filed their Second Amended Complaint, ECF No. 77, which Defendants intend to move to dismiss in its entirety. The parties and the Court, therefore, will have the opportunity to address Plaintiffs' new amended pleading, and each of Defendants' bases for dismissal for failure to adequately allege falsity, scienter, and loss causation.

### CONCLUSION

Plaintiffs provide no valid basis for reconsideration. Defendants respectfully submit that

---

[4] As with the "Credit and Compliance Misstatements," Plaintiffs now claim that they alleged the statements about LVS's disclosure controls and procedures were affirmatively false and misleading rather than misleading by way of omission. Mot. at 11. To the contrary, Plaintiffs' Amended Complaint solely framed these statements as false by omission. AC ¶ 218 (noting the statements were "materially false and misleading because LVS repeatedly *failed to timely disclose*" the alleged scheme); *id.* ¶ 220 (statements were "materially false and misleading" because the statement "*did not disclose* that [the] disclosure and control procedures were not reasonably effective") (emphases added).

[5] In addition, Plaintiffs' assertions regarding LVS's alleged "increase in uncollectible accounts", Mot. at 10-11, provide no basis to find these statements false and misleading. Nowhere in the Amended Complaint did Plaintiffs allege that LVS's reserves for doubtful casino accounts were inadequate or that any of LVS's financial statements were inaccurate.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Plaintiffs' Motion for Reconsideration should be denied.

Dated: April 22, 2022

SNELL & WILMER, L.L.P.

By: */s/ Patrick G. Byrne*
Patrick G. Byrne, Esq.
Morgan Petrelli, Esq.
3883 Howard Hughes Parkway,
Ste. 1100
Las Vegas, NV 89169
Tel.  702.784.5200
Fax: 702.784.5252
Email:  pbyrne@swlaw.com
           mpetrelli@swlaw.com

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
Martha C. Clarke (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Tel.  312.853.7000
Fax. 312.853.7036
Email:  wcarlson@sidley.com
           lawrence.fogel@sidley.com
           mclarke@sidley.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

On April 22, 2022, I served the foregoing document on all parties appearing in this case when filing said document through the court's PACER system with automatic e-service on all persons who have registered for e-service on PACER for this case.


                                        /s/ D'Andrea Dunn
                                        An employee of SNELL & WILMER L.L.P.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

13