John P. Aldrich, Esq.
NV Bar No. 6877
**Aldrich Law Firm, Ltd.**
7866 West Sahara Ave.
Las Vegas, NV 89117
Tel: (702) 853-5490

Shannon L. Hopkins (*Pro Hac Vice*)
Adam Apton (To Be Admitted *Pro Hac Vice*)
**Levi & Korsinsky, LLP**
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523

*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| THE DANIELS FAMILY 2001 REVOCABLE TRUST, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> LAS VEGAS SANDS CORP., MIRIAM ADELSON, in her capacity as Special Administrator of the Estate of SHELDON G. ADELSON, PATRICK DUMONT, and ROBERT G. GOLDSTEIN, <br><br> Defendants. | Case No. 2:20-cv-01958-CDS-EJY <br><br> Judge Cristina D. Silva <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION AND TO EXTEND TIME TO FILE THE AMENDED COMPLAINT** |

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ...................................................................................................1

II.     ARGUMENT ..........................................................................................................................2

        A.      Plaintiffs Allege the Credit and Compliance Misstatements Are *Affirmative*
                Misstatements ............................................................................................................2

        B.      The Credit and Compliance Misstatements Are Actionable..............................................5

        C.      The Court Overlooked the Internal Control Statements in Erroneously Dismissing Them
                with Prejudice ............................................................................................................6

        D.      Plaintiffs Should Be Granted Leave to Amend with the Benefit of the Court's Full
                Reasoning on the Sufficiency of the Amended Complaint...................................................8

III.    CONCLUSION.........................................................................................................................8

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION
FOR RECONSIDERATION AND TO EXTEND TIME TO FILE THE AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Alphabet Sec. Litig., R.I. v. Alphabet, Inc.*,
1 F.4th 687 (9th Cir. 2021) ................................................................................................. 5

*Doran v. Colvin*,
2016 U.S. Dist. LEXIS 125597 (D. Or. Sep. 15, 2016)....................................................... 6

*In re NVIDIA Corp. Sec. Litig.*,
768 F.3d 1046 (9th Cir. 2014) ......................................................................................... 1, 4

*In re Petrobras Sec. Litig.*,
116 F. Supp. 3d 368 (S.D.N.Y. 2015)................................................................................. 6

*In re Quality Sys., Inc. Sec. Litig.*,
865 F.3d 1130 (9th Cir. 2017) ............................................................................................ 5

*In re Ramp Corporation Sec. Litig.*,
2006 U.S. Dist. LEXIS 49579 (S.D.N.Y. July 21, 2006) ................................................... 7

*In re Wash. Mut., Inc. Sec.*,
694 F. Supp. 2d 1192 (W.D. Wash. 2009).......................................................................... 7

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .............................................................................................. 8

*Lindquist v. Farmers Ins. Co. of Ariz.*,
2008 U.S. Dist. LEXIS 132075 (D. Ariz. Apr. 7, 2008)..................................................... 4

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
797 F.3d 160 (2d Cir. 2015)................................................................................................ 8

*Reno v. W. Cab Co.*,
2020 U.S. Dist. LEXIS 86134 (D. Nev. May 1, 2020)........................................................ 4

*Siracusano v. Matrixx Initiatives, Inc.*,
585 F.3d 1167 (9th Cir. 2009) ............................................................................................ 5

*United States v. Lloyd*,
807 F.3d 1128 (9th Cir. 2015) ............................................................................................ 4

**Other Authorities**

149 Cong. Rec. S5325 (daily ed. Apr. 11, 2003)................................................................... 7

PLAINTIFFS' MOTION FOR RECONSIDERATION AND TO EXTEND TIME TO FILE THE
AMENDED COMPLAINT; AND MEMORANDUM AND POINTS OF AUTHORITIES

Court-appointed Co-Lead Plaintiffs Carl S. Ciaccio and Donald M. DeSalvo ("Plaintiffs") submit this Reply Memorandum of Points and Authorities in Further Support of Motion for Reconsideration and to Extend Time to File the Amended Complaint ("Reconsideration Motion").

