John P. Aldrich, Esq.
NV Bar No. 6877
**Aldrich Law Firm, Ltd.**
7866 West Sahara Ave.
Las Vegas, NV 89117
Tel: (702) 853-5490
jaldrich@johnaldrichlawfirm.com

Shannon L. Hopkins (*Pro Hac Vice*)
**Levi & Korsinsky, LLP**
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE DANIELS FAMILY 2001 REVOCABLE TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>LAS VEGAS SANDS CORP., DR. MIRIAM ADELSON, in her capacity as Special Administrator of the estate of SHELDON G. ADELSON, PATRICK DUMONT, and ROBERT G. GOLDSTEIN,<br><br>            Defendants. | Case No. 2:20-cv-01958-CDS-EJY<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' INFORMAL REQUEST FOR JUDICIAL NOTICE** |

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ...................................................................................1

II.     LEGAL STANDARD.............................................................................................2

III.    ARGUMENT.........................................................................................................4

      A.    Defendants' Motion to Dismiss Should Be Denied in its Entirety Because Defendants Improperly Rely Upon Materials Outside the Pleadings to Resolve Factual Disputes in Their Favor.............................................................................4

      B.    The Court Should Not Take Judicial Notice of the Exhibits Not Cited or Relied on in the SAC......................................................................................................5

      C.    The Court Cannot Take Judicial Notice of Documents Cited in the SAC Only for Context and that Do Not Form the Basis of Plaintiffs' Claims ...........................7

      D.    While the Court May Take Judicial of Documents Relied Upon in the SAC, It May Not Consider the Facts Therein for Their Truth and to Resolve Factual Disputes................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Body Jewelz, Inc. v. Valley Forge Ins. Co.*,
241 F. Supp. 3d 1084 (C.D. Cal. 2017) ............................................................................... 3

*Bunkley v. Verber*,
2018 WL 1242168 (N.D. Cal. Mar. 9, 2018)....................................................................... 5

*Gammel v. Hewlett-Packard Co.*,
905 F. Supp. 2d 1052 (C.D. Cal. 2012) ....................................................................... 2, 3, 8

*Grooms v. Legge*,
2009 WL 2031730 (S.D. Cal. July 8, 2009) ....................................................................... 2

*In re ECOtality, Inc. Sec. Litig.*,
2014 WL 4634280 (N.D. Cal. Sept. 16, 2014) ................................................................... 8

*In re Edward D. Jones & Co., L.P. Sec. Litig.*,
2019 WL 2994486 (E.D. Cal. 2019)................................................................................... 1

*In re Silver Wheaton Corp. Sec. Litig.*,
2019 WL 1512269 (C.D. Cal. Mar. 25, 2019)............................................................... 2, 5, 9

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ................................................................................... passim

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ....................................................................................... 2, 4, 5

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*,
416 F.3d 940 (9th Cir. 2005) ............................................................................................. 2

*Maiman v. Talbott*,
2010 U.S. Dist. LEXIS 142712 (C.D. Cal. Aug. 9, 2010)................................................. 8

*Sec. Exch. Comm'n v.Hui Feng*,
2017 U.S. Dist. LEXIS 103592 (C.D. Cal. June 29, 2017) ........................................... 5, 6

*United States v. Corinthian Colleges.*,
655 F.3d 984 (9th Cir. 2011) ............................................................................................. 9

*Walker v. City of Fresno*,
2010 WL 3341861 (E.D. Cal. Aug. 23, 2010)................................................................... 2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' INFORMAL REQUEST FOR JUDICIAL NOTICE

Plaintiffs object to and oppose Defendants' informal request for judicial notice in support of their Motion to Dismiss Second Amended Class Action Complaint ("Motion to Dismiss" or "MTD") and accompanying memorandum of law ("DB"). ECF No. 84.[1]

## I.    PRELIMINARY STATEMENT

In support of their Motion to Dismiss, Defendants ask the Court in a single footnote[2] to judicially-notice ***thirty-four*** exhibits spanning more than 1,100 pages. Defendants, however, make no effort to authenticate the documents or establish how each document qualifies for judicial notice within the meaning of Rule 201 of the Federal Rules of Evidence. Moreover, many of the exhibits are not referenced, or relied upon, in the SAC and most are offered to factually challenge Plaintiffs' well-supported allegations on disputed issues. The Ninth Circuit has made clear that defendants may not "present their own version of the facts at the pleading stage" through judicial notice of extraneous documents and facts. At the pleading stage, "courts must interpret the allegations and factual disputes in favor of the plaintiff." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999, 1014 (9th Cir. 2018).

