Patrick G. Byrne (Nevada Bar #7636)
Morgan Petrelli (Nevada Bar #13221)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Tel.  702.784.5200
Fax.  702.784.5252
Email:  pbyrne@swlaw.com
         mpetrelli@swlaw.com

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
Martha C. Clarke (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel.  312.853.7000
Fax.  312.853.7036
Email:  wcarlson@sidley.com
         lawrence.fogel@sidley.com
         mclarke@sidley.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| THE DANIELS FAMILY 2001 REVOCABLE TRUST, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:20-cv-01958-CDS-EJY |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| LAS VEGAS SANDS CORP., DR. MIRIAM ADELSON, in her capacity as Special Administrator of the estate of SHELDON G. ADELSON, PATRICK DUMONT, and ROBERT G. GOLDSTEIN, | |
| Defendants. | |

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

## TABLE OF CONTENTS

INTRODUCTION...........................................................................................................................1

ARGUMENT ...............................................................................................................................1

    A.    Plaintiffs Concede That a Majority of the Exhibits Are Incorporated by Reference, and Plaintiffs' Attempt to Selectively Excerpt Them is Improper....................2

    B.    Exhibits 7-11 and 24 are Properly Incorporated by Reference into the SAC. ...................6

    C.    Exhibits 12-14, 25-29, and 31 are Matters of Public Record Whose Authenticity is Not Disputed, and Can be Judicially Noticed.......................................................7

CONCLUSION .........................................................................................................................10

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- i -

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Inc. Sec. Litig.*,
  2020 WL 2857397 (N.D. Cal. June 2, 2020) ............................................................... 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................... 6

*Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*,
  2012 WL 685344 (N.D. Cal. Mar. 2, 2012) ................................................................. 8

*Dehoog v. Anheuser-Busch InBev SA/NV*,
  899 F.3d 758 (9th Cir. 2018) ....................................................................................... 9

*In re ECOtality, Inc. Sec. Litig.*,
  2014 WL 4634280 (N.D. Cal. Sept. 16, 2014) ............................................................ 4

*In re Eventbrite, Inc. Sec. Litig.*,
  2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) .......................................................... 3, 6

*Ferris v. Wynn Resorts Ltd.*,
  462 F. Supp. 3d 1101 (D. Nev. 2020) ...................................................................... 2, 9

*Fialkov v. Microsoft Corp.*,
  72 F. Supp. 3d 1220 (W.D. Wash. 2014), *aff'd*, 692 F. App'x 491 (9th Cir. 2017) ................. 5

*In re Finjan Holdings, Inc. Sec. Litig.*,
  2021 WL 4148682 (N.D. Cal. Sept. 13, 2021) ............................................................ 3

*Habelt v. iRhythm Techs., Inc.*,
  2022 WL 971580 (N.D. Cal. Mar. 31, 2022) .............................................................. 3

*Hampton v. Aqua Metals, Inc.*,
  2020 WL 6710096 (N.D. Cal. Nov. 16, 2020) ............................................................ 8

*Hurst v. Enphase Energy, Inc.*,
  2021 WL 3633837 (N.D. Cal. Aug. 17, 2021) ............................................................ 7

*John Lechner v. Infusystem Holdings, Inc.*,
  2017 WL 11593803 (C.D. Cal. Dec. 15, 2017) .......................................................... 8

*Kelly v. Elec. Arts, Inc.*,
  2015 WL 1967233 (N.D. Cal. Apr. 30, 2015) ............................................................ 5

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ..............................................................................*passim*

*Lloyd v. CVB Fin. Corp.*,
    2012 WL 12883522 (C.D. Cal. Jan. 12, 2012) ...................................................... 8

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
    540 F.3d 1049 (9th Cir. 2008) .............................................................................. 7

*In re MGM Mirage Sec. Litig.*,
    2013 WL 5435832 (D. Nev. Sept. 26, 2013) ......................................................... 9

*In re MGM Mirage Sec. Litig.*,
    No. 2:09-CV-01558-GMN (D. Nev. July 6, 2012) ................................................ 9

*In Re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,
    2020 WL 7664461 (N.D. Cal. Dec. 24, 2020) ....................................................... 4

