Patrick G. Byrne (Nevada Bar #7636)
Morgan Petrelli (Nevada Bar #13221)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone:  702.784.5200
Facsimile:  702.784.5252
Email: pbyrne@swlaw.com
        mpetrelli@swlaw.com

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: 312.853.6892
Email: wcarlson@sidley.com
        lawrence.fogel@sidley.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| THE DANIELS FAMILY 2001 REVOCABLE TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS SANDS CORP., DR. MIRIAM ADELSON, in her capacity as Special Administrator of the estate of SHELDON G. ADELSON, PATRICK DUMONT, and ROBERT G. GOLDSTEIN,<br><br>Defendants. | Case No.: 2:20-cv-01958-CDS-EJY<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants respectfully submit this response to Plaintiffs' Motion for Leave to File Notice of Supplemental Authority (ECF No. 103, the "Motion for Leave"), which argues that the decision in *In re Paysign, Inc. Securities Litigation*, No. 2:20-cv-00553-GMN-DJA, 2023 U.S. Dist. LEXIS 22055 (D. Nev. Feb. 9, 2023), supports Plaintiffs' arguments in their opposition to Defendants' Motion to Dismiss the Second Amended Class Action Complaint (ECF No. 84, the

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

"Motion to Dismiss"). Defendants do not oppose Plaintiffs' Motion for Leave, but the *Paysign* decision provides no support for Plaintiffs' arguments.

Contrary to Plaintiffs' assertion, the Court in *Paysign* did not "find[] the plaintiffs had adequately alleged falsity and scienter." ECF No. 103-1. Instead, *Paysign* was a narrow decision that addressed only the element of scienter and hinged on unique factual allegations—including public disciplinary sanctions issued against Paysign's former Chief Financial Officer, Arthur De Joya. 2023 U.S. Dist. LEXIS 22055, at *9-10 ("The parties' focus, however, centers around whether Plaintiffs adequately allege scienter.").[1]

In *Paysign*, the plaintiffs claimed that Paysign and Paysign's CEO and CFO had made misleading statements in Paysign's SEC filings by failing to disclose that they allowed De Joya to assist with preparing Paysign's 2017, 2018, and 2019 financial statements, despite knowing that De Joya had been suspended from the practice of accountancy. *Id.* at *3, *13. In particular, De Joya had been suspended by the SEC in 2015 pursuant to a cease-and-desist order, and the Nevada State Board of Accountancy subsequently pursued disciplinary action against De Joya and prohibited him from practicing before the SEC from June 2016 through December 2018. *Id.* at *12. Plaintiffs corroborated their scienter allegations with statements from six confidential witnesses ("CWs"). *See id.* at *5. For example, CW4—a manager at Paysign from 2016 to 2020—stated that De Joya had told him directly that De Joya had "worked closely" with the CEO "for years," and that De Joya's office was "right next to" the office of the CFO, with whom he "also worked closely." *Id.* at *12-13. Moreover, in March 2020, Paysign announced that it was delaying the filing of its annual report for 2019 because of "deficiencies in its internal controls over financial reporting," among other issues, and later announced that it was delaying its earnings results. *Id.* at *4. In light of these announcements, and given the "detailed and specific" allegations about the high-profile disciplinary action against De Joya, his former role as Paysign's CFO, and the widespread knowledge of his suspension, the Court held that the plaintiffs' allegations supported a strong inference of scienter. *Id.* at *13-14.

---

[1] Unlike *Paysign*, in which the defendants only contested the element of scienter, Defendants here have moved to dismiss on three separate elements: (1) no pleading of a false statement, (2) no pleading of scienter, and (3) no pleading of loss causation.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Nothing remotely like the indicia of scienter in *Paysign* is present here. There are no allegations of any disciplinary sanctions against any employee at Las Vegas Sands Corp. ("LVS") or the property at issue, Marina Bay Sands ("MBS")—much less allegations about public disciplinary sanctions imposed by the SEC or other regulators against a senior officer or anyone else. In fact, although Plaintiffs' case alleges a widespread and illegal scheme of unauthorized transfers, there has been only a single claim of unauthorized transfers (by MBS patron Wang Xi), and Singapore's Casino Regulatory Authority reviewed that claim and found no regulatory breach by MBS. ECF No. 77 ¶ 260. Nor is there any allegation that LVS has ever delayed its SEC filings or earnings results, or found a deficiency in its internal controls over financial reporting.

Plaintiffs ignore those fundamental differences. Instead, their only argument for why *Paysign* bears on this case is their assertion that it involves CW statements that were "corroborated by several other pieces of detailed evidence." ECF No. 103 at 2; *see also* ECF No. 103-1 at 1. But the CW statements in *Paysign* are wholly unlike the uncorroborated statements here. The complaint in *Paysign* provided detailed accounts from six CWs, including some who had personal knowledge of De Joya's interactions with the individual defendants during the relevant period, therefore supporting the inference that "the Individual Defendants were exposed" to the relevant "factual information." 2023 U.S. Dist. LEXIS 22055, at *12-14. Here, by contrast, Plaintiffs rely on only two CWs—neither of whom is alleged to have had **any** interaction or communication with any of the Individual Defendants, as Defendants explained in their Motion and Plaintiffs do not and cannot contest. *See* ECF No. 84 at 29-30. In fact, CW-1 left her position in MBS's compliance department nearly a year before the beginning of the putative class period, and CW-2 worked in MBS's finance department for at most a small portion of time at the beginning of that period. *Id.* at 19 (citing ECF No. 77 ¶¶ 106, 117). Given that timing, their lack of personal knowledge, and the lack of any connection between their accounts and the Individual Defendants, the CWs here are wholly unlike the CWs in *Paysign*.

Moreover, and as further explained in Defendants' Motion to Dismiss (ECF No. 84 at 28-35) and Reply (ECF No. 99 at 12-18), none of the other allegations that Plaintiffs reference (*see* ECF No. 103 at 2-3) in any way "corroborate" the CWs' accounts or otherwise support an

inference of scienter. For example, the SEC filings show only that LVS maintains a Board Compliance Committee and an Operational Compliance Committee, neither of which included any of the Individual Defendants. *See* ECF No. 99 at 13. Moreover, there are no particularized allegations that the alleged unauthorized transfers were discussed at these meetings, or that this information was reported to the Individual Defendants. *See id.* at 13-16. The investigations that Plaintiffs point to (none of which have resulted in the bringing of any charges or claims) likewise "cannot support any inferences of wrongdoing or fraudulent scienter on the part of [the] company or its senior management." *In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1162 (C.D. Cal. 2007) (cited in ECF No. 84 at 32). And the Bloomberg articles not only lack a nexus to the Individual Defendants, but actually *undermine* Plaintiffs' claims. *See* ECF No. 99 at 14, 16 n.17.

Defendants respectfully submit that their Motion to Dismiss should be granted.

Dated: March 6, 2023

**SNELL & WILMER, L.L.P.**

By: */s/ Patrick Byrne*
Patrick G. Byrne, Esq.
Morgan Petrelli, Esq.
3883 Howard Hughes Parkway, Ste. 1100
Las Vegas, NV 89169

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

*Attorneys for Defendants*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 4 -

**CERTIFICATE OF SERVICE**

On March 6, 2023, I served the foregoing document on all parties appearing in this case when filing said document through the court's PACER system with automatic e-service on all persons who have registered for e-service on PACER for this case.

/s/ Lyndsey Luxford

4866-5684-3093

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200