Patrick G. Byrne (Nevada Bar #7636)
Morgan Petrelli (Nevada Bar #13221)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: pbyrne@swlaw.com
        mpetrelli@swlaw.com

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: 312.853.6892
Facsimile: 312.853.7036
Email: wcarlson@sidley.com
        lawrence.fogel@sidley.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| THE DANIELS FAMILY 2001 REVOCABLE TRUST, Individually and On Behalf of All Others Similarly Situated, | Case No.: 2:20-cv-01958-CDS-EJY |
| Plaintiff, | **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY** |
| v. | |
| LAS VEGAS SANDS CORP., DR. MIRIAM ADELSON, in her capacity as Special Administrator of the estate of SHELDON G. ADELSON, PATRICK DUMONT, and ROBERT G. GOLDSTEIN, | |
| Defendants. | |

Plaintiffs make several erroneous assertions in their response to Defendants' Motion for Leave to File Notice of Supplemental Authority regarding *Kang v. PayPal Holdings, Inc.* ("*PayPal I*"), No. 21-cv-6468, 2022 WL 3155241 (N.D. Cal. Aug. 8, 2022), and *Kang v. PayPal Holdings, Inc.* ("*PayPal II*"), No. 21-cv-6468, 2023 WL 3166159 (N.D. Cal. Apr. 27, 2023). Defendants respectfully submit this reply to correct those assertions.

- 1 -

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

First, Plaintiffs assert that the court in *PayPal I* took judicial notice of certain documents "for context only, but not for the truth of the matters asserted." ECF No. 106 ("Resp.") at 1. That mischaracterizes Judge Breyer's opinion. The court recognized that "incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents" where the complaint makes conclusory allegations that are contradicted by the incorporated documents. *PayPal I*, 2022 WL 3155241, at *7. The court therefore considered the statements asserted in the documents at issue in order to determine whether Plaintiffs had "inaccurately characterize[d] the contents of those documents" and to "assess the veracity of the challenged statement[s] in context." *Id.* This Court should do the same here for the *Bloomberg* articles and other documents that Plaintiffs selectively quote and reference.

Second, Plaintiffs claim that the plaintiffs in *PayPal* "did not allege" that the defendants "actually violated any regulations." Resp. 2. Yet that is precisely what the *PayPal* plaintiffs alleged. They "alleg[ed] that PayPal violated the Consent Order" at issue, and that PayPal "violated Regulation II, which restricts interchange fees for many debit card products." *PayPal I*, 2022 WL 3155241, at *3. The problem with their allegations is that they "fail[ed] to ***plausibly*** allege" that the defendants "in fact violated any regulatory obligation." *Id.* at *9 (emphasis added); *see also PayPal II*, 2023 WL 3166159, at *3. Plaintiffs' allegations here have the same deficiency. For example, Plaintiffs claim that they have "allege[d] numerous, detailed examples of Defendants' actual violations," but do not and cannot allege a single one. Rather, Plaintiffs allege only one claim of unauthorized transfers, which they acknowledge was investigated by Singapore's regulator and found ***not*** to involve a regulatory breach. *See* ECF No. 77 ¶ 260. In fact, Plaintiffs' present assertion is inconsistent with their own Opposition to Defendants' motion to dismiss, which argued that "Plaintiffs' case is … not about whether LVS violated governmental regulations." ECF No. 95 at 22.

Plaintiffs also claim that CW-1 "confirmed that [she] personally flagged thousands of unauthorized transfers and suspicious transfers per year, which CW-1 submitted to regulators on Suspicious Transaction Reports" ("STRs"). Resp. 2 (citing ECF No. 77 ¶¶ 106-08). This woefully distorts the allegations attributed to CW-1. Nowhere does the Second Amended Complaint allege

that she flagged unauthorized transfers; it merely alleges CW-1 reported what Singapore's statutory foreign currency reporting threshold required to be reported. ECF No. 77 ¶ 108. Moreover, the submission of STRs does not plausibly suggest an "actual violation." *PayPal II*, 2023 WL 3166159, at *3. In fact, MBS's submission of STRs **undermines** Plaintiffs' theory, by undercutting any suggestion that MBS concealed reports in order to continue a purported scheme of unauthorized transfers. Further, there is no allegation that Singapore regulators found any of the STRs to evidence unauthorized transfers. *See* ECF No. 84 at 20; ECF No. 99 at 14 n.14. Plaintiffs' bullet-point list of other allegations (Resp. 3-4) is likewise insufficient to show any actual violation, for the reasons Defendants explained in their prior briefing. *See* ECF No. 103 at 2-3 (similar bullet-point list); ECF No. 104 at 3-4 (addressing this list).

Third, Plaintiffs ask the Court to infer that two of the Individual Defendants had knowledge of "violations of LVS's compliance [p]olicies" based on allegations that (i) CW-1 discussed "suspicious transfers" during meetings with LVS's Global Chief Compliance Officer, and (ii) the Global Chief Compliance Officer in turn oversaw a Committee that "reports its findings to the full Board." Resp. 2-3. That chain of speculative inferences comes nowhere close to alleging scienter. Again, information about alleged suspicious transfers does not equate to knowledge of any "actual violation." *PayPal II*, 2023 WL 3166159, at *3. Plaintiffs also severely overstate the assertions of CW-1, who left MBS long before the start of the putative class period. *See* ECF No. 99 at 13-14. And on top of that, allegations that information was provided to the Global Chief Compliance Officer is insufficient to support any inference—much less a "strong inference"—that "any Individual Defendant … receiv[ed] a report about any alleged violation." *Id.* at *10-11.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendants respectfully request that the Court grant their unopposed Motion for Leave to File Notice of Supplemental Authority (ECF No. 105), and that the Court also grant their Motion to Dismiss the Second Amended Class Action Complaint (ECF No. 84).

Dated: May 15, 2023

SNELL & WILMER, L.L.P.

By: /s/ Patrick Byrne
    Patrick G. Byrne, Esq.
    Morgan Petrelli, Esq.
    3883 Howard Hughes Parkway, Ste. 1100
    Las Vegas, NV 89169

    Walter C. Carlson (*Pro Hac Vice*)
    Lawrence P. Fogel (*Pro Hac Vice*)
    SIDLEY AUSTIN LLP
    One South Dearborn Street
    Chicago, Illinois 60603

    *Attorneys for Defendants*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 4 -

## **CERTIFICATE OF SERVICE**

On May 15, 2023, I served the foregoing document on all parties appearing in this case when filing said document through the court's PACER system with automatic e-service on all persons who have registered for e-service on PACER for this case.


*/s/ Lyndsey Luxford*
An employee of Snell & Wilmer LLP

4890-1930-7108

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200