Patrick G. Byrne (Nevada Bar #7636)
Morgan Petrelli (Nevada Bar #13221)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone:  702.784.5200
Facsimile:  702.784.5252
Email:  pbyrne@swlaw.com
        mpetrelli@swlaw.com

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
Caroline A. Wong (*Pro Hac Vice to be filed*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:  312.853.6892
Facsimile:  312.853.7036
Email:  wcarlson@sidley.com
        lawrence.fogel@sidley.com
        caroline.wong@sidley.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| THE DANIELS FAMILY 2001 REVOCABLE TRUST, Individually and On Behalf of All Others Similarly Situated, | Case No.: 2:20-cv-01958-CDS-EJY |
| Plaintiff, | **MOTION FOR STAY PENDING ADJUDICATION OF DEFENDANTS' MOTION FOR RECONSIDERATION** |
| v. | |
| LAS VEGAS SANDS CORP., DR. MIRIAM ADELSON, in her capacity as Special Administrator of the estate of SHELDON G. ADELSON, PATRICK DUMONT, and ROBERT G. GOLDSTEIN, | |
| Defendants. | |

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 2

    I.    THE PSLRA REQUIRES A STAY PENDING RESOLUTION OF DEFENDANTS' MOTION FOR RECONSIDERATION. ........................................ 2

    II.   THE COURT SHOULD EXERCISE ITS AUTHORITY TO STAY DISCOVERY AND ALL OTHER PROCEEDINGS TO AVOID WASTING PARTY AND JUDICIAL RESOURCES. ................................................................. 4

CONCLUSION .................................................................................................................. 6

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                        **Page(s)**

*Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*,
  5 F.3d 378 (9th Cir. 1993)......................................................................................... 5

*Banister v. Davis*,
  140 S. Ct. 1698 (2020) .............................................................................................. 3

*Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*,
  No. 3:16-CV-1106, 2018 WL 1122195 (N.D. Ohio Mar. 1, 2018) ........................... 3

*Carey v. Saffold*,
  536 U.S. 214 (2002).................................................................................................. 3

*Chadbourne & Parke LLP v. Troice*,
  571 U.S. 377 (2014).................................................................................................. 2

*Dietz v. Bouldin*,
  579 U.S. 40 (2016).................................................................................................... 5

*Fazio v. Lehman Bros., Inc.*,
  No. 1:02-CV-157, 2002 WL 32121836 (N.D. Ohio May 16, 2002) ......................... 3

*In re Intuitive Surgical Sec. Litig.*,
  No. 5:13-CV-192, ECF No. 95 (N.D. Cal. Nov. 17, 2014) ...................................... 4

*Jeff D. v. Otter*,
  643 F.3d 278 (9th Cir. 2011)..................................................................................... 5

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936).................................................................................................. 5

*In re LeapFrog Enter., Inc. Sec. Litig.*,
  No. 15-CV-347, 2017 WL 3263114 (N.D. Cal. July 28, 2017)............................. 4, 5

*McGuire v. Dendreon Corp.*,
  No. 07-CV-800, 2009 WL 666863 (W.D. Wash. Mar. 11, 2009) ............................ 4

*Medhekar v. U.S. Dist. Ct. for the N. Dist. of California*,
  99 F.3d 325 (9th Cir. 1996)....................................................................................... 2

*Petrie v. Elec. Game Card, Inc.*,
  761 F.3d 959 (9th Cir. 2014)..................................................................................... 3

*Powers v. Eichen*,
  961 F. Supp. 233 (S.D. Cal. 1997) ............................................................................ 4

*Roberts v. Nye Cnty.*,
  No. 2:22-CV-398-RFB-EJY, 2023 WL 2844915 (D. Nev. Mar. 13, 2023) ............. 5

*Schaper v. Lensar, Inc.*,
  No. 23-CV-692, 2023 WL 4532462 (D. Del. July 13, 2023) .................................... 3

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

*SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of California*,
189 F.3d 909 (9th Cir. 1999)..................................................................................... 2, 3, 4

*State Farm Mut. Auto. Ins. Co. v. Hudson*,
No. 2:22-CV-02123-RFB-EJY, 2023 WL 3061552 (D. Nev. Apr. 24, 2023)....................... 5, 6

**Statutes**

15 U.S.C. § 78u-4.............................................................................................*passim*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

**MOTION FOR STAY PENDING ADJUDICATION OF
DEFENDANTS' MOTION FOR RECONSIDERATION**

Defendants Las Vegas Sands Corp., Dr. Miriam Adelson, in her capacity as Special Administrator of the Estate of Sheldon G. Adelson, Patrick Dumont, and Robert G. Goldstein (collectively, "Defendants") move the Court for entry of a stay of all discovery and other proceedings, including Defendants' time to answer, pending adjudication of Defendants' Motion for Partial Reconsideration, or for an Order Certifying an Interlocutory Appeal (ECF No. 109, the "Motion for Reconsideration"), which seeks reconsideration of the Court's August 8, 2023 Order (ECF No. 108, the "Order")[1] to the extent it denied in part Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC").

