John P. Aldrich, Esq.
NV Bar No. 6877
**Aldrich Law Firm, Ltd.**
7866 West Sahara Ave.
Las Vegas, NV 89117
Tel: (702) 853-5490

Shannon L. Hopkins (*Pro Hac Vice*)
Gregory M. Potrepka (To Be Admitted *Pro Hac Vice*)
David C. Jaynes (To Be Admitted *Pro Hac Vice*)
**Levi & Korsinsky, LLP**
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE DANIELS FAMILY 2001 REVOCABLE TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>LAS VEGAS SANDS CORP., SHELDON G. ADELSON, and PATRICK DUMONT,<br><br>                    Defendants. | Case No. 2:20-cv-01958-CDS-EJY<br><br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING ADJUDICATION OF DEFENDANTS' MOTION FOR RECONSIDERATION** |

**TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT .........................................................................................1

II.  ARGUMENT ..............................................................................................................2

 A.  The PLSRA's Automatic Stay Does Not Apply to Motions for Reconsideration............2

 B.  Defendants Fail to Establish Their Heavy Burden Justifying a Discretionary Stay .........6

  1.  The Motion Should Be Denied Because the Pending Motion for Reconsideration Is Not "Dispositive" in Scope and Effect. ................................7

  2.  The Motion Should Be Denied Because the Pending Motion Cannot Be Resolved Without Discovery ..............................................................................8

  3.  A "Preliminary Peek" at the Motion for Reconsideration Demonstrates it is Meritless..................................................................................................................8

  4.  There is No Alternative Good Cause for a Temporary Stay of Discovery ..........9

III.  CONCLUSION........................................................................................................10

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING DEFENDANTS' MOTION FOR RECONSIDERATION

# TABLE OF AUTHORITIES

**Cases**

*Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*,
  5 F.3d 378 (9th Cir. 1993) ............................................................................................. 9

*Banister v. Davis*,
  140 S. Ct. 1698 (2020) .................................................................................................. 6

*Beezley v. Fenix Parts, Inc.*,
  328 F.R.D. 198 (N.D. Ill. Nov. 1, 2018) ................................................................. 3, 4

*Bostock v. Clayton Cty.*,
  140 S.Ct. 1731 (2020) ................................................................................................ 2, 3

*Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*,
  2018 WL 1122195 (N.D. Ohio Mar. 1, 2018) .............................................................. 5

*BT Collective v. IP Holdings, Ltd. Liab. Co.*,
  2011 U.S. Dist. LEXIS 135549 (S.D. Cal. Nov. 23, 2011) .......................................... 7

*Carey v. Saffold*,
  536 U.S. 214 (2002) ...................................................................................................... 6

*Chadbourne & Parke LLP v. Troice*,
  571 U.S. 377 (2014) ...................................................................................................... 6

*City & Cty. of San Francisco v. Trump*,
  897 F.3d 1225 (9th Cir. 2018) ...................................................................................... 3

*Clinton v. Jones*,
  520 U.S. 681 (1997) ...................................................................................................... 6

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
  809 F.3d 1092 (9th Cir. 2016) ...................................................................................... 7

*Estate of Douris by Douris v. City of Henderson*,
  2022 WL 5264897 (D. Nev. Sep. 13, 2022) ................................................................. 6

*Fazio v. Lehman Bros., Inc.*,
  2002 WL 32121836 (N.D. Ohio May 16, 2002) ........................................................... 5

*Fergus v. Immunomedics, Inc.*,
  Case No. 2:16-cv-03335(KSH)(CLW) (D.N.J. Aug. 14, 2020) .................................... 3

*Henderson v. Alexander & Baldwin, Inc.*,
  2007 U.S. Dist. LEXIS 53614 (D. Haw. July 24, 2007) ............................................... 3

*Herb Hallman Chevrolet, Inc. v. Nash-Holmes*,
  169 F.3d 636 (9th Cir. 1999) ........................................................................................ 4

*In re Intuitive Surgical Sec. Litig.*,
  No. 5:13-CV-1925 (N.D. Cal. Nov. 17, 2014) ............................................................. 2

