Patrick G. Byrne (Nevada Bar #7636)
Morgan Petrelli (Nevada Bar #13221)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone:  702.784.5200
Facsimile:  702.784.5252
Email:  pbyrne@swlaw.com
        mpetrelli@swlaw.com

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
Caroline A. Wong (*Pro Hac Vice* to be filed)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:  312.853.6892
Facsimile:  312.853.7036
Email:  wcarlson@sidley.com
        lawrence.fogel@sidley.com
        caroline.wong@sidley.com


*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| THE DANIELS FAMILY 2001 REVOCABLE TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS SANDS CORP., DR. MIRIAM ADELSON, in her capacity as Special Administrator of the estate of SHELDON G. ADELSON, PATRICK DUMONT, and ROBERT G. GOLDSTEIN,<br><br>Defendants. | Case No.: 2:20-cv-01958-CDS-EJY<br><br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR STAY PENDING ADJUDICATION OF DEFENDANTS' MOTION FOR RECONSIDERATION** |

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

    I.     THE PSLRA'S PLAIN TEXT AND PURPOSE SUPPORT A STAY PENDING RESOLUTION OF DEFENDANTS' MOTION FOR RECONSIDERATION. ......... 2

    II.    THE COURT'S INHERENT AUTHORITY PROVIDES AN ADDITIONAL BASIS TO STAY DISCOVERY AND ALL OTHER PROCEEDINGS. ................... 6

CONCLUSION ..................................................................................................................... 9

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Baker v. Arnold*,
No. C 03-05642, 2004 WL 7340186 (N.D. Cal. May 17, 2004) .............................................. 2

*Beezley v. Fenix Parts, Inc.*,
328 F.R.D. 198 (N.D. Ill. 2018) .............................................................................................. 5

*Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*,
No. 3:16-CV-1106, 2018 WL 1122195 (N.D. Ohio Mar. 1, 2018) ......................................... 2

*Carey v. Saffold*,
536 U.S. 214 (2002) ................................................................................................................. 3

*Doe I v. Cisco Sys., Inc.*,
73 F.4th 700 (9th Cir. 2023) .................................................................................................... 4

*Fergus v. Immunomedics, Inc.*,
No. 2:16-CV-3335 (D.N.J. Aug. 14, 2020)............................................................................. 5

*Gibson v. MGM Resorts Int'l*,
No. 2:23-CV-140, 2023 WL 4455726 (D. Nev. July 11, 2023) .......................................... 7, 8

*In re Intuitive Surgical Sec. Litig.*,
No. 5:13-CV-01920, ECF No. 95 (N.D. Cal. Nov. 17, 2014) ............................................. 4, 5

*In re JDS Uniphase Corp. Sec. Litig.*,
238 F. Supp. 2d 1127 (N.D. Cal. 2002) .................................................................................. 2

*Kasilingam v. Tilray*,
1:20-CV-03459 (S.D.N.Y. Nov. 1, 2022)............................................................................... 3

*In re LeapFrog Enterprises Sec. Litig.*,
No. 15-CV-347, 2017 WL 3263114 (N.D. Cal. July 28, 2017).............................................. 5

*Maddox v. Adler*,
No. 2:23-CV-535, 2023 WL 4474988 (D. Nev. June 27, 2023).............................................. 8

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*,
547 U.S. 71 (2006) ................................................................................................................... 4

*Metzler Inv. GMBH v. Corinthian Coll., Inc.*,
540 F.3d 1049 (9th Cir. 2008)................................................................................................. 7

*New York State Teacher's Ret. Sys. v. Fremont Gen. Corp.*,
No. CV 07-5756, 2009 WL 10675265 (C.D. Cal. Nov. 5, 2009) ........................................... 2

*Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*,
   774 F.3d 598 (9th Cir. 2014)..................................................................................................7

*Petrie v. Elec. Game Card, Inc.*,
   761 F.3d 959 (9th Cir. 2014)................................................................................................3, 4

*PlayUp, Inc. v. Mintas*,
   635 F. Supp. 3d 1087 (D. Nev. 2022)......................................................................................7

*Powers v. Eichen*,
   961 F. Supp. 233 (S.D. Cal. 1997).......................................................................................3, 4

*Roberts v. Nye Cnty.*,
   No. 2:22-CV-398, 2023 WL 2844915 (D. Nev. Mar. 13, 2023) ............................................8

