Patrick G. Byrne (Nevada Bar #7636)
Morgan Petrelli (Nevada Bar #13221)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone:  702.784.5200
Facsimile:  702.784.5252
Email:  pbyrne@swlaw.com
        mpetrelli@swlaw.com

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
Caroline A. Wong (*Pro Hac Vice* to be filed)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:  312.853.6892
Facsimile:  312.853.7036
Email:  wcarlson@sidley.com
        lawrence.fogel@sidley.com
        caroline.wong@sidley.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| THE DANIELS FAMILY 2001 REVOCABLE TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>LAS VEGAS SANDS CORP., DR. MIRIAM ADELSON, in her capacity as Special Administrator of the estate of SHELDON G. ADELSON, PATRICK DUMONT, and ROBERT G. GOLDSTEIN,<br><br>                    Defendants. | Case No.: 2:20-cv-01958-CDS-EJY<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A RULE 16 PRETRIAL CONFERENCE AND ORDER DIRECTING THE PARTIES TO MEET AND CONFER ON SCHEDULING AND DISCOVERY** |

Defendants Las Vegas Sands Corp., Dr. Miriam Adelson, in her capacity as Special Administrator of the Estate of Sheldon G. Adelson, Patrick Dumont, and Robert G. Goldstein (collectively, "Defendants") oppose Plaintiffs' Motion for a Rule 16 Pretrial Conference and Order Directing the Parties to Meet and Confer on Scheduling and Discovery (ECF No. 121, "Plaintiffs' Motion" or "Pls.' Mot.").

The issues raised in Plaintiffs' Motion are identical to the issues raised in Defendants' Motion for Stay Pending Adjudication of Defendants' Motion for Reconsideration, which is fully briefed and awaiting decision (ECF No. 110, the "Motion for Stay" or "Mot. Stay"). Accordingly, Defendants respectfully submit that the relief sought in Plaintiffs' Motion is neither appropriate nor necessary until at least the time when the Court has ruled on the Motion for Stay. Defendants will also be prepared to address their Motion for Stay at the hearing that the Court has set for 10:30 a.m. on Monday, October 23, 2023 (*see* ECF No. 122).

## ARGUMENT

As Defendants explain in their pending Motion for Stay and supporting reply brief (ECF Nos. 110, 118), discovery and all other case proceedings in this action should be stayed pending resolution of Defendants' Motion for Reconsideration (ECF No. 109), which, if granted, would result in dismissal of the Second Amended Complaint ("SAC") in its entirety. More specifically, the proceedings in this action should be stayed in light of (i) the mandatory automatic-stay provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and (ii) this Court's inherent authority to manage its docket in the interest of judicial economy. *See* Mot. Stay at 2-6. Rather than wait for the Court to decide Defendants' pending motions, Plaintiffs seek to sidestep them by asking the Court to hold a Rule 16 conference and to order the parties to meet and confer on a discovery schedule. Plaintiffs' Motion should be denied for the independent bases discussed below, and as more fully set forth in Defendants' Motion for Stay.

*First*, Plaintiffs' Motion contravenes the automatic-stay provision of the PSLRA. The purpose of the PSLRA's automatic-stay provision is to "prevent unnecessary imposition of discovery costs on defendants," *id.* at 2 (citing *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of California*, 189 F.3d 909, 911-12 (9th Cir. 1999)), and to ensure that if discovery proceeds, it

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

does so "only after the court has sustained the legal sufficiency of the complaint," *id.* at 3 (citing *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014)). Here, that will not be met until the Court resolves Defendants' Motion for Reconsideration because, until that time, the legal sufficiency of the operative complaint remains subject to a pending challenge. The PSLRA stay, accordingly, applies during the pendency of a motion for reconsideration. *See id.* at 2-4; *see also, e.g.*, *Powers v. Eichen*, 961 F. Supp. 233, 235-36 (S.D. Cal. 1997) (applying automatic stay pending resolution of a motion for reconsideration); *In re Intuitive Surgical Sec. Litig.*, No. 5:13-CV-192, ECF No. 95 (N.D. Cal. Nov. 17, 2014) (quoting *Petrie*, 761 F.3d at 968) (applying automatic stay pending resolution of a motion for reconsideration because "no discovery may proceed until the court has sustained the legal sufficiency of a complaint").

Plaintiffs accuse Defendants of "unilaterally impos[ing] a stay" (Pls.' Mot. at 2), but that accusation is baseless. Defendants are merely seeking to preserve their rights and enforce the stay that Congress intended. It is Plaintiffs who, by filing a discovery motion and demanding a Rule 26(f) conference, are seeking to undermine the aims that Congress intended the PSLRA to serve, and to circumvent motions already pending before the Court.

