Patrick G. Byrne (Nevada Bar #7636)
Morgan Petrelli (Nevada Bar #13221)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: pbyrne@swlaw.com
        mpetrelli@swlaw.com

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
Caroline A. Wong (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: 312.853.7000
Facsimile: 312.853.7036
Email: wcarlson@sidley.com
        lawrence.fogel@sidley.com
        caroline.wong@sidley.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| THE DANIELS FAMILY 2001 REVOCABLE TRUST, Individually and On Behalf of All Others Similarly Situated, | Case No.: 2:20-cv-01958-CDS-EJY |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY** |
| v. | |
| LAS VEGAS SANDS CORP., DR. MIRIAM ADELSON, in her capacity as Special Administrator of the estate of SHELDON G. ADELSON, PATRICK DUMONT, and ROBERT G. GOLDSTEIN, | |
| Defendants. | |

Defendants respectfully submit this response to Plaintiffs' Motion for Leave to File Supplemental Authority (ECF No. 135, the "Motion for Leave"), which argues that the decision in *In re Facebook, Inc. Securities Litigation*, 84 F.4th 844 (9th Cir. 2023), supports Plaintiffs'

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

arguments in their opposition to Defendants' Motion for Partial Reconsideration, or for an Order Certifying Interlocutory Appeal (ECF No. 109, the "Motion for Reconsideration"). Defendants do not oppose Plaintiffs' Motion for Leave. However, *Facebook* does not address the issues raised in Defendants' Motion for Reconsideration, is wholly factually distinguishable, and does not support Plaintiffs' arguments.

In *Facebook*, the plaintiffs claimed that Facebook, Inc. ("Facebook") had made false or misleading statements by concealing that Cambridge Analytica had harvested data from millions of Facebook users without their knowledge, and that Facebook had allowed certain "whitelisted" apps to access data on Facebook without users' consent. 84 F.4th at 850-51. The plaintiffs alleged that two dramatic stock price drops showed loss causation: (i) an 18% stock price drop—more than $100 billion in market value—following a public disclosure on March 16, 2018; and (ii) a 19% stock price drop—approximately another $100 billion in market value—after an earnings announcement on July 25, 2018. *Id.* at 855-56.

The questions presented about loss causation in *Facebook* were whether the public disclosures on March 16, 2018 and July 25, 2018 revealed new information that had previously been concealed by the allegedly false or misleading statements. As to both dates, the Ninth Circuit answered "yes."

First, the defendants had argued that the disclosure on March 16, 2018 could not show loss causation because it merely repeated information that was previously made public in news articles in 2015 and 2016. The Ninth Circuit rejected that argument, concluding that the March 16, 2018 disclosure revealed new information beyond the previous news articles. *Id.* Second, the defendants similarly had argued that the disappointing earnings announcement on July 25, 2018 could not have been a corrective disclosure because the Cambridge Analytica and whitelisting scandals had already become publicly known. *See id.* at 865-66. The Ninth Circuit rejected that argument, too. It held that the earnings announcement "revealed new information" about those scandals because the announcement "allowed the public to 'appreciate [the] significance'" of those scandals—*i.e.*, it gave the public new information by quantifying those scandals' impact on

the Company's performance. *Id.* at 866 (quoting *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1058 (9th Cir. 2008)).

The questions about loss causation addressed in *Facebook* are not at issue in Defendants' Motion for Reconsideration. Rather, Defendants' Motion for Reconsideration presents the following questions relating to loss causation:

1.  Whether publicly available stock price information is subject to judicial notice;

2.  Whether Plaintiffs can show losses under Ninth Circuit precedent, including *Wochos v. Tesla, Inc.*, 985 F.3d 1180 (9th Cir. 2021), and *Metzler Investment GmbH v. Corinthian Colleges, Inc.*, 540 F.3d 1049 (9th Cir. 2008), on dates when:

    a.  LVS's stock price increased;

    b.  LVS's stock price declined by a modest amount, and then promptly rebounded; or

    c.  LVS's stock price declined in tandem with the stock price of its peers in the gaming industry.

*See* ECF No. 109 at 9-12; *see also* ECF No. 134 (minute entry setting hearing and identifying key questions about loss causation relevant to the Motion for Reconsideration).

*Facebook* does not address any of these issues. Nor does *Facebook* affect—or even cite—the Ninth Circuit's decisions in *Wochos* or *Metzler*, both of which affirmed dismissals of complaints for failure to plead loss causation on facts similar to those here. In fact, and consistent with *Wochos* and *Metzler*, *Facebook* explains that under well-settled authority, "[p]leading loss causation requires a showing that 'the share price ***fell significantly*** after the truth became known.'" 84 F.4th at 863-64 (citing *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 392 (9th Cir. 2010) (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)) (emphasis added).