## I.   PRELIMINARY STATEMENT

The Court, in clear error, dismissed Defendants' statements about LVS's credit and compliance practices ("the Credit and Compliance Misstatements") and misstatements concerning the effectiveness of LVS's internal controls (the "Internal Control Statements"). Under binding Ninth Circuit law, the pleading requirements for alleging an *affirmative* misrepresentation and a material *omission* are different. To plead an affirmative misrepresentation, a plaintiff must show that the alleged misstatements "give a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists." *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 985 (9th Cir. 2008). By contrast, to plead a material omission, a plaintiff must allege that the defendant failed to disclose facts necessary to make other statements not misleading or otherwise withheld information they had a "duty to disclose." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1054 (9th Cir. 2014).

Here, the Court overlooked this critical distinction and incorrectly applied the legal standard for an omission to the Credit and Compliance Misstatements, which Plaintiffs allege are *affirmative* misrepresentations. In erroneously applying an omissions standard, the Court faulted Plaintiffs for failing to identify a "duty to disclose" the unauthorized transfer scheme. But Plaintiff was not required to plead a duty to disclose under an affirmative misstatement theory of liability. Had the Court applied the correct standard, it would have concluded "falsity" was adequately pled in light of its finding that Plaintiffs adequately alleged an unauthorized transfer scheme. Order dated March 28, 2022, ECF No. 74 ("MTD Order"), pp. 17-19. Indeed, Defendants' statements that LVS "extend[s] credit to those customers whose level of play and financial resources warrant" and "extends credit to approved casino customers following background checks and investigations of creditworthiness" gave investors the false impression that LVS only lent to creditworthy borrowers when, in fact, it extended credit to subprime customers who lacked the requisite financial resources and creditworthiness, without authorization.

Defendants do not dispute this distinction in the pleading requirements for misrepresentations versus omissions. Instead, they simply maintain that Plaintiffs pleaded the Credit and Compliance

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION AND TO EXTEND TIME TO FILE THE AMENDED COMPLAINT

Misstatements as omissions and, thus, the Court correctly analyzed and dismissed them as such. This argument lacks merit given the law, the allegations that actually appear in Plaintiffs' Amended Complaint and Defendants' response to those allegations in their Motion to Dismiss.

The Court also erred by dismissing the Internal Control Statements, with prejudice. Contrary to the Court's findings in the MTD Order that Plaintiffs did not respond to Defendants' arguments, at all, Plaintiffs did respond that the Internal Control Statements were false for the same reasons as the Credit and Compliance Misstatements. However, rather than repeat the same argument, Plaintiffs referred back to it and incorporated it by reference. Plaintiffs' Opposition to Defendants' Motion to Dismiss Amended Class Action Complaint, ECF No. 66 ("MTD Oppo. Br.") at 11-12 & n.5. Defendants recognize the Court's oversight in this regard and, instead, suggest that Plaintiffs' response should have nonetheless been disregarded because it was contained partially in a footnote. That is not the law and there is no rule preventing Plaintiffs from incorporating arguments by reference, rather than repeating them, and addressing arguments in footnotes where, as here, the arguments were supported by cites to the record.

Finally, Defendants incorrectly assume that Plaintiffs' request for additional time to amend is moot. While Plaintiffs complied with the MTD Order and timely filed an amended complaint on April 18, 2022, they did so only to preserve their right to amend. *See* Plaintiffs' Second Amended Complaint for Violations of the Federal Securities Laws, ECF No. 77 at i n.1 (noting preservation of right to amend). If the Court were to grant Plaintiffs' Reconsideration Motion, Plaintiffs will undoubtedly receive additional information as to the Court's analysis of the allegations that they would address in an amended pleading. Consequently, Plaintiffs continue to seek leave to amend after a decision on this Reconsideration Motion.