Accordingly, "district courts may not consider material outside of the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure" with two exceptions: "the incorporation-by-reference doctrine, and judicial notice under the Federal Rule of Evidence 201." *In re Edward D. Jones & Co., L.P. Sec. Litig.*, 2019 WL 2994486, at *2 (E.D. Cal. 2019). The Ninth Circuit recently criticized the "concerning pattern" of defendants in securities class actions of misusing these exceptions, as here, in an attempt to undermine the plaintiff's well-pled allegations and rewrite the complaint. *Khoja*, 899 F.3d at 998. The *Khoja* court stated unequivocally that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well[-]pleaded complaint." *Khoja*, 899 F.3d at 1003. To do otherwise would run afoul of "the prohibition against resolving factual disputes at the pleading stage." *Id*. "Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference

---

[1] Unless otherwise noted, all emphasis is added and internal citations and quotations have been omitted, citations to "¶_" are to the Second Amended Class Action Complaint ("SAC"), ECF No. 77, and all capitalized terms not defined herein shall have the same meaning ascribed to them in the SAC.

[2] *See* DB at 4, footnote 3. While footnote 20 also mentions judicial notice, it only offers support for the proposition that a court may judicially notice a public company's historical stock prices. DB at 37, footnote 20.

doctrine." *Id*. at 999.

Defendants' request for judicial notice is a prime example of the abuses *Khoja* warned about. Here, Defendants ask the Court to consider ***thirty-four*** documents affixed to the Declaration of Patrick G. Byrne in Support of Defendants' Motion to Dismiss ("Byrne Decl.")[3] that they use to construct an alternative version of events that purport to explain away, excuse, or contradict the well-pled factual allegations in the SAC. Plaintiffs disagree with many of Defendants' purported "facts" and strongly urge the Court to reject Defendants' invitation to wade into factual disputes and deny the request for judicial notice.[4] *See In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019) ("it appears from their briefing that defendants are relying on these exhibits to present their own version of the facts to defeat plaintiffs' claims at the pleading stage. . . . [I]t would be inappropriate for the Court to consider defendants' exhibits for this purpose.").

## II.   LEGAL STANDARD

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Under Rule 12(b)(6), "[t]he Court ***must accept as true all factual allegations in the complaint*** and must draw all reasonable inferences from those allegations, ***construing the complaint in the light most favorable to the plaintiff***." *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1062 (C.D. Cal. 2012). Courts should not make factual determinations on a motion to dismiss. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005). Rather, a court must assess the sufficiency of the allegations in the complaint, not the merits of the case. *Walker v. City of Fresno*, 2010 WL 3341861, at *4 (E.D. Cal. Aug. 23, 2010); *see Grooms v. Legge*, 2009 WL 2031730, at *2 (S.D. Cal. July 8, 2009) ("On a motion to dismiss, it is not the court's function to weigh the evidence.").

---

[3] All "Exhibit" references herein are to the Exhibits to the Byrne Decl. ECF. No. 85.

[4] If the Court is inclined to consider Defendants' alternative version of events and accept Defendants' request that the Court weigh and decide those competing factual disputes, then their motion should be converted to a motion for summary judgment and Plaintiffs should be afforded the opportunity to take meaningful discovery. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. 2019) ("Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials"); *Fabbri v. Wilkinson*, 2019 WL 5781914, *2 (C.D. Cal 2019) ("given the number of documents [20] defendant seeks to have considered in connection with its Motion, the court is persuaded that such documents and the arguments raised in the pending Motion would more appropriately be considered at summary judgment.").