*Sharenow v. Impac Mortg. Holdings, Inc.*,
    385 F. App'x 714 (9th Cir. 2010) .......................................................................... 8

*In re Silver Wheaton Corp. Sec. Litig.*,
    2019 WL 1512269 (C.D. Cal. Mar. 25, 2019). ..................................................... 4

*In re Solarcity Corp. Sec. Litig.*,
    274 F. Supp. 3d 972 (N.D. Cal. 2017) ................................................................... 8

*Westley v. Oclaro, Inc.*,
    897 F.Supp. 2d 902 (N.D. Cal. 2012) .................................................................... 8

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**INTRODUCTION**

Plaintiffs' Opposition to Defendants' requests for judicial notice (the "Opp.") is wholly without merit. Each one of the thirty-four exhibits attached to Defendants' Motion to Dismiss plainly falls within either or both of the incorporation by reference and judicial notice doctrines. As Plaintiffs concede, the vast majority of these documents are expressly referred to in the Second Amended Complaint ("SAC"), and Plaintiffs even agree that most of them have been incorporated by reference. The Opposition, however, seeks to prevent Defendants from citing to these same documents—and, in some cases, the ***very facts***. But the incorporation by reference doctrine is specifically intended to prevent plaintiffs from engaging in such cherry-picking of information when it suits them and ignoring it when it does not. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The remaining exhibits are indisputably matters of public record, whose authenticity Plaintiffs do not even attempt to challenge,[1] and are of the type that courts in this Circuit routinely take judicial notice of on a motion to dismiss.

Tellingly—and conspicuously omitted from the Opposition—***all but one*** of these thirty-four documents were filed as exhibits to Defendants' prior motion to dismiss. ***Plaintiffs did not challenge a single one***. Nor did Judge Navarro find that any of these exhibits were improperly submitted to the Court. Plaintiffs' new approach (and unwarranted hyperbole) is a transparent attempt to hide defects in their allegations. Plaintiffs' Opposition is without basis, unsupported by law, and should be rejected.

**ARGUMENT**

The Ninth Circuit recognizes several well-established doctrines that permit a court to consider matters outside a complaint. One is the incorporation by reference doctrine, which allows courts to "treat[] certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 998, 1002. A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (citing and quoting *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003)). A second doctrine is judicial

---

[1] Plaintiffs claim that Defendants did not "make any effort to authenticate the Exhibits." Opp. 5. To the contrary, Defendants filed the Declaration of Patrick G. Byrne, authenticating each exhibit. ECF No. 85.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

notice under Federal Rule of Evidence 201, which permits a court to take into account matters of public record that are "not subject to reasonable dispute," that are "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Ferris v. Wynn Resorts Ltd.*, 462 F. Supp. 3d 1101, 1117 (D. Nev. 2020).

Under one or both of these doctrines, courts in the Ninth Circuit routinely take into account the same type and quantity of documents that Defendants seek judicial notice of here. *See, e.g.*, *Ferris*, 462 F. Supp. 3d at 1116-17 (finding incorporation by reference or granting judicial notice for 51 exhibits offered by defendants, including SEC filings, news articles, and matters of public record); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) (finding incorporation by reference or granting judicial notice for 64 exhibits offered by defendants, including SEC filings, news articles, and historical stock prices).[2]

Notwithstanding this well-established authority, the Opposition asserts that the Court should reject Defendants' requests for judicial notice, and makes three arguments.[3] As discussed below, all are wholly without merit.

### A. Plaintiffs Concede That a Majority of the Exhibits Are Incorporated by Reference, and Plaintiffs' Attempt to Selectively Excerpt Them is Improper.