This motion is supported by the attached Memorandum of Points and Authorities, as well as the other papers and pleadings on file herein.

Dated: August 22, 2023

SNELL & WILMER, L.L.P.

By: */s/ Patrick Byrne*
Patrick G. Byrne, Esq.
Morgan Petrelli, Esq.
3883 Howard Hughes Parkway, Ste. 1100
Las Vegas, NV 89169

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
Caroline A. Wong (*Pro Hac Vice to be filed*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

*Attorneys for Defendants*

[1] The Order was signed on August 7, 2023, and was entered on the docket on August 8, 2023. *See* Docket Entry Text, ECF No. 108 ("Defendants' motion to dismiss the second-amended complaint [84] is GRANTED in part and DENIED in part. . . . Signed by Judge Cristina D. Silva on 8/7/2023. . . . (Entered: 08/08/2023).").

iv

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**INTRODUCTION**

On August 8, 2023, this Court issued an Order granting in part and denying in part Defendants' Motion to Dismiss the SAC. ECF No. 108. The Order dismissed Plaintiffs' allegations pertaining to challenged statements that were made in 2016, 2017, and 2018, but allowed the challenged statements from 2019 and 2020 to proceed. *Id.* On August 22, 2023, Defendants filed their Motion for Reconsideration, which, if granted, would result in dismissal of the SAC in its entirety. Given the pendency of Defendants' Motion for Reconsideration, allowing discovery and other proceedings to go forward at this time would cause unnecessary costs and unduly burden the parties' and judicial resources. Accordingly, Defendants respectfully request entry of an order staying all discovery and other case deadlines, including their time to answer, pending resolution of the Motion for Reconsideration. There are two independent bases for the Court to enter such a stay.

First, all proceedings should be stayed pursuant to the automatic-stay provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). Applying this provision here is consistent with the statute's text, and comports with Congress's determination that federal securities cases should proceed only after a district court has resolved all issues about which claims, if any, meet the PSLRA's heightened standards.

Second, independent of the automatic-stay provision, the Court has inherent authority to stay this case. And the circumstances here meet the criteria that courts typically apply in entering discretionary stays: a stay pending a ruling on the Motion for Reconsideration will appropriately minimize costs and preserve resources that otherwise might be spent on potentially needless discovery-related and other proceedings. In addition, a stay will not prejudice Plaintiffs. Defendants have properly issued preservation notices to all potentially relevant custodians, and any generalized arguments that Plaintiffs might make about potential loss of evidence or faded memories are purely speculative. Ultimately, any potential prejudice to Plaintiffs is heavily outweighed by the harm to Defendants if they are required to proceed with discovery and other proceedings at this juncture—precisely the harm that Congress has sought to prevent.

1

On August 16, 18, 21, and 22, 2023, counsel for the parties met and conferred telephonically and/or by email. Fogel Decl. ¶ 5 (attached hereto). During those discussions, Defendants informed Plaintiffs that they planned to file a motion for reconsideration of the Court's August 8, 2023 Order, which would be case-dispositive if granted, and that Defendants intended to seek a stay of all discovery and other case deadlines pending resolution of that motion. *Id.* Plaintiffs agreed to extend Defendants' deadline to file a responsive pleading by 90 days, but did not agree to a stay, notwithstanding Defendants' motion for reconsideration. *Id.* ¶ 6. Accordingly, Defendants now move for a stay of all discovery and other proceedings, including their time to answer, pending resolution of their Motion for Reconsideration.

## ARGUMENT

### I.   THE PSLRA REQUIRES A STAY PENDING RESOLUTION OF DEFENDANTS' MOTION FOR RECONSIDERATION.

The PSLRA's automatic-stay provision reflects a clear congressional intent to limit discovery and other proceedings until any challenges to the sufficiency of the allegations are resolved. It mandates that "**all** discovery and other proceedings **shall be stayed** during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B) (emphases added); *see also Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 383 (2014). The purpose of this provision is to "prevent unnecessary imposition of discovery costs on defendants," and to ensure that federal securities actions "stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of California*, 189 F.3d 909, 911-12 (9th Cir. 1999) (citations omitted); *accord Medhekar v. U.S. Dist. Ct. for the N. Dist. of California*, 99 F.3d 325, 328 (9th Cir. 1996).