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION FOR STAY PENDING DEFENDANTS' MOTION FOR RECONSIDERATION

*In re Leapfrog Enter. Sec. Litig.*,
  2017 WL 3263114 (N.D. Cal. July 28, 2017)..................................................................... 3, 4

*In re Salomon Analyst Litig.*,
  373 F. Supp. 2d 252 (S.D.N.Y. 2005)................................................................................ 4

*In re Vivendi, S.A. Sec. Litig.*,
  838 F.3d 223 (2d Cir. 2016)............................................................................................ 8

*Izumi v. Cox Commc'ns Las Vegas, Inc.*,
  2011 WL 3875343 (D. Nev. Aug. 31, 2011) .................................................................... 10

*Kor Media Group, LLC v. Green*,
  294 F.R.D. 579 (D. Nev. 2013)............................................................................... 7, 8, 9

*McGuire v. Dendreon Corp.*,
  2009 WL 666863 (W.D. Wash. Mar. 11, 2009) ................................................................ 5

*Medhekar v. U.S. Dist. Ct. for the N. Dist. of California*,
  99 F.3d 325 (9th Cir. 1996) ............................................................................................ 5

*Mortensen v. Snavely*,
  145 F. App'x 218 (9th Cir. 2005)..................................................................................... 8

*Petrie v. Elec. Game Card, Inc.*,
  761 F. 3d. 959 (9th Cir. 2014) ........................................................................................ 5

*Pizana v. SanMedica Int'l, LLC*,
  2023 U.S. Dist. LEXIS 151387 (E.D. Cal. Aug. 28, 2023)................................................ 7

*PlayUp, Inc. v. Mintas*,
  2022 WL 10967692 (D. Nev. Oct. 18, 2022) ................................................................... 9

*Powers v. Eichen*,
  961 F. Supp. 233 (S.D. Cal. 1997).............................................................................. 2, 4

*Powers v. Wells Fargo Bank, NA*,
  439 F.3d 1043 (9th Cir. 2006) ........................................................................................ 3

*Reed v. Dzurenda*,
  2021 WL 832640 (D. Nev. Mar. 4, 2021) ........................................................................ 6

*Roberts v. Nye Cnty.*,
  2023 WL 2844915 (D. Nev. Mar. 13, 2023) .................................................................... 9

*Romero v. UPS*,
  2007 WL 2174987 (D. Ariz. July 26, 2007) ..................................................................... 4

*Schaper v. Lensar, Inc.*,
  2023 WL 4532462 (D. Del. July 13, 2023) ...................................................................... 5

*SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of California*,
  189 F.3d 909 (9th Cir. 1999) .......................................................................................... 5

*Tradebay, LLC v. eBay, Inc.*,
  278 F.R.D. 597 (D. Nev. 2011).............................................................................. 6, 8, 9

*Trzaska v. Int'l Game Tech.*,
  2011 WL 1233298 (D. Nev. Mar. 29, 2011) ............................................................... 9

*Turner Broad. Sys., Inc. v. Tracinda Corp.*,
  175 F.R.D. 554 (D. Nev. 1997) ........................................................................... 6, 9, 10

*Twin City Fire Ins. Co. v. Emp'rs Ins. of Wausau*,
  124 F.R.D. 652 (D. Nev. 1989) ............................................................................. 9, 10

*United States v. Pacheco*,
  977 F.3d 764 (9th Cir. 2020) ....................................................................................... 2

*United States v. Torres*,
  995 F.3d 695 (9th Cir. 2021) ....................................................................................... 3

*United States v. Woods*,
  571 U.S. 31 (2013) ....................................................................................................... 3

*Ward v. Prime Trust, LLC*,
  2023 U.S. Dist. LEXIS 65631 (D. Nev. Apr. 13, 2023) ........................................ 6, 7, 9

**Other Authorities**

*Black's Law Dictionary*, Bryan A. Garner, Editor-in-Chief (11th ed. 2019) ........................ 2

LR 59-1(a) .......................................................................................................................... 4