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987)..................................................................................................8

*In re Salomon Analyst Litig.*,
   373 F. Supp. 2d 252 (S.D.N.Y. 2005).....................................................................................5

*SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*,
   189 F.3d 909 (9th Cir. 1999)........................................................................................2, 3, 4, 7

*Speaks v. Emps. Holdings Inc.*,
   No. 2:23-CV-68, 2023 WL 4561451 (D. Nev. July 17, 2023) ...............................................8

*Tradebay, LLC v. eBay, Inc.*,
   278 F.R.D. 597 (D. Nev. 2011)................................................................................................7

*United States v. Pacheco*,
   977 F.3d 764 (9th Cir. 2020)...................................................................................................3

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
   No. 15-6167, 2016 WL 11796891 (N.D. Cal. June 23, 2016).................................................2

*Wochos v. Tesla, Inc.*,
   985 F.3d 1180 (9th Cir. 2021).................................................................................................7

**Statutes**

15 U.S.C. § 78u-4...................................................................................................2, 3, 7

**Other Authorities**

Black's Law Dictionary (11th ed. 2019).................................................................................3

Federal Rule of Civil Procedure 26(c) ...................................................................................7

iii

**INTRODUCTION**

Defendants demonstrated in their Motion for Stay (ECF No. 110, "Motion" or "Mot.") that discovery and all other proceedings in this action should be stayed for two independently sufficient reasons: (1) the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides for an automatic stay of discovery, and (2) this Court should use its inherent power to manage proceedings by ordering a stay. Nothing in Plaintiffs' Opposition (ECF No. 114, "Opposition" or "Opp.") undermines either basis for a stay.

First, Plaintiffs argue that the PSLRA's automatic stay should apply only when a motion to dismiss is literally pending on the case docket. But Plaintiffs' restrictive interpretation of the automatic-stay provision is utterly contrary to how courts and practitioners universally treat it. Motions to dismiss are not an "on-off" switch for the PSLRA's automatic stay. Rather, courts treat the stay as in effect until all motion-to-dismiss issues have been resolved—including before the literal filing of a motion to dismiss, and in the interim periods between rounds of motion-to-dismiss briefing when plaintiffs are given windows of time to amend. That settled approach fits comfortably within the plain text of the PSLRA and serves the statute's purpose, which reflects Congress's determination that discovery should be stayed until the legal sufficiency of the operative complaint has been resolved. These reasons likewise require a stay pending resolution of the motion-to-dismiss issues raised in Defendants' motion for reconsideration (ECF No. 109).

Second, the Opposition fails to rebut Defendants' showing that a discretionary stay is appropriate under these circumstances. Tellingly, Plaintiffs begin with plainly erroneous arguments, asserting that Defendants' motion for reconsideration is somehow not dispositive and cannot be resolved without discovery. But Defendants' motion, if granted, would plainly result in dismissal of all of Plaintiffs' claims, and it is axiomatic that discovery is not needed for a motion that seeks reconsideration of a motion-to-dismiss order. Moreover—and notably—Plaintiffs ***do not identify any prejudice*** from a stay of discovery. That stands in stark contrast to the substantial risk of undue burden to the parties and the Court if discovery were to proceed. Finally, a preliminary peek at the merits of the motion for reconsideration likewise weighs in favor of a stay. Defendants respectfully submit that Ninth Circuit authority warrants reconsideration of the

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Court's Order of August 8, 2023 (ECF No. 108, the "Order"), and should result in dismissal of all claims.

## ARGUMENT

### I. THE PSLRA'S PLAIN TEXT AND PURPOSE SUPPORT A STAY PENDING RESOLUTION OF DEFENDANTS' MOTION FOR RECONSIDERATION.

Plaintiffs argue that the PSLRA's automatic-stay provision should be read narrowly to apply only when a motion to dismiss is pending on the docket. Opp. at 2. The Court should reject that crabbed reading. It contradicts numerous cases interpreting the automatic-stay provision and undermines Congress's purpose in passing the PSLRA.