*Second*, Plaintiffs' request for a pretrial conference under Rule 16 also flies in the face of the interests that courts seek to advance in evaluating whether to enter a stay pursuant to their inherent authority. *See* Mot. Stay at 5-6. Indeed, not only is a Rule 16 conference unwarranted while Defendants' motions remain pending, but it would also unduly burden the Court's resources, given that Defendants' Motion for Reconsideration can be decided without discovery and may end the case altogether, thus mooting the need for such a conference. Plaintiffs' request for an order requiring the parties to conduct a Rule 26(f) conference (*id.* at 2) is likewise improper, as such an order would force Defendants to commence discovery while challenges to the legal sufficiency of the complaint remain pending—precisely the harm that Congress "intended to prevent" in enacting the PSLRA. *SG Cowen*, 189 F.3d at 911.

Additionally, contrary to their conclusory assertion, Plaintiffs are not "prejudiced" by a stay, and thus cannot undermine Defendants' showing that a stay is appropriate. Pls.' Mot at 2. As an initial matter, Plaintiffs waived any prejudice argument by failing to raise it in their opposition

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 3 -

to Defendants' Motion for Stay. *See* ECF No. 118 at 1, 7; *see also, e.g.*, *Guardado v. Nevada*, No. 2:18-cv-198, 2018 WL 6435328, at *5 (D. Nev. Dec. 6, 2018) (finding waiver where party "never raised th[eir] argument in their briefing" on the initial motion at issue, and instead "mentioned it for the first time" in their briefing on a subsequent related motion). Moreover, Plaintiffs' assertion of prejudice is unfounded. As Defendants have made clear, Plaintiffs are not prejudiced by a stay because the PSLRA expressly requires preservation of relevant evidence during the pendency of a stay of discovery, *see* ECF No. 118 at 7 (citing 15 U.S.C. § 78u-4(b)(3)(C)), and Plaintiffs do not and cannot identify any risk of losing such evidence. The harm to Defendants and drain on judicial resources from proceeding with discovery and a pretrial conference far outweigh any theoretical harm to Plaintiffs under the status quo. *See id.*; *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011) ("Plaintiff has failed to establish it will suffer any prejudice from a short stay of discovery."); *Gibson v. MGM Resorts Int'l*, No. 2:23-CV-140, 2023 WL 4455726, at *4 (D. Nev. July 11, 2023) ("Plaintiffs have also identified no reasons—like the ill health or age of a witness, for example—why the Court should speed the parties along in discovery."). The relevant factors accordingly all weigh in favor of a stay pursuant to this Court's inherent authority. *See* Mot. Stay at 5-6.

Finally, Plaintiffs' Motion should be denied for another reason: Defendants have not yet answered the SAC. As Plaintiffs stipulated and the Court ordered (*see* ECF No. 112), Defendants' current date to answer the SAC is not until November 20, 2023. Should the Court grant Defendants' Motion for Stay, Defendants will not need to answer the SAC until the Motion for Reconsideration is decided. And should the Court grant the Motion for Reconsideration, the case will be dismissed. Any conference before Defendants file their answer would thus be premature, as Defendants' answer will affect the scope and contours of any potential discovery. *See* Fed. R. Civ. P. 8(b)-(c) (requiring a responsive pleading to assert a party's "defenses to each claim" and "admit or deny the allegations asserted against it"); Fed. R. Civ. P. 26(d) (limiting discovery to nonprivileged matters that are, among other things, relevant to a "party's claim or defense").

- 4 -

**CONCLUSION**

Defendants respectfully request that the Court deny Plaintiffs' Motion for the reasons stated above and in Defendants' Motion for Stay. In addition, as noted above, Defendants will also be prepared to address their Motion for Stay at the hearing that the Court has set for 10:30 a.m. on Monday, October 23, 2023 (*see* ECF No. 122).

Dated: October 6, 2023

**SNELL & WILMER L.L.P.**

By: */s/ Patrick G. Byrne*
Patrick G. Byrne, Esq.
Morgan Petrelli, Esq.
3883 Howard Hughes Parkway, Ste. 1100
Las Vegas, NV 89169

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
Caroline A. Wong (*Pro Hac Vice* to be filed)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603

*Attorneys for Defendants*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 5 -

**CERTIFICATE OF SERVICE**

On October 6, 2023, I served the foregoing document on all parties appearing in this case when filing said document through the court's PACER system with automatic e-service on all persons who have registered for e-service on PACER for this case.

/s/ Maricris Williams
An employee of Snell & Wilmer L.L.P.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200