Plaintiffs' Motion for Leave nonetheless argues that the Second Amended Complaint adequately alleged corrective disclosures on May 12, 2020 and July 19, 2020 under *Facebook* because, according to Plaintiffs, those dates were "followed by an immediate drop in LVS's stock price, which continued for at least one week or more." ECF No. 135 ¶ 6. Plaintiffs' argument fails because it mischaracterizes the stock price movements around the time of those dates, which are

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

publicly available and whose accuracy Plaintiffs do not and cannot dispute. As that publicly available information makes clear, LVS's stock price decreased only modestly after each of those dates, and then it promptly rebounded:

- May 12, 2020: After the disclosure on May 12, 2020, LVS's stock price closed at $45.96. Contrary to Plaintiffs' assertion, the stock price decline did not "continue[]" to decline after that. ECF No. 135 ¶ 6. Instead, the price rebounded to approximately the pre-disclosure level by May 18, 2020, and then continued to increase still further. *See* ECF No. 93-4 (MTD Ex. 30) at 4:

| | |
|---|---|
| 5/11/2020 | 48.50 |
| 5/12/2020 | 45.96 |
| 5/13/2020 | 44.42 |
| 5/14/2020 | 45.68 |
| 5/15/2020 | 44.76 |
| 5/18/2020 | 48.39 |
| 5/19/2020 | 48.25 |
| 5/20/2020 | 50.17 |

- July 19, 2020: On July 20, 2020, the trading day after the disclosure on Sunday, July 19, 2020, the stock price closed at $47.28. Contrary to Plaintiffs' assertion, the price did not "continue[]" to decline after that. ECF No. 135 ¶ 6. It instead ***increased***, rebounding the very next trading day. *See* ECF No. 93-4 (MTD Ex. 30) at 5:[1]

| | |
|---|---|
| 7/17/2020 | 48.69 |
| 7/20/2020 | 47.28 |
| 7/21/2020 | 48.00 |

The "quick and sustained price recovery" after each of these modest declines precludes Plaintiffs' reliance upon them to plead loss causation. *Wochos*, 985 F.3d at 1198; *see also Metzler*, 540 F.3d at 1065 (no loss causation where, three days later, "stock quickly recovered from the 10% drop").

_____

[1] Plaintiffs' Motion for Leave also refers, for the first time, to "mid-day" stock price movements. ECF No. 135 ¶ 6. Defendants do not dispute that publicly available mid-day stock price information is judicially noticeable. Such information further undermines loss causation. For example, intra-day stock price information shows that LVS's stock price traded at $48.98 during the day on July 21, 2020—above the $48.69 closing price before the July 19, 2020 disclosure, and further negating loss causation. *See* https://finance.yahoo.com/quote/LVS/history?p=LVS (cited in ECF No. 93-4).

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Plaintiffs' arguments about the two other alleged corrective disclosure dates referenced in their Motion for Leave are also meritless.[2]  In particular, their argument fails as to September 16, 2020 because LVS's stock price on that date undisputedly moved in tandem with its peers. *See* ECF No. 109 at 12; ECF No. 117 at 10-11. Their argument as to June 4, 2020 also fails because, as Plaintiffs concede (ECF No. 135 ¶ 6), LVS's stock price ***increased*** that day and, as *Facebook* confirms, disclosures that are "unaccompanied by a stock price drop" are "not actionable." 84 F.4th at 864.[3]

In sum, the stock price movements in *Facebook* bear no semblance to the movements at issue here. Facebook's stock price did not quickly rebound after either of the two dramatic drops in 2018, nor did either of the drops occur in tandem with Facebook's peers. Indeed, the stock price drops at issue in *Facebook* were nothing like the stock price movements here—Facebook's two stock price declines "total[ed] more than $200 billion in market capitalization," and one of them amounted to "the largest single-day stock price drop in U.S. history" at the time. *Facebook*, 84 F.4th at 865-66. There are no remotely similar stock price movements in this case.

Wholly unlike *Facebook*, the stock price movements in this case are simply not actionable under the clear holdings of *Wochos* and *Metzler*. Defendants respectfully submit that their Motion for Reconsideration should be granted.

---

[2] Plaintiffs' Motion for Leave confusingly references a "May 26, 2019 disclosure." ECF No. 135 ¶ 6. This is clearly an error as Plaintiffs have never alleged a May 26, 2019 corrective disclosure.

[3] Plaintiffs' Motion for Leave asserts, for the first time, that "distortions in the market of other simultaneous positive news concerning the re-opening of casinos released at the same time resulted in an overall price increase" on June 4, 2020. ECF No. 135 ¶ 6. Plaintiffs made no such allegation in the Second Amended Complaint, and it should be disregarded. Moreover, Plaintiffs provide no legal authority for the proposition that a stock price ***increase*** can constitute a ***loss*** for loss causation.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

Dated: December 4, 2023

SNELL & WILMER, L.L.P.

By: /s/ Patrick G. Byrne

    Patrick G. Byrne, Esq.
    Morgan Petrelli, Esq.
    3883 Howard Hughes Parkway, Ste. 1100
    Las Vegas, NV 89169

    Walter C. Carlson (*Pro Hac Vice*)
    Lawrence P. Fogel (*Pro Hac Vice*)
    Caroline A. Wong (*Pro Hac Vice*)
    SIDLEY AUSTIN LLP
    One South Dearborn Street
    Chicago, IL 60603

    *Attorneys for Defendants*

- 6 -

**CERTIFICATE OF SERVICE**

On December 4, 2023, I served the foregoing document on all parties appearing in this case when filing said document through the court's PACER system with automatic e-service on all persons who have registered for e-service on PACER for this case.


/s/ Lyndsey Luxford
An employee of Snell & Wilmer LLP