## II.    ARGUMENT

### A. Plaintiffs Allege the Credit and Compliance Misstatements Are *Affirmative* Misstatements

Seeking to seize on the Court's clear error, Defendants argue that Plaintiffs did not allege the Credit and Compliance Misstatements were *affirmatively* false. *See* Defendants' Opposition to Plaintiffs' Reconsideration Motion, ECF No. 78 ("DB") at 7. This assertion is demonstrably false. As set forth in Plaintiffs' opening memorandum, Plaintiffs pled the Credit and Compliance misstatements

2

as affirmative misrepresentations. *See*, *e.g.*, Plaintiffs' Reconsideration Motion at 7-9 (citing ¶171[1] alleging "[i]n contradiction of Defendants' statement, LVS implemented a business model that did not consider customer ability to pay or creditworthiness and, instead, provided credit to "subprime" customers."); *Id.* (citing ¶179 alleging "the statements concerning the extension of credit to approved customers premised on 'background checks' and 'investigations of creditworthiness' were false and misleading because credit was being extended pursuant to the operation of a  scheme" whereby credit was extended to "subprime borrowers."). In their Opposition to Defendants' Motion to Dismiss, Plaintiffs also made it abundantly clear that the Credit and Compliance Misstatements were alleged as affirmative misstatements. *See*, *e.g.*, MTD Oppo. Br. 10-11 ("[c]ontrary to the state of affairs that existed at the time, LVS represented in its filings with the SEC that it adhered strictly with local law, extended credit only to those who qualified, and maintained compliance policies to avoid unmercenary regulatory risk.").

If Defendants truly believed Plaintiffs alleged an entirely omissions case, Defendants would not, as they did in their Motion to Dismiss, have addressed the Credit and Compliance Misstatements as affirmative misstatements. *See*, *e.g.*, Defendants' Motion to Dismiss Amended Class Action Complaint dated May 7, 2021, ECF No. 52 ("MTD Br."), p. 14 (citing ¶¶167, 170, 178 and arguing "Plaintiffs have likewise failed to allege that any of the challenged statements were *affirmatively* false: stripped of Plaintiffs' baseless and conclusory assertions regarding unauthorized transfers . . . , the statements are unquestionably true.") (Emphasis added.). Further supporting reconsideration is the fact that the Court did not squarely address the Credit and Compliance Misstatements in its "Discussion" analyzing the misstatements (*see* MTD Order at 20-22)—another point Defendants ignore.

Defendants' attempt to convince the Court that Plaintiffs are making purported "new" arguments in the Reconsideration Motion (DB at 6-7) is a red herring and should be rejected. Specifically, Defendants fault Plaintiffs for characterizing certain misstatements alleged in the Amended Complaint as the "Credit and Compliance Misstatements" because Plaintiffs did not previously use that characterization. *Id.* But these alleged misstatements (¶¶167, 170, 178) are not "new" and Defendants

---

[1] All citations to "¶__" are to the Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint"), ECF No. 36.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION AND TO EXTEND TIME TO FILE THE AMENDED COMPLAINT

do not dispute that Plaintiffs alleged they were false and misleading in the Amended Complaint. Plaintiffs merely used the characterization of "Credit and Compliance Misstatements" for clarity and to identify for the Court the specific misstatements at issue in this Reconsideration Motion. Thus, this is not a purported new legal theory, as Defendants would lead the Court to believe.