Case No. 2:20-cv-01958-CDS-EJY

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

2

There are limited exceptions to the rule that outside evidence may not be considered by the court. First, courts may take judicial notice of a fact this not subject to reasonable dispute to the extent permitted by Fed. R. Evid. 201. *Khoja*, 899 F.3d at 998. "A fact is 'not subject to reasonable dispute' if it is [1] 'generally known' or 'can be accurately and [2] readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja*, 899 F.3d at 999. "[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1090 (C.D. Cal. 2017). Under virtually no circumstances, however, should a court consider such documents for the truth of the matters they assert. *Gammel*, 905 F. Supp. 2d at 1061.

Second, the incorporation by reference doctrine "permits a district court to consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleadings.'" *Gammel*, 905 F. Supp. 2d at 1061. To be incorporated by reference, the complaint, however, must refer "extensively to the document or the document [must] form[] the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002. "[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Id*. As with judicial notice, the truth of the documents incorporated by reference should not be considered. *Gammel*, 905 F. Supp. 2d at 1061 ("[T]he Court will not consider [incorporation by reference] documents for the truth of the matters they assert.").

The Ninth Circuit recently noted "a concerning pattern in securities cases" where defendants are "exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja*, 899 F.3d at 998. Thus, the Ninth Circuit cautioned against allowing defendants to, as they have here, improperly pile on documents at the motion to dismiss stage, stating:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access. . . .If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as

uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief. Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine.

*Id.* at 998-99. The Court further noted that:

Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless a district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint—accepted as true at the pleading stage—can easily topple otherwise cognizable claims.

*Id*. at 1003.

As discussed below, the Court should deny Defendant's Motion to Dismiss and require them to bring a new motion based on the allegations in the SAC, not their separately created narrative. In the alternative, the Court should decline to take judicial notice of documents not cited in the SAC and documents cited for context but not relied extensively or to form the basis of Plaintiffs' claim and decline to consider any of the Defendants' asserted facts from their thirty-four Exhibits for their truth.

## III.   ARGUMENT

### A.   Defendants' Motion to Dismiss Should Be Denied in its Entirety Because Defendants Improperly Rely Upon Materials Outside the Pleadings to Resolve Factual Disputes in Their Favor

Defendants blatantly disregard the general rule that prohibits district courts from considering material beyond the pleadings in requesting judicial notice of thirty-four exhibits in support of their Motion to Dismiss. *Lee*, 250 F.3d at 688 (9th Cir. 2001). Courts confronted with such an egregious overuse of the judicial notice doctrine, as here, have denied the motion to dismiss in its entirety.

For example, in *Fabbri v. Wilkinson*, defendants sought judicial notice of twenty documents, significantly fewer than the thirty-four documents Defendants seek to judicially notice here. 2019 WL 5781914, at *2 (C.D. Cal. Nov. 5, 2019). In denying the defendants' motion to dismiss in its entirety, the court found defendants committed an egregious "overuse and improper application of judicial notice," and, thus, "*given the number of documents* defendant seeks to have considered in connection with its Motion, the court is persuaded that such documents and the arguments raised in the pending Motion would more appropriately be considered at summary judgment." *Id.*

Like the defendants in *Fabbri*, Defendants here did not file a formal motion requesting judicial notice, nor did they make any effort to authenticate the Exhibits or to establish how each document qualifies for judicial notice. *Fabbri*, 2019 WL 5781914, at *2. And, like defendants in *Fabbri*, Defendants here do not confine their arguments in the Motion to Dismiss to the facts as pleaded in the SAC. Instead, they rely upon an alternative set of facts to dispute factual issues in the SAC. Accordingly, Defendants are now part of that "concerning pattern" identified by the Ninth Circuit Court of Appeals, shamelessly seeking judicial notice of more than eleven-hundred pages "to present their own version of the facts to defeat plaintiffs' claims at the pleading stage." *In re Silver Wheaton Corp. Sec. Litig.* 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018).

Like the court in *Fabbri*, this Court should rebuff Defendants' impermissible request for judicial notice and deny Defendants' Motion to Dismiss because it requires the Court to analyze an alternative set of facts that Defendants created by "exploiting [judicial notice] procedures." *Khoja* at 899 F.3d 988, 998-99 (9th Cir. 2018); *see also Fabbri*, 2019 WL 5781914, at *2.