The Opposition concedes that a majority of the exhibits at issue are incorporated by reference into the SAC. Opp. 8. This includes, *inter alia*, 7 SEC filings (Exs. 1-5, 32-33), 8 *Bloomberg* Articles (Exs. 16-23), and the J.P. Morgan investor conference transcript containing one of the alleged

---

[2] Accordingly, the Opposition's repeated assertion that thirty-four exhibits is somehow "egregious" or outside the norm, Opp. 1, 2, 4, is baseless. So is the Opposition's hyperbolic claim regarding the exhibits' cumulative number of pages. *Id.* 1, 5. In fact, approximately 800 of the 1,100 total pages are the very SEC filings that Plaintiffs challenge. Defendants included the entirety of these documents for context and the Court's convenience. Finally, Plaintiffs now claim to fault Defendants for not separately moving for judicial notice. *Id.* 1. But Defendants took the same approach in the prior motion to dismiss and Plaintiffs raised no objection. Nor did Judge Navarro raise any issue. Moreover, Plaintiffs point to no rule or other authority that requires a defendant to separately move for judicial notice. Either is a well-accepted approach in this District.

[3] Relying on a single decision that is 2-pages long and does not reference the Private Securities Litigation Reform Act ("PSLRA"), *Fabbri v. Wilkinson*, the Opposition alternatively argues that Defendants' Motion to Dismiss should be denied in its entirety. Opp. 4-5. Plaintiffs make no effort to compare the exhibits discussed in *Fabbri* to those at issue here. Further, and to the extent it is even relevant, *Fabbri* stands alone in contrast to the overwhelming majority of cases from this Circuit involving the PSLRA that take judicial notice on a motion to dismiss of the same types of documents that Defendants seek here.

2

misstatements (Ex. 34).[4] The Opposition does not (and cannot) dispute that Plaintiffs expressly and extensively rely on and refer to each of these documents. SAC ¶¶ 144-45, 151, 155, 159-60, 163-64, 166-67, 173, 177, 181-82, 188, 192, 194, 196-97, 204, 208, 210, 212-13, 220, 224, 226, 228-29, 231, 233, 235, 237-38, 240, 242, 244 (SEC filings); *id.* ¶¶ 30, 99, 114, 116, 129, 133-38, 156, 246-64, 270, 276, 278, 284-86, 292-93, 330, 339-47 (*Bloomberg* articles); *id.* ¶¶ 159-65 (transcript). Under the incorporation by reference doctrine, these documents are treated as though they are part of the complaint itself, and the Court may consider the full text of the documents, "including portions which were not mentioned in the complaint[]." *Habelt v. iRhythm Techs., Inc.*, 2022 WL 971580, at *5 (N.D. Cal. Mar. 31, 2022) (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996)).

Citing to *Khoja*, the Opposition argues that the Court should deviate from this rule and ignore the portions of these documents cited by Defendants because they purportedly seek "to interject new facts" and "wade into factual disputes." Opp. 1, 8. But as another court explained in rejecting the same argument, "Plaintiffs oversimplify *Khoja*." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020). "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *Id.* (emphasis in original).

The Opposition has likewise misconstrued *Khoja*. Contrary to Plaintiffs' argument, Defendants are not urging the Court to "wade into factual disputes," Opp. 1, but are merely insisting that Plaintiffs be held to their well-defined pleading burden and not receive unwarranted inferences based upon Plaintiffs' cherry-picking of documents. Indeed, as *Khoja* explained, the very purpose of the incorporation by reference doctrine is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken— or doom—their claims." *Khoja*, 899 F.3d at 1002. Accordingly, district courts following *Khoja* have continued to take into consideration the entirety of a document where a plaintiff seeks to obtain unwarranted inferences through its selective excerpting of the document. *See e.g.*, *In re Finjan*

---

[4] Plaintiffs purport to challenge Exhibits 15 and 30, Opp. 8, but never address either exhibit. Nor do Plaintiffs have any basis to do so. Plaintiffs concede both exhibits are incorporated by reference and do not dispute Defendants' citations.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

*Holdings, Inc. Sec. Litig.*, 2021 WL 4148682, at \*3 (N.D. Cal. Sept. 13, 2021) (considering full document where plaintiff "selectively cites from the [document] to his benefit but ignores those parts of the document that do not favor him, precisely what *Khoja* says a plaintiff may not do"); *In Re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, 2020 WL 7664461, at \*4 (N.D. Cal. Dec. 24, 2020) (considering full document where plaintiffs "conveniently omit" unfavorable facts: "[t]his selective pleading is precisely why the incorporation-by-reference doctrine exists").