To further these aims, courts have taken a broad view of the automatic-stay provision. For example, the provision applies when defendants potentially may file a motion to dismiss— even if no motion to dismiss is actually "pend[ing]." *See, e.g.*, *Schaper v. Lensar, Inc.*, No. 23-CV-692, 2023 WL 4532462, at *4 n.1 (D. Del. July 13, 2023); *Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, No. 3:16-CV-1106, 2018 WL 1122195, at *1 (N.D. Ohio Mar. 1, 2018) (collecting additional cases). The provision is also "interpreted broadly" to apply to

2

"co-defendants who have not filed motions to dismiss," *Fazio v. Lehman Bros., Inc.*, No. 1:02-CV-157, 2002 WL 32121836, at *2 (N.D. Ohio May 16, 2002), and to non-PSLRA claims that are joined in the suit, *SG Cowen*, 189 F.3d at 913 n.1.

Consistent with this body of authority, this Court should hold that the PSLRA's automatic stay applies pending adjudication of Defendants' Motion for Reconsideration. Under the statute's text, a motion to dismiss remains "pend[ing]," meaning it has not yet been finally resolved, until resolution of a request for reconsideration of a decision on the motion. 15 U.S.C. § 78u-4(b)(3)(B). That reading is consistent with courts' treatment of motions for reconsideration under Rule 59(e), which "suspend[] the finality" of a judgment subject to reconsideration, *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020), and with other case law interpreting the term "pending." *See Carey v. Saffold*, 536 U.S. 214, 220 (2002) (interpreting "pending" in another statute to mean "until . . . final resolution").

Moreover, an automatic stay here serves the objective that the PSLRA "clearly contemplates," which is that "'discovery should be permitted in securities class actions ***only after the court has sustained the legal sufficiency of the complaint***.'" *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014) (quoting S. Rep. No. 104-98 at 14 (1995)) (emphasis in original). Here, that prerequisite will not be met until the Court resolves Defendants' Motion for Reconsideration because, until that time, the legal sufficiency of the operative complaint remains subject to a pending challenge. Moreover, Defendants' Motion for Reconsideration, if granted, would result in dismissal of the SAC in its entirety. As a result, if the Court were to allow discovery and other proceedings to go forward now, there is clear risk of "unnecessary imposition of discovery costs"—precisely the harm that Congress "intended to prevent." *SG Cowen*, 189 F.3d at 911 (quoting H.R. Conf. Rep. No. 104-369, 104th Cong. 1st Sess. at 32 (1995)).

That reasoning applies not only to discovery, but also to Defendants' responsive pleading deadline. As noted, the PSLRA's automatic-stay provision applies to "all discovery ***and other proceedings.***" 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Like a stay of discovery, a stay of other case deadlines, such as the deadline for serving a responsive pleading, satisfies both the

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

text and aims of the PSLRA. This includes "prevent[ing] unnecessary imposition" of costs on Defendants, *SG Cowen*, 189 F.3d at 911-12 (citation omitted), because Defendants' Motion for Reconsideration, if granted, would result in dismissal of the SAC in its entirety and thus moot the substantial expenditure of time and resources needed for Defendants to answer the SAC.

Given the text and purpose of the PSLRA, other district courts within this Circuit have held that the PSLRA's automatic stay applies when there is a pending motion for reconsideration of a ruling on a motion to dismiss. *See Powers v. Eichen*, 961 F. Supp. 233, 236 (S.D. Cal. 1997) (applying automatic stay pending resolution of a motion for reconsideration because "it is clear that Congress did not contemplate a restrictive reading of the term 'pendency,'" and otherwise "defendants would be afforded very little of the protection that Congress intended"); *In re Intuitive Surgical Sec. Litig.*, No. 5:13-CV-192, ECF No. 95 (N.D. Cal. Nov. 17, 2014) (quoting *Petrie*, 761 F.3d at 968) (applying automatic stay pending resolution of a motion for reconsideration because "no discovery may proceed until the court has sustained the legal sufficiency of a complaint"); *see also McGuire v. Dendreon Corp.*, No. 07-CV-800, 2009 WL 666863, at *1 (W.D. Wash. Mar. 11, 2009) ("[N]o Ninth Circuit precedent hold[s] that motions for reconsideration are not subject to the PSLRA stay.").[2] This Court should reach the same conclusion and apply the PSLRA's automatic stay pending an adjudication of Defendants' Motion for Reconsideration.