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION FOR STAY PENDING DEFENDANTS' MOTION FOR RECONSIDERATION

Lead Plaintiffs Carl S. Ciaccio and Donald M. DeSalvo ("Plaintiffs") respectfully submit this memorandum of points and authorities in opposition to the Motion for Stay Pending Adjudication of Defendants' Motion for Reconsideration ("Motion for Stay") filed by Defendants Las Vegas Sands Corp., Dr. Miriam Adelson, in her capacity as Special Administrator of the estate of Sheldon G. Adelson, Patrick Dumont, and Robert G. Goldstein ("Defendants"). ECF 110.[1]

## I.    PRELIMINARY STATEMENT

Defendants improperly request a stay of discovery pending resolution of their Motion for Partial Reconsideration, or for an Order Certifying an Interlocutory Appeal (ECF No. 109, the "Motion for Reconsideration"). First, Defendants argue that this case is automatically stayed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). ECF 110 at 2-4. While the PSLRA provides for discovery to be stayed "during the pendency of any motion to dismiss," Congress said nothing of a second, free discovery stay when filing a motion for reconsideration, a wholly separate type of motion than the PSLRA contemplated. The text of the PSLRA only allows a stay of proceedings "during the pendency of any motion to dismiss" and the term "motion to dismiss" should not be stretched past its plain meaning.

Second, Defendants argue for the Court to impose a discretionary stay while the Motion for Reconsideration is pending. But such a stay is only appropriate when the Court has taken a "preliminary peek" at the Motion for Reconsideration and is convinced that Plaintiffs will be unable to state a claim. This is fatal to the requested stay because Defendants' Motion for Reconsideration is meritless as it misstates the Court's Order and Ninth Circuit law, and improperly re-argues issues the Court has already decided. Moreover, as detailed more fully in Plaintiffs' Opposition to Defendants' Motion for Partial Reconsideration, Or For An Order Certifying An Interlocutory Appeal ("Plaintiffs' Opposition to Defendants' Motion for Reconsideration" or "Pls. OR") filed concurrently, reconsideration is "highly disfavored" and is appropriate only where Defendants can show newly discovered evidence, a clear error of law, or an intervening change in the controlling law—a standard Defendants do not come close to meeting. Accordingly, Defendants' Motion for Stay should be denied.

---

[1] Unless otherwise noted herein, all internal citations and quotations are omitted and all emphasis is added.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING DEFENDANTS' MOTION FOR RECONSIDERATION

## II.    ARGUMENT

### A.    The PLSRA's Automatic Stay Does Not Apply to Motions for Reconsideration

As Defendants must concede, the PSLRA's automatic stay explicitly only applies "during the pendency of any motion to dismiss[.]" Motion for Stay at 2; 15 U.S.C. § 78u-4(b)(3)(B). Accordingly, the statute is inapplicable to the issue at bar. Defendants have filed a motion for reconsideration (ECF 109), and request that the case be stayed pending the resolution of *that* motion. But a motion to reconsider is not the same as a motion to dismiss. Indeed, Defendants' motion to dismiss the operative second amended complaint was decided, denied in part, and at that moment was terminated and no longer "pend[ing]." ECF 108; *United States v. Pacheco*, 977 F.3d 764, 767 (9th Cir. 2020) ("defining 'pending' as '1. Throughout the continuance of; during . . . 2. While awaiting; until,' (prep.), and as '1. Remaining undecided; awaiting decision' (adj.)") (quoting *Black's Law Dictionary*, Bryan A. Garner, Editor-in-Chief (11th ed. 2019)). Thus, because no motion to dismiss is pending, Defendants cannot invoke the PSLRA's automatic stay as grounds to grind this case to a halt.

To get around this obvious hurdle, Defendants cite a single published opinion,[2] issued more than a quarter century ago, to argue that a motion for reconsideration can be construed as a "motion to dismiss" as that term is used in the PSLRA. *See* Motion for Stay at 4 (citing *Powers v. Eichen*, 961 F. Supp. 233 (S.D. Cal. 1997)). Plaintiffs respectfully submit that *Powers* is incorrect as it contravenes Supreme Court and Ninth Circuit precedent by eschewing the PSLRA's plain text (which only refers to a "motion to dismiss") and relies exclusively on the statute's "legislative history" and the purported "purposes of the Reform Act" to expand the language to include a motion for reconsideration. *Powers v. Eichen*, 961 F. Supp. at 234-235 (acknowledging that PSLRA's text does not mention a motion for reconsideration and relying solely on Congress' purported "legislative intent" to infer that it does). Binding precedent makes clear: courts cannot disregard a statute's plain language by looking at "legislative history." *Bostock v. Clayton Cty.*, 140 S.Ct. 1731, 1749 (2020) ("when the meaning of the