The key question is how to interpret the PSLRA's command that all discovery and other proceedings shall be stayed "during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). Start with the common ground: Plaintiffs do not dispute that the PSLRA's stay can at least *sometimes* apply "even if no motion to dismiss is actually pending" on the docket. Mot. at 2 (citing *Schaper v. Lensar, Inc.*, No. 23-CV-692, 2023 WL 4532462, at *4 n.1 (D. Del. July 13, 2023), and *Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, No. 3:16-CV-1106, 2018 WL 1122195, at *1 (N.D. Ohio Mar. 1, 2018)).[1] Plaintiffs try to brush aside cases applying the PSLRA's stay in such circumstances as "inapt" (Opp. at 5), but Plaintiffs do not disagree that those cases applied the stay appropriately. Nor could they: courts and parties in cases governed by the PSLRA—including in this case—routinely treat the automatic stay as being in effect throughout early proceedings, including before a motion to dismiss has been filed and in between rounds of motion-to-dismiss briefing. *See, e.g., Boynton*, 2018 WL 1122195, at *1 (collecting cases).

This Court should likewise interpret the PSLRA's automatic-stay provision in a way that is both faithful to the text and consistent with this case law. Plaintiffs' proposed reading does not

---

[1] *See also SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 189 F.3d 909, 911 (9th Cir. 1999) (stay in place prior to time for filing amended complaint after complaint dismissed pursuant to motion to dismiss); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 15-6167, 2016 WL 11796891, at *2 (N.D. Cal. June 23, 2016); *New York State Teacher's Ret. Sys. v. Fremont Gen. Corp.*, No. CV 07-5756, 2009 WL 10675265, at *1 (C.D. Cal. Nov. 5, 2009); *Baker v. Arnold*, No. C 03-05642, 2004 WL 7340186, at *4 (N.D. Cal. May 17, 2004); *In re JDS Uniphase Corp. Sec. Litig.*, 238 F. Supp. 2d 1127, 1133 (N.D. Cal. 2002).

2

accomplish that. Defendants' proposed reading does: The automatic-stay provision should be read to apply until there is a final resolution of any motion to dismiss. Here, that means the stay should apply until the Court resolves Defendants' motion for reconsideration of the Order ruling on their motion to dismiss.

The PSLRA's plain text comfortably supports that approach. Until Defendants' motion for reconsideration is resolved, Defendants' motion to dismiss remains "pend[ing]," 15 U.S.C. § 78u-4(b)(3)(B), because it remains "under consideration" and "open to modifications." Black's Law Dictionary (11th ed. 2019). *Cf. Carey v. Saffold*, 536 U.S. 214, 220 (2002) (interpreting "pending" in another statute to mean "until . . . final resolution").[2]

This reading also fits best with Congress's intent in enacting the automatic-stay provision. *See, e.g.*, *SG Cowen Sec. Corp.*, 189 F.3d at 911-12 (considering congressional intent in interpreting the PSLRA). Nothing in the legislative history supports Plaintiffs' narrow reading of the automatic-stay provision. Rather, the legislative history shows Congress recognized the high costs associated with discovery, and accordingly determined that "'discovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint.*'" *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014) (quoting S. Rep. No. 104-98, 1995 WL 372783, at *14 (1995)) (emphasis in original). That principle applies here: discovery should be permitted only after the Court sustains the legal sufficiency of the complaint, and whether the Court will do so depends on its ruling on Defendants' motion for reconsideration. *See Powers v. Eichen*, 961 F. Supp. 233, 235-36 (S.D. Cal. 1997) (analyzing PSLRA's legislative history and concluding "it is clear that Congress did not contemplate a restrictive reading of the term 'pendency'" in the PSLRA and it instead should be construed "broadly"); *see also Kasilingam v. Tilray*, 1:20-CV-03459 (S.D.N.Y. Nov. 1, 2022) (staying discovery in PSLRA case pending outcome of motion for reconsideration, and subsequently granting motion for reconsideration).

---

[2] In an attempt to support their argument, Plaintiffs cite *United States v. Pacheco*, 977 F.3d 764 (9th Cir. 2020). But *Pacheco* actually supports *Defendants'* position, as it determined that "pending" means "until . . . final resolution." *Id.* at 768 (citing *Carey*, 536 U.S. at 220).