Defendants' cases on this point (DB at 7) are distinguishable. In *Reno v. W. Cab Co.*, 2020 U.S. Dist. LEXIS 86134, at *8-9 (D. Nev. May 1, 2020), the court denied the plaintiff's motion to compel discovery because it was unsupported by "legal citation and meaningfully developed argument." The plaintiff then moved for reconsideration by providing "13 pages" of argument and "citation to case law that appeared nowhere in the underlying motion practice." *Id*. That is not the case here. Plaintiffs' argument on reconsideration does not differ from what was alleged in the Amended Complaint or argued in opposition to the motion to dismiss. *Compare* MTD Oppo. Br. at 10-11 ("Contrary to the state of affairs that existed at the time, LVS represented in its filings with the SEC that it adhered strictly with local law, extended credit only to those who qualified, and maintained compliance policies to avoid unnecessary regulatory risk.") *with* Reconsideration Motion at 7 ("For the Credit and Compliance Misstatements, Plaintiffs allege an affirmative misrepresentation theory of liability, meaning they need only show Defendants' statements "[gave] a reasonable investor the impression of a state of affairs that differ[ed] in a material way from the one that actually exist[ed]." (quoting *Berson*, 527 F.3d at 985)). Further, unlike *Lindquist v. Farmers Ins. Co. of Ariz.*, 2008 U.S. Dist. LEXIS 132075 (D. Ariz. Apr. 7, 2008), Plaintiffs cite to new cases in the Reconsideration Motion to explain the Court's error on the MTD Order and not, as Defendants contend, in attempt to rejigger their theory of liability. Specifically, while Defendants accuse Plaintiffs of citing new cases in an attempt to develop a "new" "legal theory" (DB at 7), the "new" cases cited are *NVIDIA Corp.*, *supra*, and *United States v. Lloyd*, 807 F.3d 1128, 1153 (9th Cir. 2015), which demonstrate the differences in pleading standards when false statements at issue are affirmative misrepresentations versus omissions. Given that Plaintiffs' theory of falsity was premised on affirmative misrepresentations, there was no need to cite to *NVIDIA Corp.* or otherwise explain the differences in pleading standards in the underlying motion papers.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION AND TO EXTEND TIME TO FILE THE AMENDED COMPLAINT

### B. The Credit and Compliance Misstatements Are Actionable

If the Court grants reconsideration and finds Plaintiffs alleged the Credit and Compliance Misstatements as *affirmative* misstatements, it must also find that Plaintiffs adequately alleged "falsity" because the Court already found "Plaintiffs sufficiently allege[d] that Defendants engaged in a scheme of unauthorized transfers." MTD Order at 19. Indeed, the Court found, that "[t]aken together, the Wang Xi lawsuit and Hogan Lovells investigation give a 'reasonable investor that the impression of a state of affairs . . . differs in a material way from the one that actually exists.'" MTD Order at 18 (quoting *Berson,* 527 F.3d at 985). Thus, the Court effectively found falsity for *affirmative* misstatements and its MTD Order cannot otherwise be squared with a finding that affirmative misstatements are not actionable.

Recognizing this problem, Defendants argue that even if viewed as affirmative misstatements, the Credit and Compliance Misstatements would still not be actionable for three alternative reasons. DB at 9. Each of those arguments are not properly before the Court in this Reconsideration Motion and otherwise lack merit. First, the Court has already rejected Defendants' argument that "no reasonable investor would have understood the Credit and Compliance Misstatements to be misstatements about the extension of credit at MBS given the scope and context of the statements" (DB at 9) in finding the alleged scheme, if true, gave investors the "impression of a state of affairs . . . [that] differs in a material way from the one that actually exists." MTD Order at 18. Second, Defendants' materiality argument (DB at 9) is not appropriate for decision on a motion to dismiss. *See Siracusano v. Matrixx Initiatives, Inc.*, 585 F.3d 1167, 1178-79 (9th Cir. 2009) (reversing dismissal where issue of "materiality . . . should have been left to the trier of fact"). Finally, in order to be immaterial "puffery," as Defendants claim, the Credit and Compliance Misstatements must be "vague statements of optimism like 'good,' 'well-regarded,' or other feel good monikers . . . ." *Alphabet Sec. Litig., R.I. v. Alphabet, Inc.*, 1 F.4th 687, 700 (9th Cir. 2021). However, "[s]uch statements rise to the level of materially misleading statements" where, as here, they "provide 'concrete description[s] of the past and present' that affirmatively create a plausibly misleading impression of a 'state of affairs that differed in a material way from the one that actually existed.'" *Id*. (quoting *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1144 (9th Cir. 2017)). The Credit and Compliance Misstatements are anything but puffery. Rather these statements concern

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION
FOR RECONSIDERATION AND TO EXTEND TIME TO FILE THE AMENDED COMPLAINT

LVS's core business—its lending practices used to get whales into the casino and gambling.[2]