### B.    The Court Should Not Take Judicial Notice of the Exhibits Not Cited or Relied on in the SAC

Defendants seek judicial notice of nine exhibits that appear ***nowhere*** in the SAC for the sole purpose of creating factual challenges to Plaintiffs' well-supported allegations on disputed issues. The Court should deny judicial notice on that basis alone. *Lee*, 250 F.3d at 688 (generally, district court may not consider material beyond the pleadings).

Defendants assert that any SEC filings or other matters of public record may be properly judicially noticed, even if they were not referenced in the SAC. DB at 4, fn. 3. But this is not the law. To be judicially noticeable, SEC filings and other matters of public record must be ***relevant*** to the matter to be judicially noticed. *See, e.g.*, *Sec. Exch. Comm'n v. Hui Feng*, 2017 U.S. Dist. LEXIS 103592, at *7 (C.D. Cal. June 29, 2017) ("Court finds the existence of the documents for which Defendants seek judicial notice is not relevant, and therefore denies Defendants' requests for judicial notice."); *Bunkley v. Verber*, 2018 WL 1242168, at *2 (N.D. Cal. Mar. 9, 2018) (though documents that are undisputed matter of public record may be given judicial notice, such records must still be relevant to the current

claim).

Here, none of the nine exhibits that are not referenced in the SAC are relevant to the facts and claims asserted in this case. For example, Defendants seek to refute Plaintiffs' scienter allegations by introducing SEC filings showing Defendants' stock ownership purportedly increased during the Class Period. DB at 34-35 (citing Exhibits 26-29). But the SAC contains no allegations concerning Defendants' stock ownership or transactions during the Class Period. Thus, these facts are not at issue, nor are they relevant to the sufficiency of the SAC and the Court should deny Defendants' request for judicial notice of Exhibits 26-29. *Feng*, 2017 U.S. Dist. LEXIS 103592, at *7.

Likewise, Exhibit 31 cites the stock prices of two other companies who Defendants claim to be competitors of LVS—the MGM and Wynn casinos—for the purpose refuting loss causation by showing that LVS's stock price was not caused by the alleged corrective disclosures but, rather, some other market forces. DB at 30. Defendants' speculative arguments about the stock price movements of other companies not cited in the SAC and that are not even parties to this litigation, are not relevant. Moreover, Defendants may not introduce other companies' stock prices to refute Plaintiffs' claims at the pleading stage.

Defendants also cite Exhibits 12 through 14—press releases issued by the CRA—to argue LVS did not violate any governmental regulations, thereby warranting dismissal of the SAC. DB at 5-6 (asserting that press releases announcing LVS's casino license renewal as evidence LVS complied with local law). But, as set forth in Plaintiffs' accompanying brief in Opposition to Defendants' Motion to Dismiss ("OB") at 3, 22-23, Plaintiffs assert claims for securities fraud, not for violations of Singapore or Chinese law. Plaintiffs' securities law claims are predicated on whether Defendants made false statements about LVS's compliance with its internal lending policies and internal controls. Thus, these documents, too, are not relevant.[5]

Thus, the Court should deny Defendants' request for judicial notice of these nine Exhibits because they are not cited or relied upon in the SAC and are not otherwise relevant to the facts and issues

---

[5] Defendants attach Exhibit 6, LVS's Form 10-K, filed with the SEC for the period ending December 31, 2020, to the Byrne Decl., but do not cite it anywhere in their MTD. Nor do Plaintiffs rely upon it in the SAC. Accordingly, the Court should not take judicial notice of Exhibit 6.

Case No. 2:20-cv-01958-CDS-EJY

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

in this case.

**C.    The Court Cannot Take Judicial Notice of Documents Cited in the SAC Only for Context and that Do Not Form the Basis of Plaintiffs' Claims**

Defendants request that the Court take judicial notice of six exhibits consisting of various excerpts from the Casino Control Act ("CCA") and Casino Control Regulations ("CCR") (Exhibits 7-11) and a Securities and Exchange Commission Order against LVS in early 2016, prior to the Class Period (Exhibit 24). While Plaintiffs acknowledge that these six exhibits are cited in the SAC, they may not be judicially noticed under the "incorporated by reference" doctrine. To be considered as "incorporated by reference," the complaint must refer "extensively to the document or the document [must] form[] the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002. Neither is true here.