As explained below, the Court should do the same here, as Plaintiffs either do not dispute Defendants' citation and/or Plaintiffs' allegation is selectively excerpted and thus not well-pled.

*First*, Plaintiffs argue that the Court may not consider the financial results contained in LVS's SEC filings (Exs. 1-5, 32-33), because these facts "are in dispute." Opp. 8. This is nonsense. Nowhere have Plaintiffs ever challenged Defendants' financial statements. In fact, and to the contrary, Plaintiffs plead these *very same financial results* in their allegations. *See* SAC ¶¶ 58-63, 81, 90, 130-32 (citing LVS and MBS financial results taken from these SEC filings); Pls. Opp. to Defs. Mtn. to Dismiss, ECF No. 95 at 5 n.1 (same).[5] Plaintiffs' argument boils down to the absurd proposition that the Court should consider these facts when it serves Plaintiffs' claims, but ignore these very same facts when unhelpful to them. This is plainly not the law, and the authority cited by Plaintiffs is inapposite. For example, in *Khoja*, cited at Opp. at 8, the court declined to take judicial notice of a statement from an investor call transcript because the speaker's statements were ambiguous and "subject to varying interpretations." 899 F.3d at 1000. This is nothing like the present case, where Plaintiffs make no challenge to the accuracy of LVS's financial statements and specifically rely on the exact same figures.[6]

---

[5] Plaintiffs take issue with Defendants' submission of the 2020 10-K, Ex. 6, as an exhibit. However, and contrary to Plaintiffs' contention, the SAC repeatedly refers to 2020 financial results contained in this document. *See* SAC ¶¶ 58-59, 63, 90, 131-32. It is incorporated by reference.

[6] Plaintiffs' other cases are similarly distinguishable. In *In re Silver Wheaton Corp. Sec. Litig.*, cited at Opp. 2, 5, 9, the defendants sought judicial notice of documents far different from those at issue here, including excerpts of deposition transcripts, transfer pricing studies, audit working papers and emails between the company and its outside auditors. 2019 WL 1512269, at \*8 (C.D. Cal. Mar. 25, 2019). In addition, unlike *In re ECOtality, Inc. Sec. Litig.*, Opp. 8, Defendants are not arguing that the Court should assume "the truth of all of Defendants' allegedly false or misleading statements." 2014 WL 4634280, at \*3 (N.D. Cal. Sept. 16, 2014). Rather, consistent with the law, the Court should analyze the statements alleged to be false in their full context.

*Second*, Plaintiffs do not dispute that the *Bloomberg* articles (Exs. 16-23), which Plaintiffs rely on both as bases for their allegations of falsity and as alleged corrective disclosures, are incorporated by reference.[7] Instead, Plaintiffs argue that the Court should disregard "different facts" from these articles beyond those cited in the SAC. Opp. 9. For example, Plaintiffs argue that the statement from a December 2020 *Bloomberg* article that MBS management was "unaware" of any alleged transfer issues until 2018 should not be considered because "Plaintiffs do not cite the statement" in their SAC and it is "not relevant" to their claim. Opp. 10.

Plaintiffs' argument is meritless. As an initial matter, Plaintiffs affirmatively alleged this very excerpt—set out in a block quote, no less—in their prior complaint. *See* Plfs. First Amended Compl., ECF No. 36 ¶ 244. Plaintiffs' strategic altering of their complaint does not preclude a court from considering this fact. *See e.g.*, *Kelly v. Elec. Arts, Inc.*, 2015 WL 1967233, at *8 (N.D. Cal. Apr. 30, 2015) (where plaintiffs removed allegations from amended complaint, "the Court agrees with the defendants that the context of the statement contradicts plaintiffs' assertions" and "need not adopt the plaintiffs' view"). Moreover, Plaintiffs' new argument that the statement is "not relevant" because "MBS management's scienter is not at issue," Opp. 10, ignores the central allegations in the SAC. Based on an allegation of a single confidential witness, the SAC alleges that the alleged unauthorized transfers were discussed in meetings in 2014 and 2015 attended by MBS management. SAC ¶¶ 115, 270. Without any non-conclusory support, the SAC proceeds to allege that this was reported up to the Individual Defendants. *Id.* But if MBS management was not aware of the alleged transfers until 2018, this casts serious doubt on the allegations attributed to CW-1 and demonstrates that no basis exists at all for the alleged reporting to the Individual Defendants. Accordingly, whether and when MBS management was informed of the alleged improper transfers is plainly relevant to Plaintiffs' efforts to plead scienter. And the law is clear that when determining whether allegations of scienter are sufficient to survive a motion to dismiss under the PSLRA, a court "must consider *all* reasonable inferences to be drawn from the allegations, including inferences unfavorable to the plaintiffs." *Fialkov v. Microsoft Corp.*, 72 F. Supp. 3d 1220, 1228 (W.D. Wash.