**II.      THE COURT SHOULD EXERCISE ITS AUTHORITY TO STAY DISCOVERY AND ALL OTHER PROCEEDINGS TO AVOID WASTING PARTY AND JUDICIAL RESOURCES.**

This Court's inherent authority to manage its docket in the interest of judicial economy provides an additional basis to stay discovery and all other proceedings. "[C]ourts have the

---

[2] One court in this Circuit in dicta has questioned this conclusion, *see In re LeapFrog Enter., Inc. Sec. Litig.*, No. 15-CV-347, 2017 WL 3263114 (N.D. Cal. July 28, 2017), but that case is distinguishable. *LeapFrog* did not address a timely motion for reconsideration; it addressed "a motion for *leave* to file a motion for reconsideration"—which was filed several months after discovery had already commenced, and after "Defendants ha[d] produced" documents already. *Id.* at *1 (emphasis in original); *see also In re LeapFrog Enter., Inc. Sec. Litig.*, No. 15-CV-347, ECF No. 127 (N.D. Cal. Apr. 27, 2017) (joint discovery plan).

4

inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). This inherent authority includes the power to issue a stay. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also* Fed. R. Civ. P. 26(c) (authorizing courts to limit and manage discovery). To that end, district courts have "wide discretion in controlling discovery." *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). In deciding whether to order a stay, the factors a court considers include whether a pending motion is potentially dispositive, whether the motion can be decided without discovery, and whether good cause exists for a stay. *See, e.g.*, *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993); *Roberts v. Nye Cnty.*, No. 2:22-CV-398-RFB-EJY, 2023 WL 2844915, at *2 (D. Nev. Mar. 13, 2023).[3]

These factors all favor entry of a stay of discovery and other proceedings in this case. First, as already discussed, Defendants' Motion for Reconsideration, if granted, would be dispositive of all claims. Second, the Motion for Reconsideration can be decided without any discovery, as it addresses whether the SAC meets the pleading requirements for two elements of Plaintiffs' claims (scienter and loss causation)—questions that are to be decided as a matter of law, without resort to any discovery. And third, there is good cause to stay all discovery and other proceedings. As discussed above, if the Court were to allow discovery and other proceedings to go forward, there is substantial risk of the parties incurring significant, unnecessary costs. A stay would preserve the parties' and the Court's resources, factors that weigh heavily in favor of a stay. *See, e.g.*, *State Farm*, 2023 WL 3061552, at *1 ("the just and

---

[3] When ruling on a motion to stay discovery in other contexts, a court may take a "preliminary peek" at the merits of the potentially dispositive motion, such as when a defendant has moved to dismiss based on personal jurisdiction. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Hudson*, No. 2:22-CV-02123-RFB-EJY, 2023 WL 3061552, at *1 (D. Nev. Apr. 24, 2023). Defendants submit that a "preliminary peek" analysis is inapposite here, where the pending dispositive motion is a motion for reconsideration of Defendants' motion to dismiss. And even if that analysis were to apply, the legal bases for Defendants' Motion for Reconsideration weigh in favor of a stay.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

inexpensive determination of this action outweighs the benefits of allowing discovery to proceed at this time"); *see also* Fed. R. Civ. P. 26(c) (authorizing orders limiting discovery based on "undue burden or expense"). And on the other side of the balance, Plaintiffs can show no unfair prejudice from a stay. The PSLRA expressly requires preservation of all relevant evidence "[d]uring the pendency of any stay of discovery pursuant to this paragraph," 15 U.S.C. § 78u-4(b)(3)(C), and Defendants have properly issued preservation notices to all potentially relevant custodians. Plaintiffs thus face no non-speculative risk of losing relevant evidence or of any other unfair prejudice. Moreover, any purported prejudice to Plaintiffs is far outweighed by the harm to Defendants if they are required to proceed with discovery and other proceedings at this stage.

Given the dispositive nature of Defendants' Motion for Reconsideration, the substantial cost associated with private securities litigation, as expressly recognized by Congress in enacting the PSLRA, and the lack of prejudice to Plaintiffs from a stay, this Court's inherent authority to stay discovery and other proceedings provides an additional basis to grant Defendants' motion.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court enter a stay of all discovery and other case deadlines, including Defendants' time to answer, pending adjudication of Defendants' Motion for Reconsideration (ECF No. 109).

Dated: August 22, 2023

SNELL & WILMER, L.L.P.

By: /s/ Patrick Byrne
Patrick G. Byrne, Esq.
Morgan Petrelli, Esq.
3883 Howard Hughes Parkway, Ste. 1100
Las Vegas, NV 89169

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
Caroline A. Wong (*Pro Hac Vice to be filed*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

*Attorneys for Defendants*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

6

**CERTIFICATE OF SERVICE**

On August 22, 2023, I served the foregoing document on all parties appearing in this case when filing said document through the court's PACER system with automatic e-service on all persons who have registered for e-service on PACER for this case.


/s/ Debbie Shuta

4866-9737-3306

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

7