---

[2] Defendants also cite an unreasoned docket order considering a motion for stay pending a motion for reconsideration. Motion for Stay at 3 (citing *In re Intuitive Surgical Sec. Litig.*, No. 5:13-CV-192, ECF No. 95 (N.D. Cal. Nov. 17, 2014)). When Plaintiffs found the *Intuitive Surgical* order (Case No. 5:13-1920), it notably *did not fully stay the action* as Defendants request here. Rather, the *Intuitive Surgical* court ordered the parties to file a "Joint Case Management Conference Statement," thereby requiring the parties to meet and confer over case management deadlines including discovery deadlines.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING DEFENDANTS' MOTION FOR RECONSIDERATION

statute's terms is plain, our job is at an end. The people are entitled to rely on the law as written, without fearing that courts might disregard its plain terms based on some extratextual consideration."); *United States v. Woods*, 571 U.S. 31, 46 n.5 (2013) ("Whether or not legislative history is ever relevant, it need not be consulted when, as here, the statutory text is unambiguous."); *United States v. Torres*, 995 F.3d 695, 705 n.7 (9th Cir. 2021) ("[L]egislative history can never defeat unambiguous statutory text.") (citing *Bostock* at 1750); *Powers v. Wells Fargo Bank, NA*, 439 F.3d 1043, 1045 (9th Cir. 2006) ("legislative history, even when clear, may not overcome or displace the textual mandate of a statute") (rejecting argument that PSLRA's legislative history "trumps the plain text of the statute").

Plaintiffs submit the best reading of the phrase "during the pendency of any motion to dismiss" is that the PSLRA means exactly what it says—that the stay is in effect while "any motion to dismiss" is pending, and that the stay does not apply to motions for reconsideration. *See City & Cty. of San Francisco v. Trump*, 897 F.3d 1225, 1239 (9th Cir. 2018) ("when a statute limits a thing to be done in a particular mode, it includes a negative of any other mode"); *Henderson v. Alexander & Baldwin, Inc.*, 2007 U.S. Dist. LEXIS 53614, *4-*5 (D. Haw. July 24, 2007) ("the listing of some things implies that all things not included in the list were purposefully excluded").

Indeed, courts in this Circuit and elsewhere reject requests to extend the PSLRA stay to motions for reconsideration of a motion to dismiss that was denied. *In re Leapfrog Enter. Sec. Litig.*, 2017 WL 3263114, *1 (N.D. Cal. July 28, 2017) ("the PSLRA refers to a stay pending a motion to dismiss, not a motion for leave to file a motion for reconsideration ***or a motion to reconsider***");[3] *Fergus v. Immunomedics, Inc.*, Case No. 2:16-cv-03335(KSH)(CLW) (D.N.J. Aug. 14, 2020) (rejecting defendants' position in a discovery dispute letter that cited the PSLRA as grounds for stay of Rule 26(f) conference based pending resolution of a motion for reconsideration of a motion to dismiss); *Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 201 (N.D. Ill. Nov. 1, 2018) ("Judge Norgle ruled on the defendants' motion to dismiss in July 2018, and defendants filed a motion for reconsideration. That doesn't exactly fit into the category of 'any motion to dismiss[.]'") (denying motion for stay). This makes sense because

---

[3] Defendants argue *Leapfrog* is "distinguishable" because it involved a motion for leave to file a motion for reconsideration. Motion for Stay at 4 n.2. That is no distinction at all because this Court does not have a requirement that parties seek leave to file a motion for reconsideration.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING DEFENDANTS' MOTION FOR RECONSIDERATION

a motion for reconsideration is not like a motion to dismiss. Parties seeking reconsideration carry a far heavier and more restrictive burden than movants seeking dismissal under Rule 12(b)(6). ECF 108 at 2-3 (reconsideration is "an extraordinary remedy" that "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law"); LR 59-1(a); *see also Beezley*, 328 F.R.D. at 202 (PSLRA stay not applicable to motion for reconsideration, in part, because "motions for reconsideration are disfavored and are rarely granted"). Plaintiffs have submitted a memorandum of points and authorities contemporaneously herewith fully explaining why Defendants do not come close to satisfying the standard for a motion for reconsideration.