3

The Opposition's attempt to distinguish Defendants' cited authority is without merit. To begin, Plaintiffs have no legitimate basis to distinguish *Powers v. Eichen*, 961 F. Supp. 233 (S.D. Cal. 1997). They assert that *Powers* is "incorrect" because it considered the PSLRA's legislative history. Opp. at 2-5. But courts obviously can and regularly do take legislative history into account in interpreting the PSLRA's automatic-stay provision. *See, e.g.*, *Petrie*, 761 F.3d at 966-69 (consulting PSLRA's legislative history); *SG Cowen*, 189 F.3d at 911-13 (same); *see also Doe I v. Cisco Sys., Inc.*, 73 F.4th 700, 743 (9th Cir. 2023) (reviewing the "relevant statutory context" and "history" because they "can help to elucidate . . . the meaning of statutory terms and phrases").

Plaintiffs, curiously, then pivot to the PSLRA's legislative history themselves, arguing in the alternative that the policy concerns discussed in *Powers* "are unfounded or inapplicable" to larger companies like Las Vegas Sands because Congress was purportedly only concerned about "[s]maller start-up companies." Opp. at 4. Of course, the PSLRA makes no such distinction; rather, the PSLRA "was passed to address widespread abuse of the securities laws" by curbing suits that "unnecessarily increase the cost of raising capital and chill corporate disclosure." *Powers*, 961 F. Supp. at 235 (quoting S. Rep. 104-98, 1995 WL 372783, at *4 (1995)). Such concerns apply to all companies, big or small. *See, e.g.*, *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 81 (2006) (PSLRA is aimed to curb securities-litigation abuses, including the "targeting of deep-pocket defendants"). Plaintiffs also argue that their suit falls outside the policy concerns identified by Congress because the district court sustained the Complaint in part, and it is therefore "not frivolous." Opp. at 4. But this misses the point, which is that the legal sufficiency of the Complaint currently remains unresolved. The Court has already found that Plaintiffs failed to state a claim to the extent they challenged statements from 2016, 2017, and 2018. Order at 16-17. If Defendants' motion for reconsideration is granted, Plaintiffs' remaining claims will all be dismissed.

Plaintiffs' attempt to distinguish *In re Intuitive Surgical Securities Litigation* is similarly unsupported. Plaintiffs do not dispute that the court in that case applied the PSLRA's automatic stay to a motion for reconsideration. Instead, they argue that the court "did not *fully* stay the

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

4

action." Opp. at 2 n.2 (emphasis added). Not so. The order *did* fully stay the action, directing that "disclosure and discovery are stayed until further order of the court." *See In re Intuitive Surgical Sec. Litig.*, No. 5:13-CV-01920, ECF No. 95 (N.D. Cal. Nov. 17, 2014) (attached as Exhibit A).

Plaintiffs' own cited cases do not help them. Plaintiffs rely heavily on *In re LeapFrog Enterprises Securities Litigation*, No. 15-CV-347, 2017 WL 3263114 (N.D. Cal. July 28, 2017), but fail to address several distinguishing factors. Most notably, the defendants in *LeapFrog* filed their motion for leave to file a motion for reconsideration several months *after discovery had already commenced*, including after "Defendants ha[d] produced" documents already. *Id.* at *1. In contrast, no discovery has commenced in this case, and Defendants filed their motion for reconsideration promptly after the Court's ruling on the motion to dismiss. Plaintiffs also point to *LeapFrog*'s concern of the potential "risk of delay and abuse" from allowing defendants to file repeated motions for reconsideration to "prolong the PSLRA discovery stay." *Id.* But that concern is purely hypothetical, and has no bearing here.

Plaintiffs' other cases, all out-of-circuit, are similarly unavailing. First, Plaintiffs cite *Fergus v. Immunomedics, Inc.*, No. 2:16-CV-3335 (D.N.J. Aug. 14, 2020), arguing that it "reject[ed]" the PSLRA as grounds for a stay of the Rule 26(f) conference. Opp. at 3. But the magistrate judge in that case merely entered a text-only order stating that the "Parties shall engage in a Rule 26(f) conference"; there is no reference to the PSLRA's automatic-stay provision. Plaintiffs' other cited cases actually support Defendants. In *Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198 (N.D. Ill. 2018), the court acknowledged that a stay pending a motion for reconsideration could "be appropriate and save a good deal of effort." *Id.* at 202. And in *In re Salomon Analyst Litigation*, 373 F. Supp. 2d 252 (S.D.N.Y. 2005), the court *granted* a stay of discovery after the defendants filed renewed motions to dismiss. *Id.* at 255 n.1. Plaintiffs' authority, accordingly, fails to counter Defendants' arguments that discovery and all other proceedings should be stayed pursuant to the PSLRA's automatic stay pending an adjudication of Defendants' motion for reconsideration.