### C. The Court Overlooked the Internal Control Statements in Erroneously Dismissing Them with Prejudice

Defendants do not argue that Plaintiffs failed to respond to their arguments challenging falsity of the Internal Control Statements. Instead, Defendants erroneously contend that Plaintiffs' response was not substantive enough and, therefore, amounts to no response at all and is waived. DB at 10-11. Plaintiffs (and the Court) understood Defendants' argument to be that the Internal Control Statements (¶¶217-20) were not actionable because Plaintiffs did not adequately allege the existence of an unauthorized transfer scheme[3]—the same falsity argument Defendants made as to the Credit and Compliance Misstatements. *See* MTD Br. at 28. Plaintiffs explained in their opposition to Defendants' motion to dismiss that the Credit and Compliance Misstatements were false because, in light of the unauthorized transfer scheme, they created the perception of a state of affairs that differed from what existed. *E.g.*, ¶¶171, 179; MTD Oppo. Br. at 10-12. Rather than repeating this entire argument in opposing dismissal of the Internal Control Statements, Plaintiffs incorporated by reference their falsity argument relating to the Credit and Compliance Misstatements. MTD Oppo. Br . at 12 n.5 ("For this reason, LVS's representations about the effectiveness and adequacy of its 'disclosure controls and procedures' were also materially misleading. *See* ¶¶217-220."). Where, as here, there is overlap in arguments, a party may incorporate by reference the responsive argument, rather than repeating it. *See, e.g., Doran v. Colvin*, 2016 U.S. Dist. LEXIS 125597, at *17-19 (D. Or. Sep. 15, 2016) (holding party did not waive argument "relegated to a footnote" because it "squarely addresse[d] the issues" and "include[d] citations to the administrative record").

Defendants incorrectly characterize the Court's MTD Order, claiming that Judge Navarro dismissed the Internal Control Statements because "Plaintiffs offered no *substantive* response to

---

[2] Plaintiffs explained in opposition to Defendants' motion to dismiss how and why the Credit and Compliance Misstatements were material. MTD Oppo. Br. at 12-14. As argued initially in opposition to Defendants' motion to dismiss, Defendants' "'effort[s] to reassure the investing public about [LVS's] integrity'" were not "'immaterial as a matter of law.'" *Id*. at 14 (quoting *In re Petrobras Sec. Litig.*, 116 F. Supp. 3d 368, 381 (S.D.N.Y. 2015)).

[3] MTD Oppo. Br. at 11-12 & n.5; MTD Order at 21.

Defendants' arguments, and thus waived these claims." (Emphasis added. ) DB at 10. That is *not* what the Court found. Rather, the Court's Order makes clear that it dismissed the Internal Control Statements because it did not see any response in Plaintiffs' opposition, at all, to Defendants' arguments (MTD Order at 21-22), not because Plaintiffs' response was not sufficiently substantive, as Defendants contend. DB at 12. Indeed, in dismissing the Internal Control Misstatements with prejudice, the Court found "Plaintiffs did not respond to [the disclosure control argument] and thus have consented to granting that portion of the Motion." Order at 21. The Court's findings did not acknowledge Plaintiffs' response in footnote 5, nor did it make any finding that Plaintiffs' response was not sufficiently substantive as a basis for dismissal.

Defendants' mischaracterization of the Internal Control Statements as "cautionary statements" (DB at 11) similarly lacks merit. The Internal Control Statements are affirmative statements required by Sarbanes Oxley to inform investors that Defendants have reviewed LVS's internal controls over financial reporting and of the results of that review—here, concluding that LVS's "disclosure controls" were "effective." ¶¶217-20. The Internal Control Statements are, thus, a far cry from purported cautionary statements merely warning investors that LVS might lack such controls. Defendants affirmatively stated that such internal controls were "effective."