Exhibits 7 through 11 are referenced in the SAC merely to provide context about why Defendants engaged in the Unauthorized Transfer Scheme and do not serve as the basis for Plaintiffs' claims. Plaintiffs allege the CRA and CCR placed significant restrictions and limitations on LVS's ability to extend credit to Singaporean and Chinese patrons. OB at 5-7. Thus, Plaintiffs allege, Defendants circumvented these regulatory limitations by implementing the widespread and pervasive Unauthorized Transfer Scheme. Moreover, of the 382 paragraphs in the SAC, less than 10 paragraphs mention these regulations, and none are used to support Plaintiffs Section 10(b) claim predicated on false statements concerning LVS's lending policies and internal controls.

Likewise, Plaintiffs cite Exhibit 24 discussing a $9 million pre-Class Period settlement with the SEC in only two paragraphs of the SAC (¶¶296-97) to show LVS has a pattern of misconduct in disregarding regulations. The SEC Order was issued prior to the Class Period and is based on alleged violations of different regulations than those discussed in the SAC. Thus, Plaintiffs do not rely on it to support their claims in this case and the Court should deny judicial notice. *Khoja*, 899 F.3d at 1002 ("[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document.").

Even if the Court takes judicial notice of these exhibits, it may not take their contents for the truth of the matters for which Defendants assert them. *In re ECOtality, Inc. Sec. Litig.*, 2014 WL 4634280, at *3 n.2 (N.D. Cal. Sept. 16, 2014). *Gammel*, 905 F. Supp. 2d at 1061 ("[T]he Court will not

consider [incorporation by reference] documents for the truth of the matters they assert."); *Khoja*, 899 F.3d at 1003 (9th Cir. 2018) (holding "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well pleaded [sic] complaint." This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage.")

### D.   While the Court May Take Judicial Notice of Documents Relied Upon in the SAC, It May Not Consider the Facts Therein for Their Truth and to Resolve Factual <u>Disputes</u>

Defendants improperly seek to interject new facts from nineteen exhibits cited in the SAC to resolve factual disputes in their favor on this Motion to Dismiss. Broadly speaking, Plaintiffs acknowledge that portions of these exhibits (Exhibits 1-5, 15-23, 25, 30, 32-34), are cited in and/or relied on in the SAC and, therefore, are incorporated by reference. *See Khoja*, 899 F.3d at 1002 (documents that are referred to extensively and "form[] the basis of the plaintiff's claim" can be incorporated by reference). However, Plaintiffs object to Defendants' attempt to "assume the truth of an incorporated document [where] such assumptions only serve to dispute facts stated in a well[-]pleaded complaint." *Id*. at 1003

For example, Defendants cite Exhibits 1 through 5, 32 and 33, LVS SEC filings, to improperly argue (among other things) that the Unauthorized Transfer Scheme was not material to LVS's overall revenue. DB at 23. But Plaintiffs allege each of these documents contain false and misleading statements. ¶¶159-65. The Court cannot consider for their truth, different facts from these documents that Defendants cite and are not in the SAC, especially where the documents, themselves, are in dispute. *Maiman v. Talbott*, 2010 U.S. Dist. LEXIS 142712, at *21 (C.D. Cal. Aug. 9, 2010) (courts may not take judicial notice of "disputed facts stated in public records"). Indeed, "were the Court to assume the truth of all documents incorporated by reference into the [Complaint], that would mean assuming the truth of all of Defendants' allegedly false or misleading statements. . . . [which would make it] impossible ever to successfully plead a fraud claim." *In re ECOtality, Inc. Sec. Litig*., 2014 WL 4634280, at *3 n.2 (N.D. Cal. 2014). The Ninth Circuit has made clear that "a court cannot take judicial notice of disputed facts." *Khoja*, 899 F.3d at 999. Documents, such as these, that are "subject to varying interpretations[] and [where] there is a reasonable dispute as to what [they] establish[]," are, therefore, not subject to judicial notice. *Id*. at 1000; *see also United States v. Corinthian Colleges*., 655 F.3d 984,

999 (9th Cir. 2011) (courts "may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed").