---

[7] *Khoja* held it was proper to consider similar documents. 899 F.3d at 1004 (blog post incorporated by reference where complaint "did more than merely mention it"); *id.* at 1004-05 (incorporation of market report and web articles proper where documents formed the basis of claims).

2014), *aff'd*, 692 F. App'x 491 (9th Cir. 2017) (citation omitted).

As another example, Plaintiffs repeatedly rely upon one *Bloomberg* article for the proposition that the Casino Regulatory Authority ("CRA") "concluded in or around September 2020 that 'there were weaknesses in MBS's casino control measures related to fund transfers.'" SAC ¶ 30, *see also id.* ¶¶ 156, 178, 193, 209, 225, 234, 243 (similar). But Plaintiffs attempt to hide the context. The full excerpt states:

> Singapore's Casino Regulatory Authority said it has completed investigations into allegations that Marina Bay Sands carried out unauthorized transfers from accounts of former Chinese patron Wang Xi. In a response to a Bloomberg News inquiry, the CRA said it concluded the casino didn't breach requirements in that case—including those relating to anti-money laundering—though "there were weaknesses in MBS' casino control measures pertaining to fund transfers," it said in a statement, referring to the complaint by Wang.

Ex. 22, Sept. 16, 2020 Article at 1048.

Plaintiffs' selective pleading should be rejected. *Khoja*, 899 F.3d at 1002; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007) (court "was entitled to take notice of the full contents of the published articles referenced in the complaint, from which the truncated quotations were drawn").

*Third*, Plaintiffs conclusorily argue in a single sentence that the Court should not take judicial notice of "other facts" from the J.P. Morgan investor conference transcript (Ex. 34), "that are clearly in dispute." Opp. 9. Plaintiffs, though, never identify what "facts" are purportedly in dispute. One of Plaintiffs' alleged misstatements is set forth in this transcript, and "*Khoja* . . . did not eradicate the rule that alleged false statements 'must be analyzed in context.'" *In re Eventbrite*, 2020 WL 2042078 at * 7 (citing and quoting *In re Stac*, 89 F.3d at 1408).

### B.   Exhibits 7-11 and 24 are Properly Incorporated by Reference into the SAC.

Plaintiffs also challenge six exhibits that they likewise concede are cited in the SAC. However, Plaintiffs argue these exhibits are not incorporated by reference because they were not "extensively referenced" in the SAC and included "merely to provide context." Opp. 7. Plaintiffs' argument misstates the law and their own SAC.

Five of these exhibits, Exs. 7-11, are the Singapore Casino Control Act and Casino Control Regulations, which are expressly referenced in the SAC in no less than a dozen paragraphs. *See, e.g.*, SAC ¶¶ 4, 43, 49, 51-55, 94-95, 102, 320. This is more than sufficient under Ninth Circuit law

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

to qualify for incorporation by reference, and stands in stark contrast to the document at issue in *Khoja*. *See Khoja*, 899 F.3d at 1002-03 (concluding that a document may be deemed "extensively" relied on when it is referred to "more than once," and finding that a document cited only once "in a two-sentence footnote" was not incorporated by reference). Moreover, these regulations are directly relevant to the central theory of Plaintiffs' case, which is predicated on an alleged "illicit" scheme that allegedly violated these regulations. *See e.g.*, SAC ¶ 5 ("Defendants orchestrated a scheme whereby MBS by *illegally* extending in-house lines of credit to gamblers that, *by law*, were otherwise ineligible to receive credit."); *id.* ¶¶ 164, 169, 184, 199, 215 (alleging MBS extended credit to patrons who did not qualify for it "*under local law*") (emphases added).