Furthermore, the policy concerns the *Powers* court gave are unfounded or inapplicable. For example, *Powers* noted Congress was concerned about "[s]maller start-up companies with unpredictable prospects[.]" *Powers*, 961 F. Supp. at 235. This concern certainly does not apply to Las Vegas Sands, a company that reported revenue of over $4.1 billion in 2022. *Powers* also states that Congress was animated by "frivolous suits" when passing the PSLRA. *Id.* However, Plaintiffs' second amended complaint is decidedly not frivolous as it was sustained in part by the Court. *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999) ("The claim had survived an earlier motion to dismiss which this Court recognizes as evidence that the claim is not without merit."); *Romero v. UPS*, 2007 WL 2174987, *1 (D. Ariz. July 26, 2007) ("Plaintiff's claim was not frivolous from the outset, since it survived a motion to dismiss."). In fact, courts considering whether the PSLRA stay applies to motions for reconsideration have rejected the policy-based reasoning of the *Powers v. Eichen* decision. *Leapfrog*, 2017 WL 3263114, *1 (declining to follow the *Powers* court's interpretation based on policy and noting that "countervailing that interpretation is the risk of delay and abuse. A defendant could file repeated motions for leave to file a motion to reconsider or motions for reconsideration and prolong the PSLRA discovery stay."); *Beezley*, 328 F.R.D. at 202 ("*Powers*, of course, is not 'controlling' here."). Defendants received the protection of the PSLRA during the pendency of their motion to dismiss— staying this case ***for nearly three years***. Now that the Court partially sustained the operative complaint, Defendants are not entitled to a further stay during the pendency of a motion for reconsideration. *See In re Salomon Analyst Litig.*, 373 F. Supp. 2d 252, 255 n.1 (S.D.N.Y. 2005) ("This Court is not persuaded,

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION FOR STAY PENDING DEFENDANTS' MOTION FOR RECONSIDERATION

however, by the *Powers* court's argument that if the PSLRA were 'read more narrowly, defendants would be afforded very little of the protection that Congress intended.'"). The Court should reject Defendants' policy-based argument that would contravene the PSLRA's plain text.

All of Defendants' other authorities are inapt and do not address the issue of whether the PSLRA stay should apply in a situation, like here, where the operative complaint has been sustained in part, and where a motion purportedly seeks reconsideration of a motion to dismiss, but that only rehashes arguments already made, mischaracterizes the law, and wholly fails to satisfy any of the applicable standards for a motion for reconsideration. *See* Motion for Stay at 2-4; *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of California*, 189 F.3d 909, 911 (9th Cir. 1999) (considering whether district court properly granted plaintiffs' "motion for leave to take limited discovery for the purpose of uncovering facts to support their allegations" after it had fully granted a motion to dismiss); *Medhekar v. U.S. Dist. Ct. for the N. Dist. of California*, 99 F.3d 325, 328 (9th Cir. 1996) (merely holding that during the pendency of a motion to dismiss the PSLRA stay applied to "initial disclosures" required to Fed. R. Civ. P. 26(a) because they constitute "discovery" or "other proceedings"); *Schaper v. Lensar, Inc.*, 2023 WL 4532462, at *4 n.1 (D. Del. July 13, 2023) (no motion for reconsideration because defendants had not yet responded to the complaint at all, and, unlike here, plaintiff did "not argue that the PSLRA automatic stay does not apply here"); *Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, 2018 WL 1122195, at *1 (N.D. Ohio Mar. 1, 2018) (no motion for reconsideration because defendants had not yet responded to the complaint at all and defendants "expressed their intent" to file a motion to dismiss); *Fazio v. Lehman Bros., Inc.*, 2002 WL 32121836, at *2 (N.D. Ohio May 16, 2002) (granting a motion for relief from the automatic discovery stay during the pendency of a motion to dismiss); *Petrie v. Elec. Game Card, Inc.*, 761 F. 3d. 959, 967-970 (9th Cir. 2014) (holding that plaintiffs did not violate PSLRA automatic stay by referencing information in an amended complaint that was obtained from lawfully issued discovery); *McGuire v. Dendreon Corp.*, 2009 WL 666863, at *1 (W.D. Wash. Mar. 11, 2009) (holding that PSLRA stay applied during the pendency of a motion to dismiss, and no motion for