## II.   THE COURT'S INHERENT AUTHORITY PROVIDES AN ADDITIONAL BASIS TO STAY DISCOVERY AND ALL OTHER PROCEEDINGS.

Defendants' Motion also demonstrated that all relevant factors favor a stay under this Court's inherent authority to control proceedings.

***First***, there can be no serious dispute that the pending motion for reconsideration, if granted, would be case-dispositive. *See* Mot. at 4-5. The motion inarguably has the potential to dispose of all of Plaintiffs' claims. Plaintiffs do not dispute this, yet argue that the motion is not dispositive because it "includes a request for certification of an order for interlocutory appeal." Opp. at 7. But Defendants request certification for an interlocutory appeal in the alternative; if the Court grants reconsideration, there will be no need for an interlocutory appeal. And in any event, an interlocutory appeal would be potentially case dispositive for the same reason as the request for reconsideration: if successful, it would dispose of all the claims. Indeed, even under Plaintiffs' own definition, reconsideration or an interlocutory appeal would be "dispositive" because both have "the potential to terminate an action for good." *Id.* at 7 (quoting *BT Collective v. IP Holdings, Ltd. Liab. Co.*, 2011 WL 5873388, at *4 (S.D. Cal. Nov. 23, 2011)).

Plaintiffs also argue that the motion for reconsideration is not dispositive because Plaintiffs would "likely" have the opportunity to file a third amended complaint following a dismissal of their claims. Opp. at 7. Plaintiffs' argument flagrantly disregards the Court's Order, which already gave them an opportunity to amend their complaint by August 30, 2023—an opportunity that Plaintiffs chose not to take—and which warned Plaintiffs unequivocally: that was their "final opportunity to amend [their] pleading." Order at 19.

***Second***, the motion for reconsideration can be decided without any discovery, as it addresses whether the Complaint meets the pleading requirements for two elements of Plaintiffs' claims (scienter and loss causation)—questions that are to be decided as a matter of law. Focusing on only one of these elements, Plaintiffs argue loss causation cannot be decided on the pleadings alone and instead requires "expert and merits discovery." Opp. at 8. This is a gross misstatement of the law: Ninth Circuit law holds that the PSLRA's heightened pleading requirements apply to all elements of Plaintiffs' claims, including loss causation, so that such

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

claims are subject to dismissal without discovery. *See, e.g.*, *Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1198 (9th Cir. 2021) (affirming dismissal for failure to allege loss causation); *Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 605 (9th Cir. 2014) (same); *Metzler Inv. GMBH v. Corinthian Coll., Inc.*, 540 F.3d 1049, 1063-65 (9th Cir. 2008) (same).

**Third**, there is good cause to stay all discovery and other proceedings. As Defendants explained, if the Court were to allow discovery and other proceedings to go forward, there is substantial risk that the parties would incur significant, unnecessary costs—the very concern Congress aimed to address in the PSLRA. *See, e.g.*, *SG Cowen*, 189 F.3d at 913.

Moreover, the Opposition *does not even attempt* to articulate any prejudice from a stay. And for good reason—because there is none. The PSLRA expressly requires preservation of all relevant evidence during the pendency of any stay of discovery, 15 U.S.C. § 78u-4(b)(3)(C), and Plaintiffs do not and cannot identify any risk of losing relevant evidence. Accordingly, the harm to Defendants from proceeding with discovery and other proceedings far outweighs any theoretical harms Plaintiffs could experience due to a stay. *Cf. Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011) ("Plaintiff has failed to establish it will suffer any prejudice from a short stay of discovery while the motion to dismiss is decided."); *Gibson v. MGM Resorts Int'l*, No. 2:23-CV-140, 2023 WL 4455726, at *4 (D. Nev. July 11, 2023) ("It is also unclear what prejudice Plaintiffs would face by the discovery stay. . . . Plaintiffs have also identified no reasons—like the ill health or age of a witness, for example—why the Court should speed the parties along in discovery.").