Moreover, Defendants' argument that these statements were merely warnings, is contrary to the purpose of Sarbanes Oxley. *See, e.g., In re Wash. Mut., Inc. Sec.*, 694 F. Supp. 2d 1192, 1212-13 (W.D. Wash. 2009) (statements regarding the effectiveness of internal controls were not true where defendants lacked adequate control environment); *In re Ramp Corporation Sec. Litig.*, 2006 U.S. Dist. LEXIS 49579, at *38 (S.D.N.Y. July 21, 2006) (holding Sarbanes Oxley certifications false where defendants violated anti-bribery clauses in code of ethics). Indeed, by requiring Defendants to make the "Sarbanes-Oxley Certifications" in question, Congress and the SEC sought "to facilitate full disclosure and ensure the accuracy of financial reports by requiring corporate executives' personal stamp of approval" (149 Cong. Rec. S5325, S5329 (daily ed. Apr. 11, 2003)) not, as Defendants suggest, some sort of warning as to the Company's ability to report accurately.

Finally, Defendants' argument that "no reasonable investor would have read these statements as ensuring the absence of any issues, and certainly not as saying anything about third-party fund transfers

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION AND TO EXTEND TIME TO FILE THE AMENDED COMPLAINT

at MBS" (DB at 10-11) is nonsense. By assuring investors LVS maintained "effective" internal controls free from material weaknesses was to ensure investors the Company, as a whole, had "effective" internal controls, including LVS's wholly owned casino—MBS. In fact, Singapore's CRA eventually found that MBS did lack sufficient internal controls as a result of the unauthorized transfer practices. MTD Oppo. Br. at 20 ("Defendants ignore that the CRA concluded that there were 'weaknesses in MBS' casino control measures pertaining to fund transfers' and directed MBS to strengthen its controls. ¶237.").

### D.  Plaintiffs Should Be Granted Leave to Amend with the Benefit of the Court's Full Reasoning on the Sufficiency of the Amended Complaint

Defendants argue that Plaintiffs' request to amend their complaint after the Court's decision on the instant Reconsideration Motion is moot because Plaintiffs already filed their amended complaint. DB at 11. Not so. Prior to amending the complaint, Plaintiffs should be afforded the benefit of the Court's full analysis of its claims to properly understand the deficiencies the Court perceives in the pleading. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1011 (9th Cir. 2018) (granting plaintiff additional opportunity to amend on remand following appeal "[g]iven [the Ninth Circuit's] policy favoring leave to amend"); *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies."). Under the MTD Order, Plaintiffs were required to file their amended complaint prior to the Court's ruling on the Reconsideration Motion—before receiving the benefit of the Court's full analyses. Accordingly, Plaintiffs' request is not moot and should be granted.

### III.    CONCLUSION

For the foregoing reasons, and those discussed in Plaintiffs' opening memorandum of law in support of the Reconsideration Motion (ECF No. 75), Plaintiffs respectfully request that the Court grant their Reconsideration Motion in its entirety.

//

//

//

//

8

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION
FOR RECONSIDERATION AND TO EXTEND TIME TO FILE THE AMENDED COMPLAINT

Dated: April 29, 2021                              Respectfully submitted,

                                                   **ALDRICH LAW FIRM, LTD.**

                                                   */s/John P. Aldrich*
                                                   John P. Aldrich, Esq.
                                                   7866 West Sahara Ave.
                                                   Las Vegas NV 89117
                                                   Tel.  702.853.5490
                                                   Fax.  702.227.1975
                                                   Email:  jaldrich@johnaldrichlawfirm.com

                                                   **LEVI & KORSINSKY, LLP**
                                                   Shannon L. Hopkins (admitted *pro hac vice*)
                                                   Adam Apton (*pro hac vice* forthcoming)
                                                   1111 Summer Street, Suite 403
                                                   Stamford, CT 06905
                                                   Tel: (203) 992-4523
                                                   Email: shopkins@zlk.com

                                                   *Counsel for Plaintiffs*

9

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION
FOR RECONSIDERATION AND TO EXTEND TIME TO FILE THE AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2022, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

**ALDRICH LAW FIRM, LTD.**

*/s/ John P. Aldrich*
John P. Aldrich, Esq.
*Counsel for Plaintiffs*

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION AND TO EXTEND TIME TO FILE THE AMENDED COMPLAINT