Exhibit 34, the transcript from a J.P. Morgan conference, is similarly alleged to be false and misleading. Thus, for the reasons stated above, the Court make not take judicial notice of other facts from the transcript not cited in the SAC that are clearly in dispute.

Defendants in *In re Silver Wheaton Corp. Sec. Litig.*, like here, sought judicial notice of more than one thousand pages attached to the motion to dismiss. 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019). The court rejected defendants' requests for judicial notice and refused to consider any materials beyond the portions of the SEC filings that formed the basis of the plaintiffs' claims, explaining:

> Although "judicial notice and incorporation-by-reference do have roles to play at the pleading stage, the overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." […] [I]t appears from their briefing that defendants are relying on these exhibits to present their own version of the facts to defeat plaintiffs' claims at the pleading stage. As explained above, it would be inappropriate for the Court to consider defendants' exhibits for this purpose.

*Id.* (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018) (noting "a concerning pattern in securities cases like this one: exploiting [judicial notice] procedures" and reversing lower court's dismissal improperly relying on materials outside the pleadings). So, too, should the Court here decline to take judicial notice of facts beyond those used to form the basis of Plaintiffs claims.

Plaintiffs also rely on various *Bloomberg* news articles (Exhibits 16-23) in the SAC that they allege support falsity and partially revealed the truth about Defendants' Class Period misstatements concerning LVS's compliance with its credit policies and internal controls. OB at 8-11, 35-37. Defendants, however, rely on different facts from those same articles to argue LVS complied with governmental regulations and lacked the requisite scienter in making the alleged false statements. *See, e.g.*, DB at 18 (asserting *Bloomberg* article contained evidence that "no patron funds were transferred" contrary to patrons' intent or in violation of regulations). As discussed in Plaintiffs' opposition brief, Plaintiffs' claims are for securities fraud, not LVS's compliance with government regulations. OB at 3,

22-23. Thus, the facts Defendants cite from the *Bloomberg* articles are not relevant. Moreover, Plaintiffs did not cite the statement in the December 2020 *Bloomberg* article regarding *MBS* management's knowledge of the unauthorized transfers that Defendants rely on (DB at 30) because *MBS* management's scienter is not at issue. OB at 29. Rather, it is the Individual Defendants who are the CEO, CFO and COO of LVS, whose scienter is at issue. Thus, the statement about MBS management's knowledge, which Plaintiffs also dispute, is not relevant to the claims in this case.

Accordingly, while the Court can take judicial notice of exhibits relied on in the SAC that form the basis of Plaintiffs' claims, it cannot take them for the truth of the matter for which Defendants assert them and the Court should not take judicial notice of irrelevant facts.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss. In the alternative, Plaintiffs respectfully request that the Court deny Defendants' request for judicial notice to the extent it requests that the Court: (1) consider the truth of the matter asserted in documents not cited in or relied upon in the SAC; and (2) rely on extraneous documents, including those incorporated by reference or judicially-noticed, to resolve factual disputes in Defendants' favor; and if the Court offers judicial notice of documents, Plaintiffs respectfully request that they not be considered for the truth of the matters they assert.

Dated: June 17, 2022

Respectfully submitted,

**ALDRICH LAW FIRM, LTD.**
*/s/ Catherine Hernandez (#8410)*
John P. Aldrich, Esq.
NV Bar No. 6877
7866 West Sahara Ave.
Las Vegas, NV 89117
Tel.  702.853.5490
Fax.  702.227.1975
Email:  jaldrich@johnaldrichlawfirm.com

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (*Pro Hac Vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com

*Counsel for Plaintiffs*

Case No. 2:20-cv-01958-CDS-EJY

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2022, I electronically filed the foregoing document using the CM/ECF system which will send notifications of such filings to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

**ALDRICH LAW FIRM, LTD.**

*/s/ Catherine Hernandez (#8410)*
John P. Aldrich, Esq.

*Counsel for Plaintiffs*