The sixth exhibit, Ex. 24, is an SEC Order that the SAC expressly refers to in at least seven paragraphs, and constitutes an element of Plaintiffs' scienter allegations. SAC ¶¶ 297-302, 333. The Opposition's argument that "Plaintiffs do not rely on it to support their claims," Opp. 7, is plainly false, and an effort to walk-back the SAC's allegations after Defendants explained how the SEC Order cuts directly against Plaintiffs' allegations of scienter. *See* Defs.' Mtn., ECF No. 84 at 22.

### C.   Exhibits 12-14, 25-29, and 31 are Matters of Public Record Whose Authenticity is Not Disputed, and Can be Judicially Noticed.

Finally, Plaintiffs challenge nine exhibits that they concede are matters of public record and make no objection to their authenticity. Plaintiffs' sole argument is that these documents should not be judicially noticed because they are "not relevant" to Plaintiffs' claims. Opp. 5-7. Plaintiffs' arguments are demonstrably wrong.

*First*, the Opposition challenges five SEC filings, Exs. 25-29, showing the Individual Defendants' stock ownership increased over the putative Class Period. Opp. 6. SEC filings, including the very type Defendants have included here, are regularly subject to judicial notice. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Hurst v. Enphase Energy, Inc.*, 2021 WL 3633837, at *3 (N.D. Cal. Aug. 17, 2021) (Schedule 14A and other SEC filings "are matters of public record, not subject to reasonable dispute, and available from sources whose accuracy cannot reasonably be questioned—the SEC's public website.").

This is true even where the complaint does not contain allegations regarding the defendants'

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

stock ownership. For example, in *Hampton v. Aqua Metals, Inc.*, the plaintiffs argued that SEC filings describing an individual defendant's stock holdings were "irrelevant" because "the SAC does not allege insider trading by [the defendant] or that he was financially motivated to commit fraud based on stock sales." 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020). Even so, the court took judicial notice of the SEC filings "because they contain relevant information required for an assessment of the SAC's scienter allegations, and their authenticity is not in question." *Id.* Numerous other cases are in accord. *See e.g.*, *John Lechner v. Infusystem Holdings, Inc.*, 2017 WL 11593803, at *7 (C.D. Cal. Dec. 15, 2017) (taking judicial notice of SEC filings even though the complaint "makes no allegations of any specific sales," and finding that an increase in stock holdings during relevant time period "detracts from a holistic finding of scienter"); *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (taking judicial notice of Forms 4 because "whether stock sales were made or not made" is relevant in evaluating scienter); *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *8 (N.D. Cal. Mar. 2, 2012) (similar); *Westley v. Oclaro, Inc.*, 897 F.Supp. 2d 902, 928 (N.D. Cal. 2012) (similar).[8]

*Second*, Plaintiffs oppose Ex. 31, a stock price chart showing the historical stock prices of LVS and its peer companies. Plaintiffs again do not dispute the accuracy or authenticity of this publicly-available information, but argue the Court should still ignore it because the "stock price movements" of LVS's peer companies are "not relevant." Opp. 6. This is simply untrue. The SAC expressly refers to the performance of LVS's peers in numerous paragraphs, including by name. SAC ¶¶ 32, 337, 339, 341. In fact, Plaintiffs expressly base several of their loss causation allegations on LVS's performance relative to its peers, and even allege a "Peer Index" that purports to show LVS's stock "underperform[ed] as compared to its peers." *Id.* ¶ 341. Plaintiffs thus have plainly put the stock price performance of LVS's peers at issue, and it is entirely appropriate for the Court to take judicial notice of Ex. 31. *See Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *13 (C.D. Cal.