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING DEFENDANTS' MOTION FOR RECONSIDERATION

reconsideration was filed).[4]

Accordingly, the PSLRA's automatic stay is inapplicable to motions for reconsideration and the Court should deny Defendants' request for a stay on this ground.

## B. Defendants Fail to Establish Their Heavy Burden Justifying a Discretionary Stay

"The Federal Rules ... do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600-01 (D. Nev. 2011). In fact, "[a] pending dispositive motion 'is *not* ordinarily a situation that in and of itself would warrant a stay of discovery.'" *Ward v. Prime Trust, LLC*, 2023 U.S. Dist. LEXIS 65631, *2 (D. Nev. Apr. 13, 2023) (Youchah, M.J.). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *see also Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need"). "If there is even a fair possibility that the stay…will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Reed v. Dzurenda*, 2021 WL 832640, *3 (D. Nev. Mar. 4, 2021) (cleaned up). Further, "the fact that 'discovery may involve some inconvenience and expense'" does not "automatically lead to a stay of discovery." *Ward*, 2023 U.S. Dist. LEXIS 65631 at *2; *Reed*, 2021 WL 832640 at *3 ("being required to defend a suit – without more – does not constitute a clear case of hardship or inequity.")

Requests to stay discovery may be granted only when: (1) the pending motion is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; *and* (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *Ward*, 2023 U.S. Dist. LEXIS 65631 at *2.[5] Courts in this District treat these questions as "requirements." *Kor Media Group,*

[4] Defendants' other purported authorities do not involve the application of the PSLRA at all. *See* Motion for Stay at 2-3 (citing *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 383 (2014); *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *Carey v. Saffold*, 536 U.S. 214, 220 (2002)).

[5] Defendants contend that the Court need not take a "preliminary peek." Motion for Stay at 5 n.3. However, this Court has clearly stated that "[w]hen deciding whether to issue a stay, a court *must* take a 'preliminary peek' at the merits of the dispositive motion pending in the case." *Estate of Douris by Douris v. City of Henderson*, 2022 WL 5264897, *1 (D. Nev. Sep. 13, 2022) (Youchah, M.J.).

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION FOR STAY PENDING DEFENDANTS' MOTION FOR RECONSIDERATION

*LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Accordingly, a Court may stay discovery only if all three questions are answered in the affirmative.

### 1. The Motion Should Be Denied Because the Pending Motion for Reconsideration Is Not "Dispositive" in Scope and Effect.

The first prong required for a stay of discovery is not met because the pending motion for reconsideration is arguably not "dispositive" in scope and effect. *Ward*, 2023 U.S. Dist. LEXIS 65631 at *2. "The word 'dispositive' is a term of art, and the Ninth Circuit has not endeavored to define it. But in common usage, a dispositive motion is one that has the potential to terminate an action for good." *BT Collective v. IP Holdings, Ltd. Liab. Co.*, 2011 U.S. Dist. LEXIS 135549, at *14 (S.D. Cal. Nov. 23, 2011). Additionally, while some motions are indisputably dispositive, Plaintiffs submit that a Motion for Reconsideration is not indisputably dispositive, particularly if it includes a request for certification of an order for interlocutory appeal. *See Pizana v. SanMedica Int'l, LLC*, 2023 U.S. Dist. LEXIS 151387, at *3 (E.D. Cal. Aug. 28, 2023). ("A dispositive motion is one that 'is more than tangentially related to the merits of a case.' This definition leaves room to argue about whether a particular motion is dispositive or non-dispositive.") (quotations omitted, citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016)).