Unable to identify any prejudice, Plaintiffs ask this Court to simply ignore the "good cause" analysis. Opp. at 9. But "good cause" is the standard provided for in Federal Rule of Civil Procedure 26(c), and courts regularly apply a "good cause" standard in assessing whether to stay discovery. *See, e.g.*, *Gibson*, 2023 WL 4455726, at *3. In the one case where Plaintiffs claim the court "rejected" the good cause analysis, Opp. at 9, the court actually applied this very analysis, albeit through the lens of the preliminary peek factor. *See PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1097 n.7 (D. Nev. 2022) ("[B]y employing the preliminary peek framework, a court *is engaging in the good cause analysis*.") (emphasis added).

7

***Fourth***, Plaintiffs argue that the "preliminary peek" factor weighs against a stay because the motion for reconsideration is "meritless." Opp. at 8-9. As an initial matter, there is reason to doubt whether a "preliminary peek" factor should apply here. It is not universally applied in all cases. *See, e.g.*, *Roberts v. Nye Cnty.*, No. 2:22-CV-398, 2023 WL 2844915, at *3 (D. Nev. Mar. 13, 2023) (Youchah, J.) (granting stay without undertaking "preliminary peek" analysis). And some courts have questioned its application, especially given the potential inaccuracies and inefficiencies when one judge decides the motion for stay and another decides the underlying dispositive motion. *See, e.g.*, *Gibson*, 2023 WL 4455726, at *3; *Speaks v. Emps. Holdings Inc.*, No. 2:23-CV-68, 2023 WL 4561451, at *2 (D. Nev. July 17, 2023); *Maddox v. Adler*, No. 2:23-CV-535, 2023 WL 4474988, at *1 n.3 (D. Nev. June 27, 2023).

Even assuming the preliminary peek factor applies, it too weighs in favor of a stay. Defendants are mindful that motions for reconsideration should be brought only in limited circumstances, but respectfully submit that reconsideration is warranted. The Court dismissed Plaintiffs' claims to the extent they challenged statements from 2016, 2017, and 2018. Order at 16-17. And, as Defendants set forth in their motion for reconsideration, the Order's holding as to the remaining challenged statements from 2019 and 2020 contravenes clear Ninth Circuit authority regarding two elements of Plaintiffs' claims, scienter and loss causation. Each element provides an independent basis for the Court to grant Defendants' motion for reconsideration and dismiss this case in its entirety. *See* ECF No. 109 at 5-14. There is thus clear risk of unnecessary imposition of discovery costs on the parties and the Court absent a stay of discovery pending resolution of the motion for reconsideration. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("[I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time-consuming discovery and trial work would represent an abdication of our judicial responsibility.") (quotation marks omitted).

/ / /

/ / /

/ / /

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**CONCLUSION**

For the reasons above and in Defendants' Motion, Defendants respectfully request that the Court enter a stay of all discovery and other case deadlines, including Defendants' time to answer, pending adjudication of Defendants' motion for reconsideration (ECF No. 109).

Dated: September 12, 2023                     SNELL & WILMER, L.L.P.


By: */s/ Patrick Byrne*
    Patrick G. Byrne, Esq.
    Morgan Petrelli, Esq.
    3883 Howard Hughes Parkway, Ste. 1100
    Las Vegas, NV 89169

    Walter C. Carlson (*Pro Hac Vice*)
    Lawrence P. Fogel (*Pro Hac Vice*)
    Caroline A. Wong (*Pro Hac Vice* to be filed)
    SIDLEY AUSTIN LLP
    One South Dearborn Street
    Chicago, Illinois 60603

    *Attorneys for Defendants*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

9

## **CERTIFICATE OF SERVICE**

On September 12, 2023, I served the foregoing document on all parties appearing in this case when filing said document through the court's PACER system with automatic e-service on all persons who have registered for e-service on PACER for this case.


/s/ Lyndsey Luxford
An employee of Snell & Wilmer LLP

4895-8816-1151

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

10

**INDEX OF EXHIBITS TO DEFENDANTS' REPLY IN SUPPORT
OF MOTION FOR STAY PENDING ADJUDICATION OF
DEFENDANTS' MOTION FOR RECONSIDERATION**

| EXHIBIT | DESCRIPTION | PAGES |
|---------|-------------|-------|
| A | Order Continuing Case Management Conference, *In re Intuitive Surgical Sec. Litig.*, No. 5:13-CV-01920 (N.D. Cal. Nov. 17, 2014) | 001 - 002 |

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200