---

[8] *Sharenow v. Impac Mortg. Holdings, Inc.*, cited by Plaintiffs in their Opposition to Defendants' Motion to Dismiss, ECF No. 95 at 32, is not to the contrary. Based on the specific allegations in that case, the court in *Sharenow* did not draw a negative inference from the lack of stock sales. 385 F. App'x 714, 717 (9th Cir. 2010). At no point did it say that a court may *never* draw such an inference.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Jan. 12, 2012) (considering comparative stock price information where plaintiffs placed it at issue).[9]

*Third*, Plaintiffs challenge three press releases issued by the CRA, Exs. 12-14, each of which is a public announcement by the CRA that it had renewed MBS's license. Opp. 6. Courts routinely take judicial notice of government press releases where, like here, they are from "publicly accessible websites whose accuracy and authenticity is not subject to dispute." *Ferris*, 462 F. Supp. 3d at 1117. *See also Dehoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 763 n.5 (9th Cir. 2018) (taking judicial notice of "government documents, court filings, press releases, and undisputed matters of public record"). Indeed, *Khoja* affirmed judicial notice of a similar document, holding that a patent application published by a foreign government agency was "verifiable with certainty, and of the same type as other governmental documents which courts have judicially noticed." 899 F.3d at 1001 (citation omitted).

Moreover, and contrary to Plaintiffs' argument, these press releases are highly relevant. As noted above, Plaintiffs' claims are premised on an alleged "widespread" and "illicit" scheme that allegedly violated Singapore law and exposed the Company to regulatory action and "heightened regulatory risk." *Supra* at 7; SAC ¶¶ 9, 165. The SAC also extensively alleges that MBS operated in a "tightly regulated gaming industry," where the CRA, among other things, "licensed and regulated the operation of casinos and approved any system of controls." *Id.* ¶¶ 42-56. Further, as part of MBS's license renewal process, the CRA broadly took into consideration whether "each associate" of MBS "is of good repute, having regard to character, honesty, and integrity," *id.* ¶ 320, and whether MBS "has a consistent track record of compliance with legal and regulatory requirements," ECF No. 84 at 4. That the CRA repeatedly renewed MBS's license after consideration of these factors is directly relevant to Plaintiffs' alleged claims.

___

[9] Plaintiffs' affirmative pleading of comparative stock price performance distinguishes this case from *In re MGM Mirage Sec. Litig.*, in which the Court declined to consider similar information. 2013 WL 5435832, at *1 (D. Nev. Sept. 26, 2013) (cited in ECF No. 95 at 38). In that case, plaintiffs opposed judicial notice because the stock prices of MGM's competitors were "not referenced in, nor embraced by" the complaint. *See* Lead Plaintiffs' Memo. of Points and Authorities in Opp. to Request for Judicial Notice, *In re MGM Mirage Sec. Litig.*, No. 2:09-CV-01558-GMN, (D. Nev. July 6, 2012), ECF No. 185.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant judicial notice of the Exhibits attached to Defendants' Motion to Dismiss the Second Amended Complaint.

Dated: July 8, 2022

SNELL & WILMER, L.L.P.

By: /s/ Patrick Byrne
    Patrick G. Byrne, Esq.
    Morgan Petrelli, Esq.
    3883 Howard Hughes Parkway,
    Ste. 1100
    Las Vegas, NV 89169
    Tel.  702.784.5200
    Fax: 702.784.5252
    Email:  pbyrne@swlaw.com
           mpetrelli@swlaw.com

    Walter C. Carlson (*Pro Hac Vice*)
    Lawrence P. Fogel (*Pro Hac Vice*)
    Martha C. Clarke (*Pro Hac Vice*)
    SIDLEY AUSTIN LLP
    One South Dearborn Street
    Chicago, IL 60603
    Tel.  312.853.7000
    Fax. 312.853.7036
    Email:  wcarlson@sidley.com
           lawrence.fogel@sidley.com
           mclarke@sidley.com

    *Attorneys for Defendants*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

10

**CERTIFICATE OF SERVICE**

On July 8, 2022, I served the foregoing document on all parties appearing in this case when filing said document through the court's PACER system with automatic e-service on all persons who have registered for e-service on PACER for this case.


/s/ Lyndsey Luxford
An employee of SNELL & WILMER L.L.P.

4861-9934-2120.1

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

11