Resolution of the pending Motion for Reconsideration, even if decided in Defendants' favor, will not "terminate the action for good." *See BT Collective*, 2011 U.S. Dist. LEXIS 135549, at *14. When the Court denied, in part, the Defendants' Motion to Dismiss, it also granted Plaintiffs leave to amend to cure the deficiencies in the allegations relating to misstatements from 2016 to 2018, with the Order including an express finding that "amendment would not be futile." Order at 19. Accordingly, even if the Motion for Reconsideration resulted in some or all of the remaining claims being dismissed, Plaintiffs would likely have the opportunity to amend because those claims could also be cured with "the allegation of other facts." *Id*. Moreover, even on appeal, the Ninth Circuit may sustain all, or part of Plaintiffs' surviving claims.

Therefore, because the pending motion will not terminate the action for good, the Motion for Stay should be denied.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING DEFENDANTS' MOTION FOR RECONSIDERATION

## 2. The Motion Should Be Denied Because the Pending Motion Cannot Be Resolved Without Discovery

In securities fraud litigation, defendants often argue that stock price declines were caused by factors other than the corrective information being disclosed to the market, such as industry-wide events causing stock price declines. Such a defense is generally established with expert witnesses who prepare event studies that correlate disclosures in the market with the issuer's stock price movement. An event study is an empirical statistical analysis by which experts disentangle the effects of multiple types of information impacting stock prices. The use of expert testimony and event studies to disentangle the effects of different information on stock price has become "standard operating procedure in federal securities litigation." *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 253 (2d Cir. 2016). Thus, loss causation arguments in securities fraud cases require expert testimony and expert discovery to resolve such issues. *Mortensen v. Snavely*, 145 F. App'x 218, 220 (9th Cir. 2005) (affirming summary judgment against plaintiffs because "they failed to introduce the testimony of a qualified" expert on the issue of loss causation).

Defendants' pending motion for reconsideration makes loss causation arguments. Motion for Reconsideration at 9-13. Defendants argue, in relevant part, that the Court should reconsider the Order and make a finding of fact that LVS' stock price declines were the result of factors other than the corrective disclosures. *Id*. Whether it was the corrective disclosures alleged in the SAC that caused the decline in LVS' stock price, or whether some other factor caused the decline, is a fact intensive inquiry that requires expert and merits discovery. *See Vivendi*, 838 F.3d at 253; *Mortensen*, 145 F. App'x at 220.

Accordingly, because Defendants' arguments in the pending motion for reconsideration cannot be resolved without discovery, the Motion to Stay should be denied.

## 3. A "Preliminary Peek" at the Motion for Reconsideration Demonstrates it is Meritless

"[C]ourts in this District have consistently held that '[a] stay of all discovery should only be ordered if the court is 'convinced' that'" the pending motion—here one for reconsideration—will be granted. *Kor Media*, 294 F.R.D. at 583 (quoting *Tradebay*, 278 F.R.D. at 603). That standard "is not easily met." *Kor Media*, 294 F.R.D. at 583. "Generally, there must be no question in the court's mind

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION FOR STAY PENDING DEFENDANTS' MOTION FOR RECONSIDERATION

that the dispositive motion will prevail, and therefore, discovery is a waste of effort. Absent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed." *Trzaska v. Int'l Game Tech.*, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011); *see also Tradebay*, 278 F.R.D. at 603 ("The fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery"). Thus, the circumstances where "a stay might be appropriate [include] where the complaint was utterly frivolous, or filed merely for settlement value." *Turner Broad. Sys.*, 175 F.R.D. at 556.

Here, the Court cannot be "convinced" that the Motion for Reconsideration will be granted because even a preliminary peek at the Motion for Reconsideration evidences that it is meritless. *See* Pls. OR at 4-6 (demonstrating Defendants' Motion for Reconsideration is premised upon a misstatement and mischaracterization of the Court's Order and improperly reargues issues raised in the motion to dismiss). Accordingly, the Court should deny Defendants' Motion for Stay.

### 4. There is No Alternative Good Cause for a Temporary Stay of Discovery

Almost all courts in this District, including this Court, have long and repeatedly adopted the above-applied "preliminary peek" test. *See, e.g., Ward*, 2023 U.S. Dist. LEXIS 65631, *2 (Youchah, M.J.); *Twin City Fire Ins. Co. v. Emp'rs Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) (Reed, C.J.); *Turner Broad. Sys.*, 175 F.R.D. at 556 (Hunt, M.J.); *Tradebay*, 278 F.R.D. at 602-3 (Leen, M.J.); *Trzaska*, 2011 WL 1233298 at *3 (Foley, M.J.); *Kor Media*, 294 F.R.D. at 582-3 (Koppe, M.J.). Defendants also argue that an additional element when considering whether to grant a stay is "good cause." Motion for Stay at 5. Curiously, the words "good cause" are not even contained in either of the cases Defendants cite for this proposition. *Id.* (citing *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993); *Roberts v. Nye Cnty.*, 2023 WL 2844915, at *2 (D. Nev. Mar. 13, 2023)). Further, courts in this District have rejected the invitation to apply a good cause requirement. *See, e.g., PlayUp, Inc. v. Mintas*, 2022 WL 10967692, at *5, n.7 (D. Nev. Oct. 18, 2022) (rejecting additional "good cause" element and noting that "[j]udges in this District have relied on the preliminary peek framework in hundreds (if not thousands) of cases for decades.... In short, by employing the preliminary peek framework, a court is engaging in the good cause analysis").

Even under the dubiously general "good cause" test, however, Defendants' request for a further

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION FOR STAY PENDING DEFENDANTS' MOTION FOR RECONSIDERATION

stay must fail for the simple reason that Defendants will suffer no unusual prejudice by continuing through normal discovery. Citing nothing other than the normal "risk" of "incurring significant unnecessary costs" attendant to any litigation (Motion for Stay at 5), Defendants fail to demonstrate any atypical need for a discovery stay. *See Twin City*, 124 F.R.D. at 653 ("[A] showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order.... Some extraordinary justification must be shown to satisfy the good cause requirement of Fed. R. Civ. P. 26(c)"). Indeed, no discovery requests have yet been served. Thus, Defendants cannot argue, and this Court would have no basis to conclude, that any specific discovery in this action presents "good cause" or will otherwise annoy, embarrass, oppress, or unduly burden Defendant. *See Izumi v. Cox Commc'ns Las Vegas, Inc.*, 2011 WL 3875343, at *2 (D. Nev. Aug. 31, 2011) (recognizing that "where no discovery requests have yet been served ... the court lacks the ability to assess the breadth of the discovery and the prejudice, if any, that a defendant will suffer in responding to the requests"). Defendants have identified no compelling reason why the burden or expense of straightforward discovery would be particularly undue.

Thus, even if the Court applied the more general "good cause" test adopted by a small minority of courts in this District, it should find that Defendants have not carried their "heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys.*, 175 F.R.D. at 556.

## III.     CONCLUSION

WHEREFORE, Defendants' Motion for Stay should be denied.

Dated: September 5, 2023                    Respectfully submitted,

**ALDRICH LAW FIRM, LTD.**

*/s/John P. Aldrich*
John P. Aldrich, Esq.
7866 West Sahara Ave.
Las Vegas NV 89117
Tel.  702.853.5490
Fax.  702.227.1975
Email:  jaldrich@johnaldrichlawfirm.com

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (*Pro Hac Vice*)

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION FOR STAY PENDING DEFENDANTS' MOTION FOR RECONSIDERATION

Gregory M. Potrepka (*Pro Hac Vice* forthcoming)
David C. Jaynes (*Pro Hac Vice* forthcoming)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com
Email: djaynes@zlk.com

*Counsel for Plaintiffs*

11
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION FOR STAY PENDING DEFENDANTS' MOTION FOR RECONSIDERATION

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2023, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

**ALDRICH LAW FIRM, LTD.**

*/s/John P. Aldrich*
John P. Aldrich, Esq.

*Counsel for Plaintiffs*

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION FOR STAY PENDING DEFENDANTS' MOTION FOR RECONSIDERATION